UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| V. | : |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL., | : CIVIL NO. H-85-1078(PCD) |
| DEFENDANTS. | : |

MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT

In this condemnation proceeding, perhaps the oldest case on the court's docket, the United States seeks leave to amend the complaint approximately 18 years after the filing of the original complaint. The reason for the amendment is to add a second parcel to be condemned. In the interest of judicial economy the United States seeks leave to file an amendment to the complaint in this action rather than filing a separate new action seeking the same relief. The lengthy procedural history of this condemnation case is due to the fact that the proceeding has become more about the petition for federal acknowledgment filed with the Department of the Interior, Bureau of Indian Affairs ("BIA") by the Schaghticoke Tribal Nation than the condemnation issues raised by the complaint.

The original complaint sought the condemnation of a parcel of 43.47 acres of land located northerly and adjacent to the Schaghticoke Tribal Reservation in Kent, Connecticut. See Proposed Amended Complaint, Schedule "C" Appalachian Scenic Trail, Segment

265, Parcel 265-23, attached hereto. The action was filed for the purpose of protecting the Appalachian Trial and to provide for its eventual relocation through the 43.47 acre parcel to be condemned. Following the customary procedures for filing such a condemnation action, the United States named as defendants any and all known claimants to the parcel including its current title owner of record the Preston Mountain Club, Inc. and the Schaghticoke Tribe of Indians which had previous litigation with the government asserting claims to land including the subject parcel. In response to the condemnation action the Schaghticoke Tribe of Indians filed responsive pleadings including an answer raising several affirmative defenses. Subsequent protracted litigation, with which this court is well familiar, including appeals to the United States Court of Appeals for the Second Circuit, resulted in a long period during which the condemnation action was stayed while the petition for federal acknowledgment by the Schaghticoke Tribe of Indians was completed, submitted and under consideration by the Bureau of Indian Affairs.

The defenses asserted by the Schaghticoke Tribe of Indians in the condemnation proceeding raised issues under the Indian Non-Intercourse Act of 1790, (now codified at 25 U.S.C. § 177) and this court determined that the standing of the Schaghticoke Tribe of Indians to raise these defenses depended on whether or not they were federally recognized. The court ordered the condemnation

action to be stayed while awaiting a decision by the Bureau of Indian Affairs on the pending petition. See Ruling and Order Granting Motion to Reopen Judgment, Docket Item #83, March 10, 1995.

In the course of the ensuing years the Schaghticoke Tribe of Indians changed its name to the Schaghticoke Tribal Nation ("STN") and proceeded to file several land claim suits claiming property adjacent both northerly and southerly to the existing Schaghticoke Reservation. See Schaghticoke Tribal Nation v. Kent School Corp., et al, Civil No. 3:98CV0113(PCD); Schaghticoke Tribal Nation v. Connecticut Light and Power, et al, Civil No. 3:00CV0820(PCD). The instant condemnation case and the above referenced land claim suits by STN became the subject of a comprehensive scheduling order by this court regarding the administrative tribal acknowledgment proceedings pending before the BIA. See Entry of Stipulated Order, Docket Item #170, May 9, 2001. ("Stipulated Order").

One of the provisions of the Stipulated Order is that all proceedings in these cases are stayed unless leave of court is granted. See Stipulated Order, paragraph (q). Although this condemnation action is also brought pursuant to Rule 71A, Federal Rules of Civil Procedure, relating to Condemnation of Property and subdivision (f) of that Rule allows the plaintiff to amend the Complaint at any time before the trial on the issue of compensation, the provisions paragraph (q) of the Stipulated Order

dictate that the plaintiff nevertheless seek leave of court. For the reasons that follow the plaintiff requests that the court grant leave to file the proposed amended complaint.

**ARGUMENT**

Generally, a plaintiff in federal court may amend a complaint even after an answer or other responsive pleading has been filed. Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course, prior to the filing of a responsive pleading, or thereafter, only by leave of the court or by the written consent of the opposing party. Leave to file the amended pleading must "be freely given when justice so requires." See also Lucente v. Int'l Business Machines Corp., 310 F.3d 243, 258 (2d. Cir. 2002); Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 283 (2d. Cir. 2000); Wells v. Harris, 185 F.R.D. 128, 131 (D.Conn. 1999). Leave to file an amended pleading will be denied, however, if the amended pleading will result in undue delay, bad faith, undue prejudice to the opposing party or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). See also Lucente, 310 F.3d 243, 258; Monahan, 214 F.3d 275, 283; Concerned Citizens of Belle Haven v. The Belle Haven Club, Civ. No. 3:99CV1467 (AHN), 2002 WL 32124959, *3 (D. Conn. 2002); Messier v. Southbury Training School, Civ. No. 3:94-CV-1706 (EBB), 1999 WL 20907, *3 (D.Conn. 1999).

The United States seeks leave of court to amend the complaint in this condemnation action and asserts that such leave should be freely given in the interests of justice. Rule 15(a), Fed.R.Civ.P., reflects two important principles behind the Federal Rules of Civil Procedure. First, "pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated." Monahan, 214 F.3d 275, 283 (citing Conley v. Gibson, 355 U.S. 41 47-48 (1957)). Second, allowing liberal amendments of pleadings ensures that claims will be determined on their merits, rather than on technicalities. Monahan, 214 F.3d at 283. See also Harris, 185 F.R.D. 128, 131; The Belle Haven Club, 2002 WL 32124959 at *3. When evaluating whether Rule 15(a) motions to amend should be granted, a district court must consider the following standard as set out by the Supreme Court in Foman:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rule requires, be freely given.

Foman, 371 U.S. at 182 (internal quotations omitted).

Although leave to amend a pleading should be "freely given," the discretion as to whether to allow an amendment rests with the district court. Id. See also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971); Oliver Schools, Inc.

5

v. Foley, 930 F.2d 248, 253 (2d. Cir. 1991); Messier, 1999 WL 20907 at *3.  The court's discretion is limited, however, in circumstances where there is bad faith, undue delay or dilatory motive on the part of the moving party, futility of the amended pleading, or where the granting of the motion to amend would result in undue prejudice to the opposing party.  Hume v. Hertz Corp., 628 F.Supp. 763, 764 (D.Conn. 1986).  The United States does not seek to amend the complaint in order to cure a defect but rather to add a second parcel to the condemnation proceeding.  No new causes of action or legal theories are presented.

The first circumstance in which the court's discretion is limited is where there has been undue delay in filing a motion to amend pursuant to Rule 15(a).  See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d. Cir. 1990); Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wassau, 786 F.2d 101, 103 (2d. Cir. 1986); Messier, 1999 WL 20907 at *3.  Where a considerable amount of time has passed between the filing of the complaint and the filing of the motion to amend, the moving party bears the burden of providing a satisfactory explanation for the delay.  See Evans v. Syracuse City School District, 704 F.2d 44, 46-48 (2d. Cir. 1983); Messier, 1999 WL 20907 at *3.  Mere delay, absent a showing of bad faith or undue prejudice, however, does not provide a basis for which leave to amend will be denied.  Block v. First Blood Assoc., 988 F.2d 344, 350 (2d. Cir. 1993).  See also State Teachers Retirement Bd.

6

v. Fluor Corp., 654 F.2d 843, 856 (2d. Cir. 1981).

While the period between the filing of the original complaint and this motion to amend the complaint is unusually long, it was necessitated by other developments in the case. The initial issues in this condemnation case were related to the standing of the STN to raise certain defenses. Motion practice and appeals on that issue consumed almost 10 years. An informal stay was in place for several years while the STN pursued its petition for federal acknowledgment.

Eventually, a formal stay of proceedings was entered by the court, see Ruling and Order Granting Motion to Reopen Judgment, Docket Item # 83, March 10, 1995, which was extended several times. See Endorsement Granting Motion [Docket Item 95-1] to Stay, May 23, 1997 and Ruling, Docket Item # 128, March 31, 1999. The court terminated the stay, after five years, on September 12, 2000. Ruling Granting Motion to Terminate Stay, Docket Item #158, September 12, 2000. Finally, a negotiated scheduling order was entered by the court (see Endorsement Granting Motion for Entry of a Stipulated Order, May 9, 2001.) and administrative proceedings before the BIA have been ongoing in accordance with that schedule, as amended, for the past two and a half years. Now, as that process nears completion (a Final Decision is due on or before January 29, 2004) leave to file an amended complaint is being sought in an effort to supplement the record on what was already at

issue in the original condemnation proceeding. The original complaint sought condemnation of a parcel of 43.47 acres of land in order to provide for the protection and relocation of the Appalachian Trail. The amended complaint seeks to condemn an adjacent parcel of 83.52 acres to allow greater flexibility in making the relocation determination. None of the issues relating to the validity of the "taking" in the condemnation proceeding have been litigated or even been subject to discovery. All of those issues have been held in abeyance pending the outcome of the administrative proceedings relating to tribal recognition of defendant STN.

Another factor which a district court may consider on a motion to amend a pleading is whether granting the motion would result in undue prejudice to the opposing party. Block, 988 F.2d 344, 350. See also Hume, 628 F.Supp. 763, 764; Messier, 1999 WL 20907 at *3. In determining what constitutes undue prejudice, the court must consider whether the amended pleading would: (1) require the opposing party to expend significant additional time and expense to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. Block, 988 F.2d 344, 350. None of the above factors are implicated by the requested amendment. This is not a case where the plaintiff is attempting to cure defects in the original complaint after a motion

to dismiss, or where plaintiff has failed to do so after several attempts.  See Hall v. United Technologies, 872 F.Supp. 1094, 1102 (D.Conn. 1995).  The amendment to add an additional parcel will not require any additional discovery or time to prepare for trial.  The legal defenses raised by STN to the condemnation of the original parcel may simply be asserted as defenses to the second parcel as well.  All proceedings to date have been focused on the tribal recognition issues.  Preparation for trial on the condemnation and compensation issues has not even begun while awaiting the issuance of a Final Decision by the BIA.  Even after the Final Decision is issued, the parties may be unable to turn their collective attention to the condemnation issues.

There are likely to be appeals taken from the Final Decision, one way or the other, either to the Interior Board of Indian Appeals, ("IBIA") pursuant to the regulations at 25 C.F.R. § 83.11, or to the District Court pursuant to the Administrative Procedures Act, 5 U.S.C. § 706, or to both, which could take several years to complete.  Although the entire condemnation case has been and may continue to be delayed by the tribal acknowledgment proceedings, it is not the filing of amended complaint that is going to delay the ultimate resolution of the case.

The final circumstance under which a court will deny a motion to amend is where it would be futile.  Lucente, 310 F.3d 243, 258.  See also Dougherty v. North Hempstead Bd. Of Zoning Appeals, 282

F.3d 83, 87-88 (2d. Cir. 2002). Where the granting of leave to amend is unlikely to be productive, denial of such leave will not be an abuse of discretion. Lucente, 310 F.3d at 258. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty, 282 F.3d 83, 88.

The proposed amendment would not be futile since it would withstand a motion to dismiss to the same extent the original condemnation complaint has survived throughout the long history of this case. It is anticipated and expected that the Answer and Defenses of the Schaghticoke Tribal Nation to the original complaint will be the same to the amended complaint.

## CONCLUSION

In conclusion, plaintiff's request seeking leave to amend the complaint rests with the discretion of the court. In exercising such discretion, the court must consider whether there is bad faith, undue delay or dilatory motive on the part of the moving party, futility of the amended pleading, or where the granting of the motion to amend would result in undue prejudice to the opposing party. None of those factors exist here and the amendment should be allowed.

If the Motion to Amend is granted the Amended Complaint (a proposed copy of which is attached) will be filed and the

appropriate Notice of Lis Pendens and Notice of Condemnation will be filed and published in accord with Rule 71A, Fed. R. Civ. P.

          Respectfully submitted,

          JOHN H. DURHAM
          ACTING UNITED STATES ATTORNEY


          JOHN B. HUGHES
          ASSISTANT U.S. ATTORNEY
          FED BAR NO. CT05289
          157 CHURCH STREET
          NEW HAVEN, CT 06510
          (203)821-3700

## CERTIFICATION

This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, this     day of January, 2004 to:

Schaghticoke Tribal Nation

Eric Wiechmann, Esq.
McCarter and English
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495

Thomas W. VanLenten, Esq.
Pinney, Payne, VanLenten, Burrell, Wolfe & Dillman, PC
83 Wooster Heights
P.O. Box 3499
Danbury, CT 06810-3499

Jerry Strauss, Esq.
Hobbs, Strauss, Dean & Walker
2120 L Street, NW
Washington, D.C. 20037

<u>Preston Mountain Club</u>

James R. Fogarty, Esq.
Lee C. Selby, Esq.
Fogarty, Cohen, Shelby & Nemiroff
88 Field Point Road
P.O. Box 2508
Greenwich, CT 06386-2508

<u>Kent School</u>

David J. Elliott, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Don Baur, Esq.
Perkins Coie
607 Fourteenth Street, NW
Washington, D.C.  20005-2011

<u>Connecticut Light & Power</u>

Richard Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721

<u>Town of Kent</u>

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

<u>Loretta E. Bonos, Admin.</u>

Loretta E. Bonos
594 Bendview Drive
Charleston, WV 25314-1547

Robert A. Slavitt, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, CT 06850

<u>Barbara Bush</u>

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

<u>State of Connecticut</u>

Susan Quinn Cobb, Esq.
Mark Kohler, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT 06141

<u>Department of the Justice</u>

James Upton
General Litigation Section
Environmental & Natural resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20004-0663

<u>Department of the Interior</u>

Barbara Coen, Esq.
Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW - Mailstop 6456
Washington, DC 20240


<u>Schaghticoke Indian Tribe</u>
Michael J. Burns, Esq.
Law Offices of Michael J. Burns
57 Pratt Street
Hartford, CT 06106


                                        JOHN B. HUGHES
                                        ASSISTANT U.S. ATTORNEY
                                        U.S. ATTORNEY'S OFFICE
                                        FED. BAR NO. CT05289
                                        157 CHURCH STREET

```
                                        NEW HAVEN, CT 06510
```