```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,            : CIVIL ACTION NO.
          Plaintiff                  : H-85-1078(PCD)
                                     :
     v.                              :
                                     :
43.47 ACRES OF LAND, MORE OR LESS,   :
SITUATED IN THE COUNTY OF LITCHFIELD,:
TOWN OF KENT, ET AL                  :
          Defendants                 :
                                     :
_____

SCHAGHTICOKE TRIBAL NATION           : CIVIL ACTION NO.
          Plaintiff                  : 3-98-CV01113(PJD)
                                     :
     v.                              :
                                     :
KENT SCHOOL CORPORATION, INC.; ET AL.:
          Defendants                 :
                                     :
_____

SCHAGHTICOKE TRIBAL NATION           : CIVIL ACTION NO.
          Plaintiff                  : 3-00-CV-00820 (PJD)
                                     :
     v.                              :
                                     :
UNITED STATES OF AMERICA AND THE     :
CONNECTICUT LIGHT AND POWER COMPANY  :
          Defendants                 : March 9, 2005
                                     :
_____
```

**MEMORANDUM IN OPPOSITION TO SCHAGHTICOKE TRIBAL NATION'S
MOTION FOR PERMISSION TO CONDUCT LIMITED DISCOVERY**

On May 8, 2001, this court entered an order by stipulation of the parties and the State of Connecticut, as *amicus curiae*, to

Oral Argument is Not Requested

"permit, and establish a framework for, the Determination by the Department of the Interior ("DOI") on the petition for tribal acknowledgement by the Schaghticoke Tribal Nation."  Order, page 1.  The order applied to the parties, the United States and the State of Connecticut as am*icus curiae.*  Order, page 1.  The order, however, does not apply to any persons or entities that are not parties or *amici* to these proceedings.

Paragraph l of the Order (as amended by Ruling on Motion to Amend Scheduling Order, dated June 14, 2004) provides in relevant part:

> No non-federal party or *amici* shall communicate or meet with any officials in the immediate office of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without two business days prior notification to the other parties.

Paragraph m of the Order also provides for limited discovery.  The sole purpose for discovery was to permit the parties to develop information "relevant to the issue of tribal acknowledgment of the petitioner [Plaintiff]".  Such discovery was to be completed not later than December 1, 2001.

By Motion dated February 17, 2005, the Schaghticoke Tribal Nation requests the court to modify the scheduling order to permit it, *inter alia*, to conduct discovery to determine whether any party or *amici* has contacted officials of the Department of

the Interior in violation of Paragraph 1 of the Order, as amended.  The Town of Kent objects to the Plaintiff's motion.

The Plaintiff's motion is premised on the Plaintiff's speculations, based on newspaper articles and adverse procedural events, that one or more of the parties or *amici* may have violated the court order.  The Plaintiff is specifically concerned because a non-party known as Town Action to Save Kent ("TASK") has recently announced that it has hired a lobbying firm to advocate its interests in Washington.

The lobbying firm, Barbour, Griffith and Rogers, has registered as a lobbyist for TASK pursuant to the Federal Lobbying Disclosure Act, 2 U.S.C. §1603 et seq.  See 2 U.S.C. §1603.  By virtue of that Act, the firm is required to file semi-annual lobbying reports that will disclose each Federal agency that it contacts on behalf of TASK.  See 2 U.S.C. §1604.  The initial semi-annual report will not be due for several months.  The Plaintiff, however, identifies no evidence of any contact by TASK or its lobbying firm with the Department of the Interior.  Nor does the Plaintiff identify any evidence to demonstrate that Barbour, Griffith and Rogers is working as a lobbyist for any party or *amici* to this proceeding.  Attached hereto as Exhibit 1 is an affidavit from Kenneth F. Cooper, President of TASK,

evidencing that he is not aware of any communications by TASK or its lobbying firm with officials in the immediate offices of the Secretary or Assistant Secretary of the Department of the Interior or with the Deputy Commissioner of Indian Affairs with respect to the Schaghticoke Tribal Nation's petition for tribal recognition.

Nor is the Plaintiff's motion based on any evidence that the Town of Kent or any other party or *amici* has had any prohibited contacts with officials of the Department of the Interior. Rather, the motion is based primarily on the public announcement by TASK, a non-party, that it had hired the lobbying firm to represent TASK's interests in matters concerning tribal recognition. That announcement was made at a meeting held by TASK on or about January 28, 2005. Members of the Town's Board of Selectmen and others were invited guests at that meeting. See Exhibit D, page 1, attached to Plaintiff's Motion. In Exhibit D, the meeting is described as "a coming out party". Attendance at a "coming out party" or a "meet and greet" affair, however, hardly qualifies as sufficient evidence to support an inference that the Town of Kent or the other parties and *amici* have violated the provisions of Paragraph 1 of this court's order.

The Plaintiff falsely implies that TASK is an organization

run by Town of Kent officials. The Plaintiff, however, has submitted no credible evidence to suggest that the Town of Kent, as a municipal corporation and party to these proceedings, has directed the affairs of TASK, has contributed public funds to support TASK, has encouraged TASK to hire a lobbyist or has arranged for that lobbyist to contact the Department of the Interior on the Town of Kent's behalf. The news article cited by Plaintiff as authority for its claim of Town control of TASK actually belies its assertion. In Exhibit D, page 5, the First Selectman of the Town of Kent is quoted as stating: "But it is clear from the beginning that they (TASK) were a special interest group and not an organization of government."

The affidavit of Dolores R. Schiesel, First Selectman of the Town of Kent, it attached hereto as Exhibit 2. Ms. Schiesel's sworn statement evidences that the Town of Kent is not associated with TASK in any way and that TASK is not a "front" through which the Town has "surreptitiously" violated the court's order.

At best, the Plaintiff has established that one of the Town's selectmen, acting individually and in an unofficial capacity, has exercised her First Amendment right of association by becoming a member of TASK, a membership that she has since resigned. Plaintiff's Motion, Exhibit D, pages 4-5. The

decision of an individual selectman to associate with other individuals to address concerns regarding the federal recognition process or the Plaintiff's recognition decision is not, however, the decision or action of the Town of Kent. The Town, as a municipal corporation, does not act informally or by implication through the associations and memberships of its elected representatives with other organizations, particularly when those organizations have no role in Town government. Instead, a Town acts through the formal decisions of its elected and appointed officials made while acting within the scope of their official authority and capacity as Town officials. See <u>Red Maple Properties v. Zoning Commission</u>, 222 Conn. 730, 742, 744 (1992).

The Plaintiff argues that another non-party, Housatonic Valley Coalition, has hired the firm of Perkins Coie as a lobbying firm. The Town of Kent is not a member of the Housatonic Valley Coalition. See Affidavit of Delores R. Schiesel, attached hereto as Exhibit 2.

Why the Plaintiff has raised the relationship of Housatonic Valley Coalition and Perkins Coie is unclear since the Plaintiff does not seek discovery relating to the activities of these non-parties. Unlike TASK, the Plaintiff does not claim that the Housatonic Valley Coalition is a "front" by which the parties or

*amici* have "surreptitiously" lobbied the Department of the Interior.

Nevertheless, the Plaintiff implies that the Housatonic Valley Coalition has some sort of prohibited relationship with the parties and *amicus* by citing to the fact that the Housatonic Valley Coalition joined in the Request for Reconsideration filed by the State of Connecticut, the Town of Kent, the Kent School Corporation, Connecticut Light & Power Company and other non-parties.  The mere fact that the Housatonic Valley Coalition joined in the filing of the Request for Reconsideration, however, is probative of nothing more than that the parties and *amici* complied with their stipulation to the effect that the "[p]arties and amici contemplating the filing of requests for reconsideration shall attempt, in good faith, to consolidate their respective grounds for reconsideration, so as to minimize duplication."  Report and Joint Motion on Consent to Amend Scheduling Order, filed on or about February 27, 2004, page 4, paragraph 1.

The Plaintiff also argues that discovery is necessary to determine whether the parties or *amici* have violated the court order because three (3) members of the Connecticut Congressional delegation have recently communicated with the Chief

Administrative Judge of the Internal Board of Indian Appeals concerning the requests for reconsideration[1] now pending before that body.  The Plaintiff speculates 1) that this communication is a result of TASK's lobbying activities with the Congressional delegation; and 2) that such lobbing activities were undertaken for the benefit of, or at the direction of the parties and *amici*.

The court order, however, is not violated simply because the parties or *amici* contact the Congressional representatives to complain about the recognition process or the recognition decision.  Nor is it violated if persons or parties that are not subject to the order also contact their elected representatives.  The First Amendment to the United States Constitution expressly allows the parties to "petition the government for a redress of grievances".  According to Exhibit D attached to Plaintiff's motion, this is the very reason given by TASK for engaging the lobbying firm of which the Plaintiff complains.  Exhibit D, pages 1-2.

Moreover, the Plaintiff's complaint that the Congressmen's letter constitutes a "highly prejudicial ex-parte communication to which it is unable to respond" has been resolved.  By order

---

[1] There are five (5) docketed requests for reconsideration of the Schaghticoke Tribal Nation's Final Determination now pending before the Interior Board of Indian Appeals.

dated February 22, 2005, attached hereto as Exhibit 3, the Interior Board of Indian Appeals has expressly allowed the Plaintiff and other parties to respond to the matters addressed in the Congressional letter.

The Plaintiiff also asserts that discovery of the parties' involvement in TASK and of TASK's lobbying efforts at the Department of the Interior is necessary because on December 2, 2004, the Office of the Solicitor, acting as counsel to the Department of Interior's Division of Indian Affairs, filed a Supplemental Transmittal Under 25 C.F.R §83.11(e)(8).  See Plaintiff's Motion, Exhibit G.  That filing conceded error in the Final Determination and stated that the Final Determination analysis under 25 C.F.R. §83.7(b)(2)(ii) and the carry over provision 25 C.F.R. §83.7(c)(3) should not be affirmed "absent explanation or new evidence."  Exhibit G, page 3.

The Plaintiff characterizes the Supplemental Transmittal Under 25 C.F.R §83.11(e)(8) as an "inexplicable Technical Assistance memorandum" and implies that the filing was responsive to unauthorized contacts by the parties or the *amici* with the Department of the Interior.

The filing, however, was directly responsive to a significant issue raised in the Request for Reconsideration filed

9

by the Town of Kent, the State of Connecticut, the Kent School Corporation, the Connecticut Light & Power Company and others. Those parties asserted that the Acting Assistant Secretary acted illegally, in direct violation of the acknowledgment regulations and without regard to prior precedent in reaching the Final Determination to recognize the Plaintiff as an Indian tribe. Specifically the reconsideration parties claimed that the Acting Assistant Secretary applied 25 C.F.R. §83.7(b)(2)(ii) and 25 C.F.R. § 83.7(c)(3) in an illegal manner by substituting an "endogamy rate" analysis for a "marriage rate" analysis that is required by those regulations.  The reconsideration parties also claimed that prior precedent, specifically *Jena Band of Choctaw Indians* (1994), supported their interpretation of 25 C.F.R. §83.7(b)(2)(ii).

The Supplemental Technical Assistance expressly states that it is filed to provide the Interior Board of Indian Appeals with technical assistance on this specific issue.

> In light of issues raised in the requests for reconsideration concerning precedent, the OFA now supplements that [prior technical assistance] transmittal to identify those acknowledgment decisions in the ADC that relied on or discussed 83.7(b)(2)(ii) and the carryover provisions of 83.7(c)(3).

Plaintiff's Motion, Exhibit G, pages 1-2.

One of the difficulties in dealing with the Bureau of Indian

Affairs is that there exists no available or accessible record of prior decisions and precedents. In apparent recognition of this deficiency, when the Bureau returned the administrative record to the Interior Board of Indian Appeals, it submitted to that Board (but not to the parties) an "Acknowledgment Decisions Compilation". Apparently this is a computer disk containing decisions and documents relating to prior acknowledgment decisions[2]. See Plaintiff's Motion, Exhibit G, page 1. The Acknowledgment Decisions Compilation, however, does not contain a "finding aid to the previous acknowledgement decisions and one cannot search by topic easily within the decisions of the ADC". Exhibit G, page 2. It was at least partly for this reason that the Supplemental Technical Assistance was filed. Exhibit G, pages 1-2.

The Acting Assistant Secretary's flawed analysis of the marriage rate issue, however, was apparently so serious a violation of the regulations and so serious a departure from prior precedent, that the Office of Federal Acknowledgment of the Bureau of Indian Affairs also conceded that the marriage rate

---

[2] As of July 16, 2004, Indianz.com, a non-government website, has created a link to the decisions contained on the Acknowledgment Decisions Compilation at http://64.62.196.98/News/2004/003428.asp

analysis should not be affirmed. Exhibit G, pages 3.

There is no basis for the Plaintiff's suggestion that the parties or the *amici* were responsible for inducing the Office of the Solicitor to file the Supplemental Technical Assistance. The Department of the Interior is itself a party to these proceedings and is subject to the court's order. Simply because the Supplemental Technical Assistance was filed by the Office of the Solicitor in response to an issue raised by the Request for Reconsideration is no grounds for allowing depositions and other discovery relative to the unsupported allegations concerning the involvement of the parties and *amici* in TASK and its purported lobbying efforts at the Department of the Interior

Finally, the Defendant notes that under Rule 26(b) of the Federal Rules of Civil Procedure, discovery is limited to matters that are relevant to the claims or defenses of the parties. The Plaintiff's proposed discovery has nothing to do with any of the claims or defenses asserted in this litigation. Rather, the Plaintiff seeks discovery for no other reason that to inconvenience, annoy and harass the parties and *amici* and to intimidate those non-parties who have dared to organize themselves in TASK to voice their concerns with the tribal recognition process and with the Plaintiff's favorable

12

acknowledgement decision.  The Plaintiff's Motion should be denied.

>                             RESPECTFULLY SUBMITTED,
>                             TOWN OF KENT
>
>                     By <u>s/Jeffrey B. Sienkiewicz</u>
>                        Jeffrey B. Sienkiewicz
>                        Fed. Bar No. CT 06371
>                        Sienkiewicz & McKenna, P.C.
>                        9 South Main St., P.O. Box 786
>                        New Milford, CT 06776
>                        Tel.(860)354-1583

MCH-C\Kent\Schaghticoke\04025-915K7B

CERTIFICATION

This is to certify that on March 9, 2005, a copy of the foregoing was sent via First Class United States Mail, postage prepaid, to:

Eric Watt Wiechmann, Esq.
Salvatore N. Fornaciari, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

David J. Elliott, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

James R. Fogarty, Esq.
Leland C. Selby, Esq.
Fogarty, Cohen, Selby & Neimeroff, LLC
88 Field Point Road
P. O. Box 2508
Greenwich, CT  06836-2508

Richard L. Street, Esq.
Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT  06721-1110

Mark S. Kohler, Esq.
Susan Quinn Cobb, Esq.
Office of the Attorney General
55 Elm Street,
P. O. Box 120
Hartford, CT  06161

Updike, Kelly & Spellacy. P.C.
One State Thomas A. Gugliotti, Esq.
Street

Hartford, CT   06123

David N. Sloan, Esq.
118-21 Queens Boulevard
Forest Hills, NY   11375


John B. Hughes, Esq.
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street
P. O. Box 1824
New Haven, CT   06510

Robert A. Slavitt, Esq.
Slavitt, Connery & Vardamis
618 West Avenue,
Norwalk, CT   06850

Michael J. Burns, Esq.
57 Pratt Street #604
Hartford, CT   06103

Renita Ford, Esq.
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, CT   20004-0663

s/ Jeffrey B. Sienkiewicz
Jeffrey B. Sienkiewicz

HG-C:\ Kent\Schaghticoke\Plead\94025-915K7C