# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. H-85-1078(PCD) |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, et al, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-98-CV 01113 (PCD) |
| v. | ) | |
| | ) | |
| KENT SCHOOL CORPORATION, INC., et al | ) ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-00-CV 0820 (PCD) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA AND THE CONNECTICUT LIGHT AND POWER COMPANY, et al | ) ) ) | |
| Defendants. | ) | June ___, 2005 |

## [PROPOSED] AMENDED ORDER

The Stipulated Scheduling Order entered by the Court on May 8, 2001, as subsequently amended, is hereby amended to redesignate paragraph (j) as paragraph (j)(1) and add paragraph (j)(2), which shall read as follows:

(j)(2)  The IBIA issued a decision on May 12, 2005, to vacate and remand to the Assistant Secretary-Indian Affairs the Final Determination to acknowledge petitioner as an Indian Tribe under Federal law.  The remand of the Final Determination shall be governed by this Order.  The BIA will hold technical assistance meetings with the petitioner or any other party who requests such a meeting by July 15, 2005 to explain the OFA Supplemental Transmittal, dated December 2, 2004 and its effect upon criterion (c) of § 83.7(c) of the acknowledgment regulations.  Within 30 days of this  technical assistance meeting, the Schaghticoke Tribal Nation shall submit all comments, information, documents, analysis or argument concerning the matters raised by the technical assistance meeting and distribute such submission to parties and amici as provided by this order.  Within 30 days of the Schaghticoke Tribal Nation's submission all parties and amici shall submit all comments, information, documents, analysis or argument concerning the matters raised by the Schaghticoke Tribal Nation submission.  The Schaghticoke Tribal Nation shall have 30 days to respond to comments, information, documents, analysis or argument submitted by parties and amici.  Within 120 days of the technical assistance meeting, the Assistant Secretary  shall issue its reconsidered Final Determination.

The balance of the Order, as previously amended, shall remain in effect

SO ORDERED.

Dated at New Haven, Connecticut, June _____, 2005.

_____
Peter C. Dorsey
Senior United States District Judge.

HARTFORD: 641841.01

-2-

# EXHIBIT H



# United States Department of the Interior

**OFFICE OF THE SECRETARY**
Washington, D.C. 20240

**1 0 JAN 2005**

Mr. Richard L. Velky
P.O. Box 893
Kent, Connecticut 06757

Dear Mr. Velky:

Thank you for your faxed letter of January 3, 2005, on behalf of the Schaghticoke Tribal Nation (STN) requesting technical assistance (TA) concerning the analysis of Schaghticoke marriage rates in the STN Final Determination (FD).

The requests of third parties for reconsideration of the STN FD are now before the Interior Board of Indian Appeals (IBIA), and the STN has submitted its response to those requests. We believe the IBIA is the appropriate forum at this stage to address the issues that have been raised concerning the FD. The IBIA may at its discretion request comment or TA from the Assistant Secretary concerning the marriage analysis or any other part of the FD (25 CFR 83.11(e)(3)).

The acknowledgment regulations do not provide for TA directly to petitioners or third parties concerning a FD after requests for reconsideration have been accepted by the IBIA. We do not believe that it is appropriate to provide such TA at this point in the administrative process. Therefore, we decline your request for TA on issues pending before the IBIA.

We note that the IBIA in making its decision may refer any of the questions raised by the parties in their filings back to the Department either as part of a remand to the Assistant Secretary (83.11(e)(10), 83.11(f)(1)) or by sending them to the Secretary (83.11(f)(2)). In the latter instance, the Secretary has the discretion to ask the Assistant Secretary to reconsider the FD on those grounds.

Sincerely,

Director, Office of Federal Acknowledgment

cc:    Schaghticoke Litigation Parties w/incoming

# EXHIBIT I

RECEIVED

UNITED STATES DEPARTMENT OF THE INTERIOR FEB 28 2005

OFFICE OF HEARINGS AND APPEALS McCarter & English

| | | |
|---|---|---|
| IN RE FEDERAL ACKNOWLEDGMENT | : | OFA Response to STN Motion |
| OF THE SCHAGHTICOKE | : | for Clarification |
| TRIBAL NATION | : | |
| | : | Docket Nos.   IBIA 04-83-A |
| | : | IBIA 04-94-A |
| | : | IBIA 04-95-A |
| | : | IBIA 04-96-A |
| | : | IBIA 04-97-A |
| _____ | : | Date: February 24, 2005 |

By Order dated February 8, 2005, this Board permitted responses to the Schaghticoke

Tribal Nation's (STN) "Motion for Clarification of Supplemental Technical Assistance

Transmittal" (Motion). That Motion requests the Board to call upon the Office of Federal

Acknowledgment (OFA) to "provide Technical Assistance to the Board, the STN and Interested

Parties to explain its analysis of Schaghticoke marriage patterns" "modeled on a formal

Technical Assistance meeting conducted pursuant to 25 C.F.R. § 83.10(j)(2)." Motion at 1, 6.

The acknowledgment regulations provide that the Interior Board of Indian Appeals has

the authority to review all requests for reconsideration that are timely and that allege any of four

enumerated grounds in 25 C.F.R. § 83.11 (d)(1-4). The regulations provide further that the

Board may establish such procedures as it deems appropriate to provide a full and fair evaluation

of the request for reconsideration, § 83.11(e)(2), including requesting, at its discretion,

"comments or technical assistance from the Assistant Secretary concerning the final

determination" or the record used for the determination. § 83.11(e)(3). Such technical assistance

is to assist the Board in its ultimate determination of whether or not the petitioner or interested

party requesting reconsideration has established "by a preponderance of the evidence, at least one

of the grounds" in § 83.11(d)(1-4).  25 C.F.R. §§ 83.11(e)(2), (e)(9), and (e)(10).  *See*

§ 83.11(e)(4) providing for a hearing "to resolve a genuine issue of material fact or to otherwise

augment the record before it concerning the grounds for reconsideration."  This technical

assistance is for the benefit of the *Board* in making its determination to affirm or vacate the final

determination.  The intent of these provisions thus contrasts with the technical assistance

provided under §§ 83.10 (j)(1) and (j)(2) prior to the issuance of the final determination, which is

intended to assist petitioners and interested parties.

The OFA believes that technical assistance requested in the STN motion for clarification

goes beyond the scope of the regulations in two respects.  The first respect is when STN suggests

that the petitioner and interested parties, *as well as* the Board, need technical assistance.  Motion

at 1, 2, 5.  Second, the requested technical assistance goes beyond the scope of the regulations

when the technical assistance sought is on events *post*-final determination, or on an analysis *not*

done for the final determination.  For instance, STN seeks technical assistance on "what OFA . . .

is doing, or proposes to do with respect to the analysis" (Motion at 2) and on "any reassessment

in light of a changed method of calculation." Motion at 5.  Such topics do not appear directed to

assist the Board in determining whether a preponderance of the evidence establishes any of the

enumerated four grounds for reconsideration of the final determination, which is the purpose of

the pending proceedings.  Rather, these topics appear to more appropriately belong in a

reconsidered final determination *if* the Board finds that any of the grounds for reconsideration is

demonstrated by a preponderance of the evidence, § 83.11(e)(10), or *if,* following a referral by

the Board, the Secretary requests reconsideration. § 83.11(f).[1]

The OFA disagrees "that the Supplemental Transmittal . . . fails to clarify the agency's

interpretation of the 83.7(b)(2)(ii), which is not possible to determine from the decisions cited."

Motion at 3. Footnote 3 in the December 2, 2004, Supplemental Technical Assistance

Transmittal provides that "previous acknowledgment decisions interpret § 83.7(b)(2)(ii) to

require that 50% of the *marriages* are between members of the group. In contrast, the Summary

on STN inadvertently relied on the number of *members* of the group . . . which results in a higher

count." That footnote also specifies the pertinent pages in prior precedent.

The STN Motion also argues that "OFA neglects its duty to 'designate and transmit' the

'critical documents central' to the issue." Motion at 2. The bulk of the administrative record

was transmitted to the Board on July 21, 2004. In addition, page 7 of the Transmittal designates

the pages in the proposed finding and final determination where "*Marriage Rates and Residency*

*Rates in the 19th Century: Community and Political Influence*" and the evidence were discussed.

That Transmittal also provided general instructions on how to search for additional pertinent

information within the FAIR database system.

---

[1] The STN argues that the agency has deprived STN and others of the opportunity to comment. Motion at 4. We disagree. At this point in the proceedings, this Board may still allow comment pursuant to § 83.11(e). Further, the regulations in § 83.11(f)(4) provide for comment if a final determination is affirmed and matters outside the IBIA jurisdiction are referred to the Secretary. Moreover, the regulations in § 83.11(g) do not specifically provide for, but do not preclude, comment if the Board vacates a final determination and remands it to the Assistant Secretary for further work and reconsideration under § 83.11(e)(10).

CONCLUSION

The regulations provide for technical assistance to the Board if the Board needs such assistance to evaluate the pending requests for reconsideration of the final determination. The OFA will provide any such technical assistance that the Board may request.

Dated: February 24, 2005

Respectfully submitted,

Barbara N. Coen, Esq.
Division of Indian Affairs, MS 6456
Office of the Solicitor
1849 C. Street N.W.
Washington, D.C. 20240

4

UNITED STATES DEPARTMENT OF THE INTERIOR
OFFICE OF HEARINGS AND APPEALS

IN RE FEDERAL ACKNOWLEDGMENT :    Certificate of Service
    OF THE SCHAGHTICOKE      :     Docket Nos.   IBIA 04-83-A,
    TRIBAL NATION           :     IBIA 04-94-A, IBIA 04-95-A,
                          :     IBIA 04-96-A, IBIA 04-97-A
                          :
————————————————————:    Date: February 24, 2005

        I certify that on February 24, 2005, I mailed a copy of the "OFA Response to STN Motion for Clarification" to:

Philip G. Smith, Esq.
Smith and McGuire
for the Coggswell Group
413 Georgia Street
P.O. Box 486
Louisiana, MO  63353

William Kupinse, Jr.
Town of Easton
225 Center Road
P.O. Box 61
Easton, CT  06612

Eric Weichman, Esq.
McCarter English
Cummings and Lockwood
for Petitioner, Schaghticoke Tribal Nation
City Place I
185 Asylum Street
Hartford, CT  06103-3495

Aamina Almad, Esq.
for Town of Greenwich
101 Field Point Road
P.O. Box 2540
Greenwich, CT  06836

Susan Quinn Cobb, Esq.
Mark Kohler
State of Connecticut
Office of the Attorney General
55 Elm Street
Hartford, CT  06141

Jonathan Chew, Executive Director
Housatonic Valley Council of Elected
    Officials
Old Town Hall, Routes 25 & 133
Brookfield, CT  06804

Alice Hutchinson, First Selectman
Town of Bethel
Bethel Municipal Center
1 School Street
Bethel, CT  06801

Jeffrey Sienkiewicz, Esq.
Sienkiewicz & McKenna, P.C.
For the Town of Kent
9 South Main Street, P.O. Box 786
New Milford, CT 06776

Perley H. Grimes, Jr., Esq.
Cramer and Anderson
for Town of Cornwall
46 West Street
Litchfield, CT  06759-0278

David J. Elliott, Esq.
Day, Berry & Howard
For Kent School
City Place I
Hartford, CT 06103-3499

Mark D. Boughton, Mayor
City of Danbury
155 Deer Hill Avenue
Danbury, CT  06810

Peggy Katkocin, First Selectman
Town of New Fairfield
Town Hall
4 Brush Hill Road
New Fairfield, CT 06812

Christopher J. Jarboe, Esq.
Lovejoy and Rimer, P.C.
For Town of New Canaan
65 East Avenue
P.O. Box 390
Norwalk, CT 06852-0390

D. Randall DiBella, Esq.
Cramer & Anderson
For the Town of Sherman
51 Main Street
New Milford, CT. 06776

Alex Knopp
City of Norwalk
125 East Avenue, P.O. Box 798
Norwalk, CT 06851

James R. Fogarty, Esq.
Leland C. Selby
Fogarty, Cohen, Selby & Nemiroff, LLC
for Preston Mountain Club
88 Field Point Road
P.O. Box 2508
Greenwich, CT 06386-2508

Michael J. Burns, Esq.
for Mr. Alan Russell, et. al.
Schaghticoke Indian Tribe group
57 Pratt Street, Suite 604
Hartford, CT 06103

Patricia C. Sullivan
Associate Town Counsel
Town of Weston and the Town of Wilson
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06604

Mr. Robert A. Slavitt
Slavitt, Connery and Vardamis
for Loretta Bonos
618 West Avenue
Norwalk, CT 06850

Assistant Secretary- Indian Affairs
Attn: Office of Federal Acknowledgment
MS 4660-MIB
U.S. Department of the Interior
1849 C Street, NW
Washington, DC 20240

February 24, 2005

D. Randall DiBella, Esq.
Cramer & Anderson
for the Town of New Milford
51 Main Street
New Milford, CT. 06776

Herbert C. Rosenthal, First Selectman
Town of Newtown
Town Hall
45 Main Street
Newtown, CT 06470

Rudy Marconi, First Selectman
Town of Ridgefield
Town Hall, 400 Main Street
Ridgefield, CT 06877

Benjamin Barnes
Town of Stamford
888 Washington Boulevard
P.O. Box 10152
Stamford, CT 06904-2152

Diane Farrell
Office of the Town Attorney
Town of Westport
Town Hall
110 Myrtle Avenue
Westport, CT 06880

Thomas Gugliotti, Esq.
Updike, Kelly & Spellacy
for Sam Kwak
One State Street
(P.O. Box 231277)
Hartford, CT 06123

Richard L. Street, Esq.
Carmody and Torrance
For Connecticut L & P
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Bruce R. Greene
Alice E. Walker
Greene, Meyer & McElroy, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302

Barbara N. Coen

# EXHIBIT J

The ADVOCATE

http://www.stamfordadvocate.com/news/local/state/hc-23211606.apds.m0295.bc-ct--schajan23,0,6865108.story?coll=hc-headlines-local-wire

Sponsored by


# Group hires lobbyist in efforts to overturn Schaghticokes' recognition

Associated Press

January 23, 2005



KENT, Conn. — A group of area residents has hired a prominent Washington, D.C., lobbyist in its effort to overturn the federal recognition of the Schaghticoke Tribal Nation and prevent a possible third casino in Connecticut.

Town Action to Save Kent, or TASK, is employing Bradley Blakeman to "provide guidance and counsel on issues involving Indian gaming and tribal recognition," according to the Web site of Blakeman's firm, Barbour, Griffith & Rogers.

Blakeman is vice president of the firm, which was called the nation's top lobbying firm by Fortune magazine last year.

TASK met with Blakeman Friday. Kent First Selectwoman Delores Schiesel, state Sen. Andrew Roraback, R-Goshen, state Rep. Mary Ann Carson, R-New Fairfield, TASK members and other invited guests attended the private meeting, the Sunday Republican of Waterbury reported.

During the meeting, Roraback discussed a bill that he and Carson have introduced in the legislature that would reimburse Kent $500,000 for the costs the town has incurred fighting the federal recognition. Kent has appropriated $300,000 over the past few years to oppose the tribe.

Blakeman joined Barbour, Griffith & Rogers in January 2003 as a vice president, following his tenure as deputy assistant to the president for appointments and scheduling.

Calls to Barbour, Griffith & Rogers were not returned.

Schaghticoke Tribal Nation Chief Richard Velky has said the tribe hopes to open a casino in Bridgeport or another welcoming host community. Velky declined comment about Blakeman.

TASK founders Jim Perkins, Susi Williams and Ken Cooper did not return several phone calls seeking comment.

The state is appealing the tribe's recognition.

Copyright © 2005, The Associated Press

# EXHIBIT K

**SIENKIEWICZ & McKENNA, P.C.**
ATTORNEYS AT LAW

9 SOUTH MAIN STREET
P.O. BOX 786
NEW MILFORD, CT 06776-0786

RECEIVED

MAY 0 9 2005

McCarter & English

NANCY R. SIENKIEWICZ
JEFFREY B. SIENKIEWICZ
MICHAEL S. McKENNA

TELEPHONE (860) 354-1583
FACSIMILE (860) 355-4439

May 6, 2005

Eric Watt Wiechmann, Esq.
Salvatore N. Fornaciari, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

David J. Elliott, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

James R. Fogarty, Esq.
Leland C. Selby, Esq.
Fogarty, Cohen, Selby & Neimeroff,
LLC
88 Field Point Road
P. O. Box 2508
Greenwich, CT 06836-2508

Richard L. Street, Esq.
Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110

Mark S. Kohler, Esq.
Susan Quinn Cobb, Esq.
Office of the Attorney General
55 Elm Street,
P. O. Box 120
Hartford, CT 06161

Thomas A. Gugliotti, Esq.Updike,
Kelly & Spellacy. P.C.
One State Street
Hartford, CT 06123

John B. Hughes, Esq.
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street
P. O. Box 1824
New Haven, CT 06510

Robert A. Slavitt, Esq.
Slavitt, Connery & Vardamis
618 West Avenue,
Norwalk, CT 06850

Michael J. Burns, Esq.
57 Pratt Street #604
Hartford, CT 06103

Re:  Schaghticoke Tribal Nation v. Kent School Corporation, Inc. et al.
Notice of Intent to Communicate with James E. Cason, Associate Deputy
Secretary of the Department of the Interior and Gale Norton, Secretary
of the Interior

Dear Ladies and Gentlemen,

In accordance with the District Court's Scheduling Order dated May 8,
2001, as amended June 14, 2004, the Town of Kent gives notice that in two
business days it intends to send the attached letter to James E. Cason,
Associate Deputy Secretary of the Department of the Interior, with a copy to
Gale Norton, Secretary of the Interior.

Sincerely,

Jeffrey B. Sienkiewicz



# TOWN OF KENT, CONNECTICUT 06757

41 Kent Green Boulevard
P.O. Box 678
Kent, CT 06757- 0678
(860) 927-4627
FAX (860) 927-1313
~~selectmans.office@onet.net~~

May 6, 2005

James E. Cason
Associate Deputy Secretary of the Interior
Department of the Interior
1849 C. Street, NW
Washington, DC 20240

Dear Associate Deputy Secretary Cason:

As members of the Board of Selectmen of the Town of Kent, we are writing to share our concerns about the Department of Interior Office of Federal Acknowledgement publication in the <u>Federal Register</u> on March 31, 2005. 70 Fed. Reg. 61 at 16513-16. We also request that action be taken to rectify certain matters.

The Town of Kent is an interested party in two acknowledgement petitions (Schaghticoke Tribal Nation (STN) and Schaghticoke Indian Tribe (SIT)) and has been a defendant in <u>Schaghticoke Tribal Nation v. Kent School et. al.</u> since 1998.

This notice purported to revise and clarify certain internal procedures for managing and processing petitions for Federal acknowledgement as an Indian tribe. It effectively makes new regulations in addition to the Federal Regulations 25 CFR Part 83, Regulations on Procedures for Establishing that an American Indian Groups Exists as an Indian Tribes.

There is much that can be said about the clarifications and revisions. Our comments will focus on the main issues as it relates to Kent's experience. The stated purpose for the new "guidelines" is to give "petitioners and third parties appropriate opportunities to provide information and comment" and allow for "thorough and deliberate evaluations" that are "equitable and defensible." Page 16513-16514. In our experience the guidelines will not achieve those worthy goals.

The guidelines continue to deprive meaningful opportunity for interested or informed parties, defined at 25 CFR 83.1, to make substantive comments on a petition before issuance of a proposed finding. The regulations give those entities, such as our municipality, a legal status in a petition process. The guidelines repeatedly use the term "third parties" but never clarify whether this term applies to an interested or informed party. If it means parties in a petition process with legal status, it should say so.

Even assuming the notice means to include interested or informed parties in its use of the term third parties, it fails to protect them. An example at page 16516 is the statement "petitioners are encouraged to provide a copy of the non-privacy materials in their submissions to the Department directly to the State Attorney General's Office and <u>any recognized tribe that is an</u>

interested party in their petition. " We added the emphasis. Only interested parties that are tribes were considered for receipt of such information. A municipality that has been granted interested party status, that stands to have a sovereign nation in its borders, would be left out of this woefully inadequate method to achieve openness and transparency. A state's attorney general and other tribes are not the only parties who should receive copies of materials in this crucial period between active consideration and publication of a proposed finding. All parties need to have the same information at the same time.

The voluntary, reciprocal nature of the exchanges proposed in this section is another problem. There is no assurance that it will be done. It will not give interested parties the right to petition materials. In our case, before the town and STN were adversaries in a lawsuit by virtue of STN making a land claim against Kent and others, the STN offered to provide the town with its petition. The town accepted the offer, but the petition was never given to us. It was only through court order that the town accessed the file. Whether intended or not, the parties in an acknowledgment case have established an adversarial relationship. The notice provides no incentives to share information under that scenario.

Furthermore, the SIT is linked to the STN in a final determination. The town, an interested party in SIT case, has not been given any materials. Its requests for the files go unanswered. Short of a directive by the agency, parties will simply not voluntarily share information. Timely processing of applications will fail. Duties of staff will remain onerous. Efforts to comply with Freedom of Information requests will not only bog staff down but will fail to provide open government. Without the passage of required legislation the efforts toward timeliness and transparency are doomed.

The town has concerns about the timeliness of submittal of materials in petition cases. The clarification of March 31, 2005 removed the earlier complete limitation on submission of data after active status, but still imposes a sixty-day deadline on submissions after an active consideration date is provided. An interested party may not even have seen the petition in that short a time frame. If the process is to be open, such arbitrary deadlines can not stand. The regulations do not impose such a time limitation. In effect this deadline changes the regulations. We request this time limitation be removed.

The petition review process has become increasingly complex. With the variety of Indian groups in this country, there is likely to be a disparate range in the quality of submissions for acknowledgement. When a petitioner has enormous resources as a result of investor financial backing, it can portray a group history with great finesse. Well-paid consultants set forth what appear on its face to be convincing arguments. On the other hand there are less well off, but deserving, tribes in locations that do not attract investors. They rely on their limited resources to demonstrate the same seven criteria. Moreover, interested parties with limited resources, such as the town, are at a disadvantage in effectively responding to petitioner claims that have been developed without any time constraints. Strict time frames do not serve anyone. It is essential that staff have the latitude to conduct independent investigation of fact and law. It is essential that all parties have meaningful time for investigation, access to materials and meaningful time to comment.

The pilot computerized database system (FAIR) has been shown to improve the handling of documents. This notice asks parties to use FAIR. There is no indication, however, that interested

James E. Cason                          Page 3                          May 6, 2005

or informed parties will be provided with copies of the FAIR database. The FAIR database should be provided to petitioners, interested parties and informed parties at all critical stages of the process. In fact, when a party is granted interested party status, it should be provided with a copy of the FAIR database at that time.

Kent has participated in the FAIR pilot program. Unfortunately our experience is that the FAIR database is not searchable for the data that parties seek in developing their comments to a petition. While the FAIR system may have great utility for Department staff, a search engine should be developed so that content may be located without having to manually plod through each document. The agency should evaluate the FAIR program by seeking comments from the parties that have been using it extensively, as well as Department staff.

Finally, this Board is very troubled by the Department's use of publication of notices that are essentially new regulations. The Board believes this approach is inappropriate. There is no chance for parties in our situation, which stand to be changed dramatically by the creation of a nation in our borders, to comment. It requires regulatory action in accordance with administrative procedures act, to have a system that is workable for all parties.

The Board believes that it is in the best interest of all parties that the final solution to the problem is congressional legislation and not rulemaking by the agency. Until such time that federal law assures a process that grants deserving groups federal acknowledgement, there will always be notices that skirt rulemaking to clarify how the process is supposed to work. The short-term solution may be rulemaking. The long-term solution is for Congress to take back the process. It should codify into Federal law the acknowledgment criteria and process.

Very truly yours,


Dolores R. Schiesel            Nancy O'Dea-Wyrick            Daniel W. Soule
First Selectman               Selectman                     Selectman


cc: The Honorable Gale Norton
    The Honorable Christopher J. Dodd
    The Honorable Joseph I. Lieberman
    The Honorable Nancy Johnson