Schaghticoke Indian Tribe's Request for Reconsideration

SIT does not challenge the FD's conclusion that a Schaghticoke tribe should be federally recognized, but contends that it — not STN — is the true representative of the tribe. In addition, SIT objects that the FD treated its members as "unenrolled members" of STN for purposes of reaching a favorable determination for STN, even though SIT contends that its members are not part of STN and do not recognize STN as the legitimate Schaghticoke tribal government. A number of individuals on the "unenrolled" members list are on SIT's membership list.

SIT alleges eight grounds for reconsideration, the first four of which are phrased using language from 25 C.F.R. § 83.11(d), which describes the Board's jurisdiction. The last four allegations, however, contain no separate arguments, but generically "incorporate" SIT's earlier discussion to support allegations that the FD violates due process, violates equal protection rights, is arbitrary and capricious, and undermines the integrity of the federal recognition process. As discussed below, to the extent that SIT's first four allegations may be construed as falling within the Board's jurisdiction, we reject them on the merits. We also conclude, however, that SIT's substantive allegations, fairly construed, fall outside the Board's jurisdiction, and therefore we describe them for the Assistant Secretary.

SIT first contend it has "new evidence that could affect the determination. SIT Request for Recon. at 9-10. SIT proffers a variety of documents which, it argues, demonstrate that SIT "continues to exist, to function, is recognized by others as the legitimate Schaghticoke Tribe," and that its members are not simply unorganized, "unenrolled" members of STN. Id. at 9. SIT argues that the "new evidence" refutes the FD and demonstrates that SIT — not STN — is the legitimate Schaghticoke tribe.

The Board has previously held that if "new evidence" would simply confirm a fact already known to BIA, and one which BIA did not consider determinative, it does not establish grounds for reconsideration under 25 C.F.R. § 83.11(d)(1)). In re Federal Acknowledgment of the Snoqualmie Tribal Organization, 34 IBIA 22, 32 (1999). SIT's "new evidence" does little more than show that SIT is an active group and claims to be the true Schaghticoke tribe — facts already known to BIA. Therefore, we conclude that SIT has failed to establish grounds for reconsideration under subsection 83.11(d)(1).

SIT also argues that a substantial portion of the evidence relied upon in the FD was unreliable or of little probative value, see 25 C.F.R. § 83.11(d)(2), because the "unenrolled members" list that the FD considered as part of STN's membership is "fiction" — unreliable evidence of membership. SIT Request for Recon. at 11. The "unenrolled members" list, according to SIT, is composed mostly of SIT members, who do not recognize STN as having any legitimacy.

SIT's challenge to the "unenrolled members" list does not really challenge the reliability of the list itself, but instead challenges the Principal Deputy Assistant Secretary's willingness to treat "unenrolled" individuals — including some who are part of SIT's membership — as "members" of STN for purposes of acknowledging STN as an Indian tribe. The FD indicates that the Principal Deputy Assistant Secretary was well aware of a current conflict between STN and the "unenrolled" members. SIT does not contend that the list of 42 individuals fails to reliably identify individuals who were not enrolled in STN, but whom STN contended were nevertheless members of the tribal community that it represents. What SIT takes issue with is the FD's conclusion that these 42 "unenrolled" individuals were sufficiently linked to STN to be considered as "members" for purposes of determining STN's base membership. That conclusion, however, was not dependent on the list, per se, but on other evidence concerning the individuals on the list. SIT disagrees with the FD's decision to treat the 42 individuals as "members" of STN, but we conclude that SIT has failed to demonstrate that the list itself constitutes "a substantial portion of the evidence relied upon" and that it "was unreliable or of little probative value," 25 C.F.R. § 83.11(d)(2).

Next, SIT contends that BIA's research was "inadequate or incomplete in some material respect," see 25 C.F.R. § 83.11(d)(3), because the Principal Deputy Assistant Secretary did not consider SIT's petition and the information contained in it before making a final determination for STN. SIT Request for Recon. at 14-15.

The Board has previously held that to succeed, an allegation that BIA's research was inadequate or incomplete must do more than offer a general description of materials that BIA allegedly should have reviewed or researched more completely. In re Federal Acknowledgment of the Cowlitz Indian Tribe, 36 IBIA 140, 147 (2001); Snoqualmie Tribal Organization, 34 IBIA at 29. Here, SIT contends generally that the Principal Deputy Assistant Secretary should have considered its petition, but it cites no specific evidence from its own petition to demonstrate how the research on the STN petition was inadequate or incomplete in some material respect. In substance, SIT appears less concerned with inadequate or incomplete research, and more concerned with the Principal Deputy Assistant Secretary's failure to review and analyze the existing evidence in the manner suggested by SIT. In this respect, we note that as summarized in one of SIT's exhibits, SIT is in effect asking that the evidence in the record be "reanalyzed" without the "preconceived idea" of one tribe, STN, including "unenrolled" individuals. See SIT Request for Recon., Wojciechowski Paper at 5. This argument is "directed primarily to [OFA's] analysis, rather than to its research." Cowlitz Indian Tribe, 36 IBIA at 145. We reject this argument as demonstrating grounds for reconsideration under 25 C.F.R. § 83.11(d)(3), and conclude that it is outside the Board's jurisdiction.

SIT also argues that there is a "reasonable alternative interpretation of the evidence, not previously considered, that would substantially affect the determination," see 25 C.F.R.

§ 83.11(d)(4), namely that SIT — not STN — is the legitimate governing body of the Schaghticoke tribe. SIT Request for Recon. at 18-23.

This argument appears to presume that OFA and the Principal Deputy Assistant Secretary were not aware of and did not consider SIT's competing claim to be the present-day continuation of the Schaghticoke tribe. That presumption is not supported by the PF and FD. Although the Principal Deputy Assistant Secretary did not agree to consider SIT's petition simultaneously with STN's, she appears to have been well aware of the conflict between SIT and STN, and the implications of that conflict. See, e.g., Summary under the Criteria and Evidence for Proposed Finding - Schaghticoke Tribal Nation (SCE PF) at 5 (discussing SIT opposition to STN leadership), 30 (discussing changes in group's membership). In addition, SIT is a party to pending litigation involving the United States, in which SIT claims to be the legitimate continuation of the historical Schaghticoke tribe, entitled to the Schaghticoke reservation, and entitled to pursue land claims on behalf of the tribe. See SIT Request for Recon. Ex. 10; SCE PF at 3-4. We also note that during the proceedings, SIT was specifically provided additional time to submit comments. SCE PF at 3-4. For a requester to establish grounds for reconsideration under 25 C.F.R. § 83.11(d)(4), it must not only offer a reasonable alternative interpretation of the evidence, but must show that OFA "truly did not consider" it. See In re Federal Acknowledgment of the Ramapough Mountain Indians, Inc., 31 IBIA 61, 81 (1997). Assuming, for the sake of argument, that SIT's alternative interpretation is reasonable, we conclude that SIT has failed to demonstrate that OFA "truly did not consider" that STN's petition should have been denied because SIT represents the legitimate Schaghticoke tribal government. Whether the FD *adequately* considered SIT's competing claim is a distinct issue that we do not address because it is one that falls outside the Board's jurisdiction. Therefore, we conclude that SIT has failed to establish this as a ground for reconsideration pursuant to 25 C.F.R. § 83.11(d)(4).

Although SIT has failed to establish grounds for reconsideration pursuant to 25 C.F.R. § 83.11(d), it has alleged several grounds for reconsideration that fall outside the Board's jurisdiction, and which the Board will therefore describe for the Assistant Secretary to consider, as appropriate, on remand. The heart of SIT's challenge to the FD, reflected in all its allegations, is that the FD erred in reaching a favorable determination for STN because it failed to properly or adequately consider SIT — rather than STN — as the legitimate present-day continuation of the historical Schaghticoke tribe, and the Principal Deputy Assistant Secretary erred by not simultaneously considering and deciding SIT's own petition for acknowledgment. We describe SIT's alleged grounds for reconsideration that fall outside the Board's jurisdiction as follows: Should the FD be reconsidered on the grounds that the FD (1) failed to adequately consider SIT's petition, which could be prejudiced by a final determination on the STN petition, (2) failed to adequately consider SIT's claim that it — and not STN — is the legitimate present-day continuation and rightful descendant of the historical Schaghticoke tribe, and (3) improperly recognized STN's membership as including "unenrolled members," a

number of whom belong to SIT, without obtaining the consent of those "unenrolled members" and without affording them due process before treating them as STN members. 10/

Coggswell Group Request for Reconsideration

      The Coggswell Group (CG) asserts a variety of challenges to the FD, most if not all of which are rooted in its contention that the current leadership of STN — whose descendancy CG questions — has improperly taken over control of the Schaghticoke tribe and violated the civil rights of tribal members. CG contends that the current STN tribal government does not have a bilateral relationship with the membership, as required by the regulations, because Schaghticoke families do not have influence over tribal decisions and some families reject and do not support STN's current leadership. In effect, CG accepts the premise that the Schaghticoke tribe — and perhaps even STN — satisfies the criteria to be acknowledged as an Indian tribe, based on the evidence and historical record analyzed in the FD, but argues that the FD should not have recognized the current STN leadership as the legitimate leadership of the tribe.

      The Board previously determined in these proceedings that none of CG's allegations were within the Board's jurisdiction. See May 21, 2004, Determination of "Interested Party" Status and Board Jurisdiction at 5-6. 11/ At that time, we deferred our description of allegations for referral to the Assistant Secretary or Secretary until a decision was issued on the allegations over which the Board did have jurisdiction.

      Most of CG's allegations pertain to conflicts between CG and the current leadership of STN, unrelated to whether STN satisfies the regulatory criteria to be acknowledged as an Indian tribe. To the extent that CG's allegations do not clearly pertain to the FD and issues arising under the acknowledgment criteria, we do not describe them for the Assistant Secretary. Three allegations, however, appear to relate directly to the FD, and therefore we describe them for the Assistant Secretary, as follows: Should the FD be reconsidered on the grounds that

---

10/ We decline to separately refer to the Assistant Secretary SIT's last four alleged grounds for reconsideration, supra 41 IBIA at 38, because they are either subsumed in the allegations that we are referring to the Assistant Secretary (e.g., due process), or they are too vague and generalized to be described (e.g., FD undermines the integrity of the federal recognition process).

11/ The Board found that CG qualified as an "interested party," see 25 C.F.R. § 83.1, in these proceedings, based on its allegations that the legal rights as Schaghticoke Indians of those who comprise CG will be affected by the FD and that CG should be recognized as a separate band, if its challenges to STN's leadership are rejected.

(1) there was insufficient evidence submitted to demonstrate that the Velky family line represented by STN's current leadership is descended from a Schaghticoke Indian, rather than from a non-Indian; (2) the STN tribal government does not have a bilateral political relationship with the Schaghticoke membership; or (3) the FD's recognition of "unenrolled members" as part of STN's membership was taken without notice, consent, or equal protection of those unrolled members.

## Conclusion

For the reasons discussed above, and pursuant to the authority delegated to the Board of Indian Appeals by the Secretary of the Interior, 43 C.F.R. § 4.1 and 25 C.F.R. § 83.11, the Board vacates and remands the Final Determination to the Assistant Secretary for further work and reconsideration, pursuant to 25 C.F.R. § 83.11(e)(10). Pursuant to 25 C.F.R. § 83.11(f)(1), the Board has also described alleged grounds for reconsideration that are outside of the Board's jurisdiction, which are referred to the Assistant Secretary for consideration, as appropriate. 12/

I concur:

_____    _____
Steven K. Linscheid              Anita Vogt
Chief Administrative Judge       Senior Administrative Judge

---

12/ On January 6, 2005, the Board received from OFA, through the Solicitor's office, correspondence from Elton J. Jenkins dated June 7, 2004. The correspondence was intended for the Board of Indian Appeals, but was misdirected to OFA and received by that office on June 23, 2004. It is unclear why the correspondence was not forwarded to the Board sooner. Mr. Jenkins' letter appears to be seeking "interested party" status for a group of Schaghticoke Indians that once applied for or possibly held membership in STN, but is not included in the membership as recognized by the FD. Given the grounds on which the Board is deciding this case, it does not appear that Mr. Jenkins or those whom he may represent have been prejudiced by the Board's inability to address his request in a timely manner. The Board refers Mr. Jenkins request to the Assistant Secretary for appropriate consideration on remand.

In re Federal Acknowledgment of the
Schaghticoke Tribal Nation
Docket Nos. IBIA 04-83-A, 04-94-A,
04-95-A, 04-96-A, and 04-97-A
Order Vacating and Remanding Final
Determination
Issued May 12, 2005
41 IBIA 30

Distribution:

Philip G. Smith, Esq.
Smith & McGuire
for the Coggswell Group
413 Georgia Street
P.O. Box 486
Louisiana, MO 63353
   BY FEDERAL EXPRESS

Eric Weichman, Esq.
McCarter English, Esq.
Cummings and Lockwood
for Petitioner, Schaghticoke Tribal Nation
City Place I
185 Asylum Street
Hartford, CT 06103-3495
   BY FEDERAL EXPRESS

Susan Quinn Cobb, Esq.
Mark Kohler, Esq.
State of Connecticut
Office of the Attorney General
55 Elm Street
Hartford, CT 06141
   BY FEDERAL EXPRESS

Alice Hutchinson, First Selectman
Town of Bethel
Bethel Municipal Center
1 School Street
Bethel, CT 06801
   BY FEDERAL EXPRESS

Perley H. Grimes, Jr., Esq.
Cramer and Anderson
for Town of Cornwall
46 West Street
Litchfield, CT 06759-0278
   BY FEDERAL EXPRESS

Mark D. Boughton, Mayor
City of Danbury
155 Deer Hill Avenue
Danbury, CT 06810
   BY FEDERAL EXPRESS

William Kupinse, Jr.
Town of Easton
225 Center Road
P.O. Box 61
Easton, CT 06612

Aamina Almad, Esq.
for Town of Greenwich
101 Field Point Road
P.O. Box 2540
Greenwich, CT 06836
   BY FEDERAL EXPRESS

Jonathan Chew, Executive Director
Housatonic Valley Council of Elected
Officials
Old Town Hall, Routes 25 & 133
Brookfield, CT 06804
   BY FEDERAL EXPRESS

Distribution:  IBIA Nos. 04-83-A, etc.
              (Continued – page 2)

Jeffrey Sienkiewicz, Esq.
Sienkiewicz & McKenna, P.C.
for the Town of Kent
9 South Main Street, P.O. Box 786
New Milford, CT 06776
    BY FEDERAL EXPRESS

David J. Elliott, Esq.
Day, Berry & Howard
for Kent School
City Place I
Hartford, CT 06103-3499
    BY FEDERAL EXPRESS

Peggy Katkocin, First Selectman
Town of New Fairfield
Town Hall
4 Brush Hill Road
New Fairfield, CT 06812
    BY FEDERAL EXPRESS

Christopher J. Jarboe, Esq.
Lovejoy and Rimer, P.C.
for Town of New Canaan
65 East Avenue
P.O. Box 390
Norwalk, CT 06852-0390

D. Randall DiBella, Esq.
Cramer & Anderson
for Town of New Milford
51 Main Street
New Milford, CT 06776

Herbert C. Rosenthal, First Selectman
Town of Newtown
Town Hall
45 Main Street
Newtown, CT 06470
    BY FEDERAL EXPRESS

Alex Knopp
City of Norwalk
125 East Ave., P.O. Box 5125
Norwalk, CT 06856-5125

Mr. James R. Fogarty, Esq.
Mr. Leland C. Selby, Esq.
Fogarty, Cohen, Selby & Nemiroff, LLC
for Preston Mountain Club
88 Field Point Road
P.O. Box 2508
Greenwich, CT 06386-2508
    BY FEDERAL EXPRESS

Rudy Marconi, First Selectman
Town of Ridgefield
Town Hall
400 Main Street
Ridgefield, CT 06877
    BY FEDERAL EXPRESS

Michael J. Burns, Esq.
for Mr. Alan Russell, et. al.
  Schaghticoke Indian Tribe group
57 Pratt Street, Suite 604
Hartford, CT 06103
    BY FEDERAL EXPRESS

D. Randall DiBella
Cramer and Anderson
for Town of Sherman
51 Main Street
New Milford, CT 06776
    BY FEDERAL EXPRESS

Benjamin Barnes
Town of Stamford
888 Washington Boulevard
P.O. Box 10152
Stamford, CT 06904-2152
    BY FEDERAL EXPRESS

Distribution:   IBIA Nos. 04-83-A, etc.
                (Continued – page 3)

Diane Goss Farrell, First Selectwoman
Town of Westport
Town Hall
110 Myrtle Avenue
Westport, CT 06880
    BY FEDERAL EXPRESS

Patricia C. Sullivan
Associate Town Counsel
Town of Weston and the
 Town of Wilton
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06604
    BY FEDERAL EXPRESS

Thomas Gugliotti, Esq.
Updike, Kelly & Spellacy
for Ms. Barbara Bush
One State Street
(P.O. Box 231277)
Hartford, CT 06123

Robert A. Slavitt, Esq.
Slavitt, Connery and Vardamis
for Loretta Bonos
618 West Avenue
Norwalk, CT 06850

Richard L. Street, Esq.
Carmody and Torrance
for Connecticut Light and Power
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
    BY FEDERAL EXPRESS

Bruce R. Greene, Esq.
Alice E. Walker, Esq.
Greene, Meyer & McElroy, P.C.
for Eastern Pequot Tribal Nation
1007 Pearl Street, Suite 220
Boulder, CO 80302
    BY FEDERAL EXPRESS

Assistant Secretary - Indian Affairs
ATTN: Office of Federal Acknowledgment
MS 4660-MIB
U.S. Department of the Interior
1849 C Street, NW
Washington, DC 20240
    HAND DELIVERED

Barbara Coen, Esq.
Division of Indian Affairs
Office of the Solicitor
MS 6456-MIB
U.S. Department of the Interior
1849 C Street, NW
Washington, DC 20240
    HAND DELIVERED