**EXHIBIT 4**



U.S. Department of Justice

United States Attorney
District of Connecticut

---

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510

(203) 821-3700
Fax (203) 773-5376
www.usdoj.gov/usao/ct

June 1, 2005

Eric Wiechmann, Esq.
McCarter & English, LLP
City Place I
185 Asylum Street
Hartford, CT 06103-3495

Re:   *In Re Federal Acknowledgment of Schaghticoke Tribal Nation*, 41 IBIA 36
      *United States v. 43.47 Acres of Land* (Civ. No. H-85-1078 (PCD))
      *Schagticoke Tribal Nation v. Kent School Corp.* (Civ. No. 3:98 CV01113 (PCD))
      *Schagticoke Tribal Nation v. United States* (Civ. No. 3:00CV 00820 (PCD))

Dear Mr. Wiechmann:

By letter dated May 25, 2005, on behalf of the Schaghticoke Tribal Nation (STN), you requested confirmation of your interpretation of the letter to your client, STN, from the Acting Principal Deputy Assistant Secretary - Indian Affairs that was dated May 23, 2005. In brief, your questions concern the procedures the Department of the Interior (Department) intends to follow in response to the recent decision of the Interior Board of Indian Appeals (IBIA) that vacated the final determination on the STN and remanded it to the Assistant Secretary - Indian Affairs for further work and reconsideration.

The IBIA decision vacated the final determination (FD) on the STN in accord with its decision in *Historical Eastern Pequot Tribe*, 41 IBIA 1 (2005), where the IBIA concluded "that the State of Connecticut's 'implicit' recognition of the Eastern Pequot as a distinct political body . . . is not reliable or probative evidence for demonstrating the actual existence of community or political influence or authority within that group." *In re Federal Acknowledgment of Schaghticoke Tribal Nation*, 41 IBIA at 34. The IBIA then noted that because it already was vacating and remanding the STN FD and because the Office of Federal Acknowledgment (OFA) "acknowledged problems in the FD's endogamy rate calculation - at a minimum, inadequate explanation [for changing precedent]," it left this matter to the Assistant Secretary on reconsideration. *Id.* at 36. The IBIA then referred other allegations to the Assistant Secretary for consideration.[1]

---

[1] These allegations included, for instance, whether the base membership list must consist solely of currently enrolled members, whether the Schaghticoke Tribe was an amalgamation or continuation of two pre-existing tribes, and whether there was a proper delegation of authority from Congress to support the acknowledgment process. In addition, three issues raised by the

By letter dated May 23, 2005, the Acting Principal Deputy provided, in part, that during the reconsideration period "no technical assistance or consultation will be available to the petitioners and interested parties. Unsolicited arguments, evidence, comments, and briefings from the petitioners and interested parties will not be accepted."

Your first question inquires whether technical assistance will be available and further posits that the agency has "changed" its "analysis." Technical assistance is not being provided during the reconsideration period. Although technical assistance is provided for in the regulations during other points in the acknowledgment process, the regulations do not expressly provide for technical assistance during reconsideration. The reconsidered final determination will articulate its bases and provide an explanation for its conclusions, and include any supporting analyses and explanation of its methodology. In light of the number of issues referred to the Assistant Secretary, we cannot prejudge the impact this issue may have on the reconsidered FD. To the extent an analysis of marriages within the petitioning group is conducted as part of the reconsidered decision, that analysis will be articulated in the reconsidered decision.

Your second and third questions seek confirmation that there is "no opportunity for STN to respond" to "implicit amendments" to the FD, or provide "supplementary evidence to support a Positive Final Determination," whereas you could have provided argument and evidence "had a negative result been included in the original Final Determination." As your March 18, 2005, reply brief at 5, filed before the IBIA correctly points out, the endogamy matter "has the effect of *possibly* changing the outcome of the Final Determination. Or possibly not." (emphasis in original).[2] Neither the Supplemental Transmittal of December 2, 2004, nor any other filing has "implicitly amended" the FD - the reconsidered decision may provide an explanation for changing precedent, or, may recalculate the marriage rates, which may or may not impact the result, or, potentially, may find it unnecessary to address the issue.

In further response, we note that the IBIA decision delineated that the request for reconsideration filed by the State argued that the FD misapplied the regulations by counting the group's members who were married rather than the number of marriages and that the FD incorrectly analyzed specific individuals. 41 IBIA at 35. You had the opportunity to respond to those issues and filed an extensive responsive brief to the requests for reconsideration. STN also included what it characterized as "new, direct evidence" at that time. *Id.* at 34, n.7. Therefore, although the May 23, 2005, letter indicates that no unsolicited comments and arguments will be accepted, that does not mean that STN did not have the opportunity before the agency to respond to arguments and submit new evidence. The record before the IBIA will be considered during the reconsideration. Finally, the letter does not foreclose solicited comments, arguments, or evidence

---

Schaghticoke Indian Tribe, three issues raised by the Coggswell group, and the correspondence from Elton Jenkins were referred. *Id.* at 36-42.

[2] You argued further that it would not be "logical" to consider the prior decisions as having the status of binding precedent because you view them as conflicting and internally inconsistent. Reply brief at 7.

as may become necessary as the reconsideration proceeds.

The fourth question in your letter concerns the due date for the reconsidered decision and that it will be "final" for the Department under the acknowledgment regulations. The May 23, 2005, letter provided, "[u]nder 25 CFR § 83.11(h)(3), the reconsidered determination shall be final and effective upon publication of the notice of the reconsidered determination in the *Federal Register.*" You are correct that no further appeals within the Department are provided for in the acknowledgment regulations and that the reconsidered decision is "final and effective" upon publication.

Finally, you indicate that you intend to evaluate whether "the remand process complies with the principles of fairness and disclosure" on which the Scheduling Order in the litigation rests. As you recall, the availability or not of the reconsideration process provided for in the acknowledgment regulations was the subject of extensive negotiations among the parties. As provided on page 2 of the "Report and Joint Motion on Consent to Amend Scheduling Order" filed February 27, 2004, in the U.S. District Court for the District of Connecticut, the result of the negotiations under ¶ (j) of the Scheduling Order was that the review procedures of 25 C.F.R. § 83.11 would be available and that any additional review in District Court will be filed only at the conclusion of the administrative proceedings when there is a final effective agency decision. Since the agency is complying with § 83.11 of the acknowledgment regulations, it is complying with the principles of fairness and disclosure negotiated among the parties.

Sincerely,

John B. Hughes
Assistant U.S. Attorney


cc: Distribution list/Counsel of Record

## Distribution List/ Counsel of Record

Philip G. Smith, Esq.
Smith and McGuire
for the Coggswell Group
413 Georgia Street
P.O. Box 486
Louisiana, MO 63353

Eric Weichman, Esq.
McCarter English
Cummings and Lockwood
for Petitioner, Schaghticoke Tribal Nation
City Place I
185 Asylum Street
Hartford, CT 06103-3495

Susan Quinn Cobb, Esq.
Mark Kohler
State of Connecticut
Office of the Attorney General
55 Elm Street
Hartford, CT 06141

Alice Hutchinson, First Selectman
Town of Bethel
Bethel Municipal Center
1 School Street
Bethel, CT 06801

Perley H. Grimes, Jr., Esq.
Cramer and Anderson
for Town of Cornwall
46 West Street
Litchfield, CT 06759-0278

Mark D. Boughton, Mayor
City of Danbury
155 Deer Hill Avenue
Danbury, CT 06810

William Kupinse, Jr.
Town of Easton
225 Center Road
P.O. Box 61
Easton, CT 06612

Aamina Almad, Esq.
for Town of Greenwich
101 Field Point Road
P.O. Box 2540
Greenwich, CT 06836

Jonathan Chew, Executive Director
Housatonic Valley Council of Elected
    Officials
Old Town Hall, Routes 25 & 133
Brookfield, CT 06804

Jeffrey Sienkiewicz, Esq.
Sienkiewicz & McKenna, P.C.
For the Town of Kent
9 South Main Street, P.O. Box 786
New Milford, CT 06776

David J. Elliott, Esq.
Day, Berry & Howard
For Kent School
City Place I
Hartford, CT 06103-3499

Peggy Katkocin, First Selectman
Town of New Fairfield
Town Hall
4 Brush Hill Road
New Fairfield, CT 06812

Christopher J. Jarboe, Esq.
Lovejoy and Rimer, P.C.
For Town of New Canaan
65 East Avenue
P.O. Box 390
Norwalk, CT 06852-0390

D. Randall DiBella, Esq.
Cramer & Anderson
For the Town of Sherman
51 Main Street
New Milford, CT. 06776

Alex Knopp
City of Norwalk
125 East Avenue, P.O. Box 798
Norwalk, CT 06851

James R. Fogarty, Esq.
Leland C. Selby
Fogarty, Cohen, Selby & Nemiroff, LLC
for Preston Mountain Club
88 Field Point Road
P.O. Box 2508
Greenwich, CT 06386-2508

Michael J. Burns, Esq.
for Mr. Alan Russell, et. al.
Schaghticoke Indian Tribe group
57 Pratt Street, Suite 604
Hartford, CT 06103

Patricia C. Sullivan
Associate Town Counsel
Town of Weston and the Town of Wilson
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06604

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Mailstop 6456
Washington, DC 20240

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

D. Randall DiBella, Esq.
Cramer & Anderson
for the Town of New Milford
51 Main Street
New Milford, CT. 06776

Herbert C. Rosenthal, First Selectman
Town of Newtown
Town Hall
45 Main Street
Newtown, CT 06470

Rudy Marconi, First Selectman
Town of Ridgefield
Town Hall, 400 Main Street
Ridgefield, CT 06877

Benjamin Barnes
Town of Stamford
888 Washington Boulevard
P.O. Box 10152
Stamford, CT 06904-2152

Diane Farrell
First Councilwoman
Town of Westport
Town Hall
110 Myrtle Avenue
Westport, CT 06880

Thomas Gugliotti, Esq.
Updike, Kelly & Spellacy
for Sam Kwak
One State Street
(P.O. Box 231277)
Hartford, CT 06123

Caroline Blanco, Esq.
General Litigation Section
Environment & Natural Resources Division
Department of Justice
Post Office Box 663
Washington, D.C. 20004-0663

Richard L Street, Esq.
Carmody and Torrance
For Connecticut L & P
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Assistant Secretary- Indian Affairs
Attn: Office of Federal Acknowledgment
MS 4660-MIB
U.S. Department of the Interior
1849 C Street, NW
Washington, DC 20240

Bruce R. Greene
Alice E. Walker
Greene, Meyer & McElroy, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302