FILED

2005 JUL 26 A 10: 18

UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,* | : CIVIL ACTION<br>: Case No. H-85-1078 (PCD) |
| v. | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL,<br>*Defendants,* | |
| SCHAGHTICOKE TRIBAL NATION<br>*Plaintiff,* | : CIVIL ACTION<br>: Case No. 3:98cv1113 (PCD) |
| v. | |
| KENT SCHOOL<br>*Defendant,* | |
| SCHAGHTICOKE TRIBAL NATION<br>*Plaintiff,*<br>v. | : CIVIL ACTION<br>: Case No. 3:00cv0820 (PCD) |
| UNITED STATES OF AMERICA AND CONNECTICUT LIGHT AND POWER COMPANY<br>*Defendants.* | : JULY 22, 2005 |

**MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Pursuant to Local Rule 7(a)1, the three non-party deponents, TOWN ACTION TO SAVE KENT, INC. (TASK), JAMES N. PERKINS, and KENNETH F. COOPER hereby submit this memorandum in support of their Motion to Quash and for Protective Order.

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, the non-party deponents, TOWN ACTION TO SAVE KENT, INC., KENNETH F. COOPER and JAMES N. PERKINS, move to quash the subpoenas duces tecum (See Exhibits A, B, and C attached) issued by Schaghticoke Tribal Nation, which seek both the depositions of these three non-party deponents and demands that each produce certain documentation. The three non-party deponents alternatively seek a protective order limiting the scope of discovery and barring a production of the multitudinous, burdensome documents sought to be produced.

The three non-party deponents were not and are not parties or amicis to the instant action and, therefore, are not subject to the Court's amended scheduling order, dated June 14, 2004 prohibiting meetings or contacts with officials of the Department of the Interior.

Pursuant to its motion dated February 17, 2005, Schaghticoke Tribal Nation sought permission to conduct limited discovery. In its conclusion, Schaghticoke Tribal Nation specifically stated: "Based on the foregoing, the Tribe respectfully requests that the Court allow it to conduct limited discovery concerning (1) The extent of the partys' or amici's involvement in TASK, including formation of its policies, its decision to hire a lobbying firm and any donations of money or other support; and (2) the extent of TASK's conduct in contacting employees and/or officials of the Department of Interior through lobbying firms or otherwise."

Schaghticoke Tribal Nation, therefore, sought a Court order permitting "limited" discovery.

On May 20, 2005, the U.S. District Judge ordered that the Schaghticoke Tribal Nation's Motion for Permission to Conduct Limited Discovery was granted "for the purpose of determining whether the

Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior has been violated." Thus, the Court's order permitted limited discovery to determine whether any party to the District Court Litigation or amici had any meetings or contact with officials of the Department of the Interior.

The Court's order, therefore, placed a limitation on the scope of discovery permitted as it relates to TASK and its members including James N. Perkins and Kenneth F. Cooper, pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure.

The pertinent part of the Court's amended Scheduling Order, dated June 14, 2004, states: "No non-federal party or amici shall communicate or meet with any officials in the immediate Office of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without two business days prior notification to the other parties."

Kenneth F. Cooper, the President of TASK, submitted an Affidavit, the original of which was submitted to this Court as Exhibit 1 attached to the Town of Kent's Memorandum in Opposition to Schaghticoke Tribal Nation's Motion for Permission to Conduct Limited Discovery, dated March 9, 2005. In that Affidavit, Mr. Cooper testified that "To the best of my knowledge and belief TASK, its officers, directors, and members and any lobbyists hired by TASK have not met with, nor communicated with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior, or the Deputy Commissioner of Indian Affairs with respect to the Schaghticoke Tribal Nation petiton for tribal recognition." This holds true to now, and Mr. Cooper and James N. Perkins would submit further Affidavits attesting to the fact that neither they, nor TASK, nor any members, agents or

3

representatives thereof have contacted the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior, or the Deputy Commissioner of Indian Affairs with respect to the Schaghticoke Tribal Nation petition for tribal recognition.

The non-party deponents object to the production demands attached to the subpoenas as overly broad and well beyond the Court's order limiting discovery to whether the parties or amici violated the Court's Scheduling Order pertaining to meetings or communications with certain officials of the Department of the Interior or Bureau of Indian Affairs. The non-party deponents also object to, and seek to quash, the subpoenas insofar as they seek the depositions of all three non-party deponents without limitation which would be inconsistent with the Court's order dated May 20, 2005. In addition, the production demands seek privileged, confidential business or commercial information by seeking all financial records of TASK, including any expenditures and the identification to all contributors, their addresses and the amount of each contribution including copies of all checks deposited by TASK. In addition, the production demands are overly burdensome.

Pursuant to the subpoena served upon TASK, the Schachticoke Tribal Nation demands that a representative of TASK testify concerning "all communications since June 14, 2004 by any officer, director, partner, or employee of or consultant to TASK with any United States Senator or representative, any employee of the United States Senate or House of Representatives or of any committee thereof, relating to the proceedings for the recognition for the STN and/or IBIA proceedings No. 04-83-A, 04-94-A, 04-95-A, 04-96-A, and 04-97-A." The subpoena also directs a TASK representative to testify as to "all communications since June 14, 2004 by any officer, director, partner or employee of or consultant to

TASK with any employee or official of the State of Connecticut, relating to the proceedings for the recognition of the STN and/or IBIA proceedings." They also seek testimony on "all communications since June 14, 2004 by any officer, director, partner or employee of or consultant to TASK <u>with any person or entity</u> relating to proceedings for the recognition of the STN and/or IBIA proceedings." (emphasis added) Furthermore, the subpoena seeks testimony concerning "any communications since June 14, 2004 between any officer, director, partner or employee of or consultant to Barbour, Griffith & Rogers, LLC ("BR&G") and any officer, director, partner or employee of or consultant to task." The subpoena further seeks testimony concerning "all meetings or communications since June 14, 2004 between any current or former member of TASK and any person which related to or resulted in the retention of BRG by TASK." Further, STN also seeks testimony from representatives of TASK concerning "the role of any member of TASK in preparation for and presentation of any information or material, whether presented orally or in writing, at any public meeting relating to proceedings for the recognition of the STN as a Federal Tribe." These topics are not only not relevant to the litigation, but they are topics well beyond the scope of discovery permitted by the Court. These questions are designed to do nothing but allow STN to determine all communications with any person or entity concerning the Schaghticoke Tribal Nation whatsoever. It is clear that similar lines of questioning would be addressed to Mr. Cooper and Mr. Perkins individually, which questioning would also be inappropriate.

  The production of documents demand attached to the TASK subpoena requires TASK representative to produce TASK's "financial records, including, but not limited to, lists of all persons who have contributed any funds to you: photocopies of checks deposited to your account; financial journals,

and lists of expenditures." This request is incredibly broad, irrelevant, burdensome and meddling. Document demand number 3 requires the production of "all documents reflecting names and/or addresses of any of your contributors, members, shareholders, officers and/or directors. TASK would certainly be willing to provide a list of its shareholders, officers and directors. It would also agree to submit a list of all contributors to TASK who are parties to the litigation, directors or officers of the Kent School, Preston Mountain Gun Club, CL&P or any amici or who are elected officials of the Town of Kent. The revelation of all contributors to TASK is unnecessary and irrelevant and presents the very real possibility of misuse of such information. The document demand also seeks any and all documents concerning any communication concerning TASK, Barbour, Griffith & Rogers, LLC (BGR) and/or the Plaintiff between or among TASK and BGR, TASK and United States Representatives or Senators or State of Connecticut Officials or between BGR and United States Representatives or Senators of their staff or any State of Connecticut Official or any other person. When followed to its logical conclusion, this document request actually requests any and all documents between TASK and any other person and requests any and all documents between, Barbour, Griffith & Rogers, LLC and any other person regardless of whether it is relevant to the Court's limited discovery order or whether it is even relevant to the STN Petition for Recognition. This document request is overly broad on its face.

Again, TASK, James N. Perkins and Kenneth F. Cooper are not parties to any of the STN litigation cases. Nor are they amici in any of the cases. In analyzing whether a subpoena presents an undue burden on a non-party, the Court may review factors such as "relevance, the need of the party for the documents, whether the request is cumulative and duplicative, the time and expense required to

6

comply with the subpoena (relative to the responder's resources), and the importance of the issues at stake in the litigation." *Linder v. Calero-Portocarrero*, 180 F.R.D. 168, 173 (D.D.C. 1998). A subpoena that is, on its face, officially overbroad qualifies as an undue burden that requires an order quashing the subpoena. *See Concord Boat Corp. v. The Brunswick Corp.*, 169 F.R.D. 44, 49-51 (S.D.N.Y. 1996). A subpoena may be considered facially overbroad when it is not limited reasonably to the issues on which discovery is permissible. *Williams v. City of Dallas*, 178 F.R.D. 103, 109-110 (N.D.TEX. 1998). See *Nova Biomedical Corp. v. i-Stat Corp.*, 182 F.R.D. 419, 423 (S.D.N.Y. 1998) (quashing overbroad non-party subpoenas that require disclosure of documents irrelevant to issues on which discovery was sought). STN subpoenas directed to TASK, James N. Perkins and Kenneth F. Cooper are facially overbroad and, therefore, in accordance with the above, are unduly burdensome because the subpoena requires disclosure by deposition testimony, and the production of any and all documents and information related to TASK and BG & R's representation of TASK and any and all communications with any person or entity whatsoever. On its face, therefore, the subpoenas go well beyond what is necessary or reasonable in determining whether or not any non-federal party or amici has violated the Court's June 14, 2004 order.

In accordance with Rule 45(c)(3)(B), the Court may also quash or modify a subpoena that requires the production of privileged or confidential commercial or business information. The Court may make "any order which justice requires to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, including...(7) that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way." Federal Rule of Civil Procedure 26(c); see *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 32 (D.D.C.

2000) (recognizing that customer lists are confidential financial information, which, if disclosed would harm a party because they would enable competitors to contact clients directly). Certainly the list of contributors and their addresses and the amounts contributed, constitutes information that is just as sensitive, particularly under the circumstances of this matter, as customer lists.

The Schaghticoke Tribal Nation should not be permitted the broad and wide latitude it seeks to unveil TASK's finances, communications with other persons or entities who are not "a non-federal parties or amici" or officials of the Department of the Interior or BIA, nor should STN be permitted to delve into TASK's public relations strategies and activities wholly unrelated to communications with officials of the Department of the Interior or BIA.

Rule 45(c)(1) states: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty or impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee." The non-party deponents assert that STN and its attorneys have not taken reasonable steps to avoid imposing an undue burden, as well as potential expense on the three non-party deponents served with subpoenas duces tecum. As set forth above, a subpoena that is, on its face, overbroad qualifies as an undue burden that requires an order quashing the subpoena. The subpoenas in this case are facially overbroad because they are not limited reasonably to the limited issue on which discovery was permitted by this Court.

Accordingly, the above-named non-party deponents seek an order quashing all three subpoenas

and/or a protective order requiring discovery to be specifically limited to the Court's May 20, 2005 order limiting discovery to a very specific issue or issues.

The undersigned counsel for the three non-party deponents has made a good faith effort to resolve this discovery dispute with counsel for Schaghticoke Tribal Nation, David Reif, but has been unable to resolve the issues with Attorney Reif in a timely manner. (See Rule 37(a)2 Affidavit of Counsel attached hereto.)

The subpoenas issued to TASK and James N. Perkins were served upon those nonparties on July 8, 2005. If Kenneth Cooper was served at all, it was subsequent to that date.

The non-party deponents, pursuant to Rule 45(c)(B) of the Federal Rules of Civil Procedure, served upon Attorney Reif, written objections to the production and inspection and copying of documents pursuant to the subpoena duces tecum issued to each non-party deponent. A copy of this written objection is attached hereto as Exhibit D. Reference to that written objection identifies both the portions of the subpoenas duces tecum that the non-party deponents object to as well as identify what information and documentation the non-party deponents are willing to produce in compliance with the Court's May 20, 2005 order.

For the foregoing reasons, the subpoenas duces tecum issued to the non-party deponents should be quashed and/or a protective order should be issued limiting discovery and production requests to specifically comply with the Court's May 20, 2005 order.

THE NON-PARTY DEPONENTS,
JAMES N. PERKINS, KENNETH F.
COOPER AND TOWN ACTION TO
SAVE KENT, INC.

By /s/ _____
Thomas W. Beecher (ct 11397)
E-Mail: tbeecher@chgjtlaw.com
COLLINS, HANNAFIN, GARAMELLA,
JABER & TUOZZOLO, P.C.
148 Deer Hill Avenue
Danbury, CT 06810
Their Attorneys
Telephone: (203) 744-2150
Facsimile: (203) 791-1126

**CERTIFICATE OF SERVICE**

    This is to certify that a copy of the foregoing **Memorandum in Support of Motion to Quash Subpoena and for a Protective Order** has been mailed, postage prepaid this 22nd day of July, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Robert A. Slavitt, Esq.
Slavitt, Connery, & Vardamis
618 West Avenue
Norwalk, CT 06850

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

Renita Ford, Esq.
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
Post Office Box 663
Washington, DC 20004-0663

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW, Mailstop 6456
Washington, D.C. 20240

Eric W. Wiechmann, Esq.
David Reif, Esq.
Salvatore N. Fornaciari, Esq.
185 Asylum Street
Hartford, CT 06103

Thomas W. Beecher (ct 11397)

## AFFIDAVIT OF KENNETH F. COOPER, PRESIDENT OF TOWN ACTION TO SAVE KENT, INC.

STATE OF NEW YORK ) ss: New York
COUNTY OF Manhattan )

The undersigned, being duly sworn, deposes and says that:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I am the President of Town Action to Save Kent, Inc. ("TASK"), a Connecticut Non-Stock Corporation formed in June, 2004 to represent the interest of certain citizens of Kent and Western Connecticut.

3. To the best of my knowledge and belief TASK, its officers, directors, and members and any lobbyists hired by TASK have not met with, nor communicated with, any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior, or the Deputy Commissioner of Indian Affairs with respect to the Schaghticoke Tribal Nation Petition for Tribal Recognition.

Dated at New York, NY, New York, this 8 day of March, 2005.

_K F Cooper_
Kenneth F. Cooper, President
Town Action to Save Kent, Inc.

Subscribed and sworn to before me this 8 day of March, 2005.

_Emma A. Butiu_
Notary Public
My Commission Expires:
EMMA A. BUTIU
No. 01BU6055921
Notary Public, State of New York
Qualified in Suffolk County
My Commission Expires 03/12/2007