EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.

43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL., (See Attached Caption Sheet)

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]
H-85-1078 (PCD)
3:98-CV-01113 (PCD)
3:00-CV-0820 (PCD)

TO: James N. Perkins, 91 Flat Rock Road So. Kent, CT 06757

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103 | July 20, 2005 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Notice of Depositon

| PLACE | DATE AND TIME |
|---|---|
| McCarter & English, LLP CityPlace I, 185 Asylum Street, Hartford, CT 06103 | July 20, 2005 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff Schaghticoke Tribal Nation | 7/1/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Reif, McCarter & English, LLP
CityPlace I, 185 Asylum Street, Hartford, CT 06103    860/275-6700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## NOTICE OF VIDEOTAPED DEPOSITION OF JAMES PERKINS

PLEASE TAKE NOTICE that Plaintiff Schaghticoke Tribal Nation will take the videotaped deposition of James Perkins pursuant to Rule 30 of the Federal Rules of Civil Procedure on Wednesday, **July 20, 2005, at 9:00 a.m.** before a notary public or other officer authorized to administer oaths by law, at the offices of McCarter & English, LLP, CityPlace I, 185 Asylum Street, 36th Floor, Hartford, Connecticut 06103. The deposition will be conducted upon oral examination and will be recorded stenographically.

PLEASE TAKE FURTHER NOTICE that Deponent will be directed to produce and permit for inspection at the deposition, the documents specified in Schedule "A" attached hereto.

All counsel are invited to be present and cross-examine on behalf of their client.

THE PLAINTIFF,
SCHAGHTICOKE TRIBAL NATION
BY MCCARTER & ENGLISH LLP
ITS ATTORNEYS

By _____
Eric W. Wiechmann (CT 04331)
David Reif (CT 0024)
Salvatore N. Fornaciari (CT 22684)
185 Asylum Street
Hartford, CT 06103
(860) 275-6700 (phone)
(860) 724-3397 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. H-85-1078(PCD) |
| v. ) | |
| ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, ) | |
| SITUATED IN THE COUNTY OF ) | |
| LITCHFIELD, TOWN OF KENT, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. 3-98-CV 01113 (PCD) |
| v. ) | |
| ) | |
| KENT SCHOOL CORPORATION, INC., et ) | |
| al ) | |
| Defendants. ) | |
| ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. 3-00-CV 0820 (PCD) |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA AND ) | |
| THE CONNECTICUT LIGHT AND ) | |
| POWER COMPANY, et al ) | |
| Defendants. ) | JULY 1, 2005 |

## SCHEDULE "A"

## INSTRUCTIONS AND DEFINITIONS

1. This request to produce shall be continuing to the full extent permitted by law. Accordingly, if subsequent to serving a response to this request to produce, or any part thereof, you obtain or become aware of additional documents or information responsive to this request to produce, you are required to provide a supplemental response which will augment or otherwise modify the previous response. Such supplemental responses are to be made and served upon plaintiff within thirty (30) days after you receive or become aware of such additional documents or information.

2. Clear and exact copies of the documents specified below may be produced in lieu of originals provided that you maintain such originals in an accessible place.

3. These requests for production of documents should be read, interpreted, and responded to in accordance with the definitions, instructions and detail required by the Connecticut Rules of Federal Procedure.

4. "Communication" means any oral, written, or electronic transmission of information in the form of facts, opinions, belief, ideas, inquiries, or statements, including any correspondence, electronic mail, notes, memoranda, telephone calls, facsimiles, seminars, conferences, messages, conversations, meetings or discussions.

5. "TASK" means Town Action to Save Kent, Inc. ("TASK"); its affiliates; predecessors, whether formally incorporated, unincorporated, or ad hoc; successors; officers; directors; attorneys; agents; employees; consultants; and representatives.

6.  "Barbour, Griffith & Rogers, LLC" means Barbour, Griffith & Rogers, LLC; its personnel; affiliates; predecessors; successors; officers; directors; attorneys; agents; employees; consultants; and representatives acting on its behalf.

7.  "Plaintiff" means Schaghticoke Tribal Nation, its attorneys, agents, employees and representatives acting on their behalf.

8.  "And/or" should always be construed in the manner that would include, rather than exclude, a document.

9.  "Document" or "documents" means any written, recorded, filmed or graphic matter, however produced or reproduced on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations and all copies which are different in any way from the original by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in your possession, custody or control, or in the possession, custody or control of you, or any persons acting on your behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by you to exist. This request shall specifically include, but not be limited to, (i) the electronic data stored on any computer, whether maintained at your office or home or maintained on any laptop or other portable computer; (ii) any PDA, Blackberry, or other device which stores appointments, memoranda, tasks, "to do" lists, and/or addresses and telephone numbers; (iii) any voicemail; and (iv) any instant message storage.

10. "Concerning" means consisting of, relating to, referring to, describing, evidencing, or constituting, in whole or in part.

11. This request to produce calls for documents that were created, sent, or received during the period of June 14, 2004 to the present or which relate to activities performed or to be performed during that time period.

12. If Deponent claims that any requested document is protected from disclosure by any privilege, Deponent shall provide a log setting forth the information required by the Federal Rule of Civil Procedure 26(b)(5). Any such claim of privilege shall not excuse the production of non-privileged information.

## DOCUMENTS TO BE PRODUCED

1. Any and all documents, including, but not limited to, correspondence, reports, notes, memoranda and e-mail, concerning any communication, concerning TASK, Barbour, Griffith & Rogers, LLC and/or the Plaintiff, between or among any of the following: Deponent; TASK; Barbour, Griffith & Rogers, LLC; Kent town officials; any official or employee in the United States Department of the Interior; any United States Representative or Senator or his or her staff; any official or employee of the State of Connecticut; or any other person.

2. All documents reflecting the names and/or addresses of any of TASK's contributors, members, shareholders, officers, and/or directors.

3. All minutes or notes or other documents taken at or prepared during, prior to, or after any meeting or public or private presentation concerning the Plaintiff, TASK and/or Barbour, Griffith & Rogers, LLC, including, but not limited to, agenda, attendance lists, and minutes.

4. Any and all statements or testimony, whether presented orally or submitted in writing by Deponent to TASK; the Town of Kent; said Town's Town Meetings or Selectmen's meetings; Barbour, Griffith & Rogers, LLC; members of the United States House of Representatives or Senate; the State of Connecticut or any official thereof; or the United States Department of the Interior or any official or employee thereof.

5. Any and all bills showing telephone calls placed or received by Deponent concerning Plaintiff, TASK, Barbour, Griffith & Rogers, LLC, and/or the Plaintiff.

6. All charts, graphs, Power Point presentations, audios, videos, CDs, DVDs, or other presentations or materials prepared by or for Deponent or at his request or the request of Barbour, Griffith & Rogers, LLC concerning TASK's goals, objectives, strategy or purpose or the Plaintiff.

7. Visual or audio reproductions of any meeting concerning TASK, Barbour, Griffith & Rogers, LLC, or the Plaintiff.

8. All documents provided to Deponent regarding TASK, Plaintiff or Barbour, Griffith & Rogers, LLC.

9. Any reports from Barbour, Griffith & Rogers, LLC regarding services rendered by them to TASK.

HARTFORD: 643333.02