EXHIBIT C

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
V.
43.47 ACRES OF LAND, MORE OR LESS,
SITUATED IN THE COUNTY OF
LITCHFIELD, TOWN OF KENT, ET AL.,
(See Attached Caption Sheet)

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]

H-85-1078 (PCD)
3:98-CV-01113 (PCD)
3:00-CV-0820 (PCD)

TO: Kenneth F. Cooper
32 Mountain View Road, Kent, CT 06757

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| McCarter & English, LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103 | July 18, 2005 1:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Notice of Deposition

| PLACE | DATE AND TIME |
| --- | --- |
| McCarter & English, LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103 | July 18, 2005 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature]   Attorney for Plaintiff Schaghticoke Tribal Nation | 7/1/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Reif, McCarter & English, LLP
CityPlace I, 185 Asylum Street, Hartford, CT 06103    860/275-6700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## NOTICE OF VIDEOTAPED DEPOSITION OF KENNETH COOPER

PLEASE TAKE NOTICE that Plaintiff Schaghticoke Tribal Nation will take the videotaped deposition of Kenneth Cooper pursuant to Rule 30 of the Federal Rules of Civil Procedure on **Monday, July 18, 2005, at 1:00 p.m.** before a notary public or other officer authorized to administer oaths by law, at the offices of McCarter & English, LLP, CityPlace I, 185 Asylum Street, 36th Floor, Hartford, Connecticut 06103. The deposition will be conducted upon oral examination and will be recorded stenographically.

PLEASE TAKE FURTHER NOTICE that Deponent will be required to produce and permit for inspection at the deposition, the documents specified in Schedule "A" attached hereto.

All counsel are invited to be present and cross-examine on behalf of their client.

THE PLAINTIFF,
SCHAGHTICOKE TRIBAL NATION
BY MCCARTER & ENGLISH LLP
ITS ATTORNEYS

By _____
Eric W. Wiechmann (CT 04331)
David Reif (CT 0024)
Salvatore N. Fornaciari (CT 22684)
185 Asylum Street
Hartford, CT 06103
(860) 275-6700 (phone)
(860) 724-3397 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. H-85-1078(PCD) |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, et al, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-98-CV 01113 (PCD) |
| v. | ) | |
| | ) | |
| KENT SCHOOL CORPORATION, INC., et al | ) ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-00-CV 0820 (PCD) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA AND THE CONNECTICUT LIGHT AND POWER COMPANY, et al | ) ) ) | |
| Defendants. | ) | JULY 1, 2005 |

# SCHEDULE "A"

## INSTRUCTIONS AND DEFINITIONS

1. This request to produce shall be continuing to the full extent permitted by law. Accordingly, if subsequent to serving a response to this request to produce, or any part thereof, you obtain or become aware of additional documents or information responsive to this request to produce, you are required to provide a supplemental response which will augment or otherwise modify the previous response. Such supplemental responses are to be made and served upon plaintiff within thirty (30) days after you receive or become aware of such additional documents or information.

2. Clear and exact copies of the documents specified below may be produced in lieu of originals provided that you maintain such originals in an accessible place.

3. These requests for production of documents should be read, interpreted, and responded to in accordance with the definitions, instructions and detail required by the Connecticut Rules of Federal Procedure.

4. "Communication" means any oral, written, or electronic transmission of information in the form of facts, opinions, belief, ideas, inquiries, or statements, including any correspondence, electronic mail, notes, memoranda, telephone calls, facsimiles, seminars, conferences, messages, conversations, meetings or discussions.

5. "TASK" means Town Action to Save Kent, Inc. ("TASK"); its affiliates; predecessors, whether formally incorporated, unincorporated, or ad hoc; successors; officers; directors; attorneys; agents; employees; consultants; and representatives.

6.  "Barbour, Griffith & Rogers, LLC" means Barbour, Griffith & Rogers, LLC; its personnel; affiliates; predecessors; successors; officers; directors; attorneys; agents; employees; consultants; and representatives acting on its behalf.

7.  "Plaintiff" means Schaghticoke Tribal Nation, its attorneys, agents, employees and representatives acting on their behalf.

8.  "And/or" should always be construed in the manner that would include, rather than exclude, a document.

9.  "Document" or "documents" means any written, recorded, filmed or graphic matter, however produced or reproduced on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations and all copies which are different in any way from the original by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in your possession, custody or control, or in the possession, custody or control of you, or any persons acting on your behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by you to exist. This request shall specifically include, but not be limited to, (i) the electronic data stored on any computer, whether maintained at your office or home or maintained on any laptop or other portable computer; (ii) any PDA, Blackberry, or other device which stores appointments, memoranda, tasks, "to do" lists, and/or addresses and telephone numbers; (iii) any voicemail; and (iv) any instant message storage.

10.     "Concerning" means consisting of, relating to, referring to, describing, evidencing, or constituting, in whole or in part.

11.     This request to produce calls for documents that were created, sent, or received during the period of June 14, 2004 to the present or which relate to activities performed or to be performed during that time period.

12.     If Deponent claims that any requested document is protected from disclosure by any privilege, Deponent shall provide a log setting forth the information required by the Federal Rule of Civil Procedure 26(b)(5). Any such claim of privilege shall not excuse the production of non-privileged information.

## DOCUMENTS TO BE PRODUCED

1. Any and all documents, including, but not limited to, correspondence, reports, notes, memoranda and e-mail, concerning any communication, concerning TASK, Barbour, Griffith & Rogers, LLC and/or the Plaintiff, between or among any of the following: Deponent; TASK; Barbour, Griffith & Rogers, LLC; Kent town officials; any official or employee in the United States Department of the Interior; any United States Representative or Senator or his or her staff; any official or employee of the State of Connecticut; or any other person.

2. All documents reflecting the names and/or addresses of any of TASK's contributors, members, shareholders, officers, and/or directors.

3. All minutes or notes or other documents taken at or prepared during, prior to, or after any meeting or public or private presentation concerning the Plaintiff, TASK and/or Barbour, Griffith & Rogers, LLC, including, but not limited to, agenda, attendance lists, and minutes.

4. Any and all statements or testimony, whether presented orally or submitted in writing by Deponent to TASK; the Town of Kent; said Town's Town Meetings or Selectmen's meetings; Barbour, Griffith & Rogers, LLC; members of the United States House of Representatives or Senate; the State of Connecticut or any official thereof; or the United States Department of the Interior or any official or employee thereof.

5. Any and all bills showing telephone calls placed or received by Deponent concerning Plaintiff, TASK, Barbour, Griffith & Rogers, LLC, and/or the Plaintiff.

6. All charts, graphs, Power Point presentations, audios, videos, CDs, DVDs, or other presentations or materials prepared by or for Deponent or at his request or the request of Barbour, Griffith & Rogers, LLC concerning TASK's goals, objectives, strategy or purpose or the Plaintiff.

7. Visual or audio reproductions of any meeting concerning TASK, Barbour, Griffith & Rogers, LLC, or the Plaintiff.

8. All documents provided to Deponent regarding TASK, Plaintiff or Barbour, Griffith & Rogers, LLC.

9. Any reports from Barbour, Griffith & Rogers, LLC regarding services rendered by them to TASK.

HARTFORD: 643331.02

EXHIBIT D

**UNITED STATE DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | : CIVIL ACTION<br>: Case No: H-85-1078 (PCD) |
| v. | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL, *Defendants,* | |
| SCHAGHTICOKE TRIBAL NATION *Plaintiff,* | : CIVIL ACTION<br>: Case No: 3:98cv1113 (PCD) |
| v. | |
| KENT SCHOOL *Defendant,* | |
| SCHAGHTICOKE TRIBAL NATION *Plaintiff,*<br>v. | : CIVIL ACTION<br>: Case No. 3:00cv0820 (PCD) |
| UNITED STATES OF AMERICA AND CONNECTICUT LIGHT AND POWER COMPANY *Defendants.* | : JULY 21, 2005 |

**RESPONSE AND OBJECTIONS OF TOWN ACTION TO SAVE KENT, INC., JAMES N. PERKINS AND KENNETH F. COOPER TO SUBPOENA SERVED BY SCHAGHTICOKE TRIBAL NATION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 45, the non-party deponents, James N. Perkins, Kenneth F. Cooper and Town Action to Save Kent, Inc. hereby respond and object to the Subpoenas served on them by Schaghticoke Tribal Nation as follows:

Pursuant to its motion dated February 17, 2005, Schaghticoke Tribal Nation sought permission to conduct limited discovery. In its conclusion, Schaghticoke Tribal Nation stated: "Based on the foregoing, the Tribe respectfully requests that the Court allow it to conduct limited discovery concerning (1) The extent of the partys' or amici's involvement in TASK, including formation of its policies, its decision to hire a lobbying firm and any donations of money or other support; and (2) the extent of TASK's conduct in contacting employees and/or officials of the Department of Interior through lobbying firms or otherwise."

Schaghticoke Tribal Nation, therefore, sought a Court order permitting "<u>limited</u>" discovery.

On May 20, 2005, the U.S. District Judge ordered that the Schaghticoke Tribal Nation's Motion for Permission to Conduct Limited Discovery was granted "for the purpose of determining whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior has been violated." Thus, the Court's order permitted limited discovery to determine whether any party to the District Court Litigation or Amici had any meetings or contact with officials of the Department of the Interior.

Schaghticoke Tribal Nation has now issued subpoenas for Town Action to Save Kent, Inc. (hereinafter "TASK"), James N. Perkins and Kenneth F. Cooper, both individuals being members of TASK. Pursuant to those subpoenas, Schaghticoke Tribal Nation has commanded these three non-party deponents to produce and permit inspection and copying of certain voluminous documents at the time of deposition of these three non-party deponents. See Exhibits A, B, and C attached hereto.

The documents which the three non-party deponents have been directed to produce are way beyond the scope of the limited Court order issued in this case on May 20, 2005.

As for the documents to be produced by TASK:

2

<u>Request Number 1</u>. The non-party deponent, TASK, would agree to produce any and all documents, including, but not limited to, correspondence, reports, notes, memoranda and e-mail, concerning any communication pertaining to the Plaintiff and related to proceedings for the recognition of the STN and/or IBIA proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A, between TASK's officers, directors, members, employees, agents, or consultants and/or Barbour, Griffith & Rogers, LLC and any official or employee in the United States Department of the Interior or Kent town officials concerning meetings or communications with the Department of the Interior or any official or employee thereof.

<u>Request Number 2</u>. TASK objects to the production of its financial records including lists of all persons who have contributed any funds to TASK and photocopies of checks deposited to TASK accounts, TASK's financial journals and lists of its expenditures. Such information is confidential, privileged and of a commercial nature and is far beyond the scope of the Court's order.

<u>Request Number 3</u>. TASK would produce a list or a document reflecting the names and addresses of it shareholders, officers and directors.

<u>Request Number 4</u>. TASK would produce all minutes or notes or other documents taken at or prepared during, prior to, or after any meeting or public or private presentation concerning the Plaintiff relating to proceedings for the recognition of the STN and/or IBIA proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A, by TASK and/or Barbour, Griffith & Rogers, LLC, pertaining to any meeting with or presentation with any official or employee of the Department of the Interior, or to or with Kent town officials concerning meetings or communications with the Department of the Interior or any official or employee thereof, including, but not limited to, agenda, attendance lists, and minutes.

Request Number 5. TASK would produce any and all statements or testimony whether presented orally or submitted in writing by TASK or on TASK's behalf to the United States Department of the Interior or any official or employee thereof, or presented to the Town of Kent, said towns, town meetings or Selectmen's meetings concerning meetings or communications with the Department of the Interior or any official or employee thereof.

Request Number 6. TASK objects to the production of any and all bills showing telephone calls placed or received by TASK or on TASK's behalf.

Request Number 7. TASK would produce all charts, graphs, PowerPoint presentations, audios, videos, CDs, DVDs, or other presentations or materials prepared by or for TASK or Barbour, Griffith & Rogers, LLC or at TASK's request or at the request of Barbour, Griffith & Rogers, LLC concerning TASK's goals, objectives, strategy or purpose which include any reference to meetings or communications with the Department of the Interior or any officials or employees thereof, concerning the Plaintiff related to proceedings for the recognition of the STN and/or IBIA proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

Request Number 8. TASK objects to presenting all visual or audio reproductions of meetings concerning TASK, Barbour, Griffith & Rogers, LLC or the Plaintiff. This request is extremely broad and well outside the scope of the Court's discovery order.

As to the document production demand directed to the non-party deponents, James N. Perkins and Kenneth F. Cooper:

Request Number 1. See TASK's response pertaining to Request Number 1 directed to TASK.

Request Number 2. See the response to Request Number 3 directed to TASK.

Request Number 3. See response to Request Number 4 directed to TASK.

<u>Request Number 4</u>. See response pertaining to Request Number 5 directed to TASK.

<u>Request Number 5</u>. See response to Request Number 6 directed to TASK.

<u>Request Number 6</u>. See response to Request Number 7 directed to TASK.

<u>Request Number 7</u>. See response to Request Number 8 directed to TASK.

<u>Request Number 8</u>. The non-party deponents object to the production of these documents as the request is overly broad and extensive and far beyond the scope of the Court's limited discovery order.

<u>Request Number 9</u>. The non-party deponents object to the production of these documents as the request is overly broad and extensive and far beyond the scope of the Court's limited discovery order.

THE NON-PARTY DEPONENTS,
JAMES N. PERKINS, KENNETH F.
COOPER AND TOWN ACTION TO
SAVE KENT, INC.

By /s/
Thomas W. Beecher (ct 11397)
E-Mail: tbeecher@chgjtlaw.com
COLLINS, HANNAFIN, GARAMELLA,
JABER & TUOZZOLO, P.C.
148 Deer Hill Avenue
Danbury, CT 06810
Their Attorneys
Telephone: (203) 744-2150
Facsimile: (203) 791-1126

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Response and Objections to Town Action to Save Kent, Inc. to Subpoena Served by Schaghticoke Tribal Nation** has been mailed, postage prepaid this 21st day of July, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT  06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT  06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT  06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT  06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC  20037

Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

Robert A. Slavitt, Esq.
Slavitt, Connery, & Vardamis
618 West Avenue
Norwalk, CT  06850

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT  06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT  06123

Renita Ford, Esq.
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
Post Office Box 663
Washington, DC 20004-0663

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW, Mailstop 6456
Washington, D.C. 20240

Eric W. Wiechmann, Esq.
David Reif, Esq.
Salvatore N. Fornaciari, Esq.
MCCARTER & ENGLISH LLP
185 Asylum Street
Hartford, CT 06103

_____
Thomas W. Beecher (ct 11397)