```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,              : CIVIL ACTION NO.
        Plaintiff                      : H-85-1078(PCD)
                                       :
    v.                                 :
                                       :
43.47 ACRES OF LAND, MORE OR LESS,     :
SITUATED IN THE COUNTY OF LITCHFIELD,  :
TOWN OF KENT, ET AL                    :
        Defendants                     :
                                       :
_____

SCHAGHTICOKE TRIBAL NATION             : CIVIL ACTION NO.
        Plaintiff                      : 3-98-CV01113(PJD)
                                       :
    v.                                 :
                                       :
KENT SCHOOL CORPORATION, INC.; ET AL.  :
        Defendants                     :
                                       :
_____

SCHAGHTICOKE TRIBAL NATION             : CIVIL ACTION NO.
        Plaintiff                      : 3-00-CV-00820 (PJD)
                                       :
    v.                                 :
                                       :
UNITED STATES OF AMERICA AND THE       :
CONNECTICUT LIGHT AND POWER COMPANY    :
        Defendants                     : August 4, 2005
                                       :
_____
```

**OBJECTION**

Pursuant to Rule 45(c), the non party deponent, FRANCELIA

2

JOHNSON, objects to the production, inspection and copying of documents as set forth in the subpoena duces tecum served upon her by the Schaghticoke Tribal Nation on August 2, 2005.

In support of this Objection, the non party deponent, FRANCELIA JOHNSON, represents as follows:

1. On August 2, 2005, the deponent was served with a subpoena duces tecum, dated July 29, 2005, indicating that the Schaghticoke Tribal Nation intended to take her deposition on August 8, 2005. A copy of the subpoena duces tecum is attached hereto as Exhibit A.

2. The subpoena duces tecum directs the deponent to produce all historical documents and research in the deponent's possession concerning the Schaghticoke Indians from the beginning of time to the present date, and specifically requested the production of:

> 1. Any and all documents, including but not limited to, records, books, notebooks, loose-leaf notebooks, notes, ledgers, birth certificates, cemetery sketches, obituaries, genealogical trees, marriage licenses or other references to marriages and any and all other writings or documents or historical, genealogical or other information in your possession or custody or under your control concerning any Schaghticoke indian or any person of any Schaghticoke ancestry alive or dead, including without limitation notebooks containing genealogical information relative to the Kilson, Harris, and Coggswell families and any other

3

Schaghticoke indian or any person of Schaghticoke ancestry.

2. Any and all documents or material concerning marriages involving any Schaghticoke indian or any person of any Schaghticoke ancestry during the first half of the 19th century.

3. Any and all documents or material concerning marriages, births, burial locations, death, children, divorces, church affiliations for any indian residing in Kent, Connecticut or neighboring towns, including those names listed in attachment 1.[1]

4. Any and all documents or material referencing names of Schaghticoke tribal leaders or spokesmen for the first half of the 19th century.

5. All documents and material comprising the Preliminary Compilation, as defined herein and in attachment 2.

4. The subpoena duces tecum also included an extensive list of Instructions and Definitions that even more broadly defines the scope of the documents and material to be produced, and in paragraph 1, purports to impose upon the deponent a continuing duty to disclose.

5. The deponent is an "amateur" historian who has a specific interest in individuals who have lived in Kent, Connecticut from birth to death. In 2000, the deponent self published a book that summarized the public information available

---

[1] Attachment 1 contains a list of apparent "marriages" involving 154

4

on such individuals based primarily upon a examination of the Kent records of vital statistics, based upon her personal examination of Kent cemetery headstones and, to a lesser degree, on obituaries and other documents that she has collected. The book covered the period of 1739 through 1999 and summarized the dates of birth, marriage, marriage partner, deaths and place of burial in Kent of the individuals covered. At least one historian/researcher employed by the Schaghticoke Tribal Nation, Donna Hearn, has purchased this book from the deponent.

 6. The deponent also has a more general interest in the history of Kent and for many years has conducted general research and collected information that touches upon Kent history, including some information that relates to Schaghticoke Indians.

 7. The deponent has not been disclosed as an expert witness in this matter. To the extent that she has documents based upon her research, investigations, collections and compilations that are within the scope of the subpoena, such documents constitute "confidential research" within the meaning of Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure.

---

individuals, some identified as "unknown" or "Schagh.", who were apparently married between 1748 and 1867.

8. In addition, the subpoena will require disclosure of documents and information that reflect the information, opinions and conclusions of the deponent resulting from her research as an unretained expert. Such documents, information, opinions and conclusions do not describe any specific events or occurrences in dispute in these land claim cases. Moreover, such documents, information, opinions and conclusions resulted from the deponent's own studies and investigations, not from studies and investigations made at the request of any party. As such, the documents ordered to be produced are protected from disclosure under Rule 45(c)(3)(B)(ii) in the absence of a showing of a substantial need for the material that cannot be otherwise obtained from the research of the Schaghticoke Tribal Nation's own experts, historians, researchers or other investigators.

9. The document production request is overbroad and burdensome. It is unlimited in time in that it covers the entire history of the Schaghticoke Indians; and in that it seeks discovery of information concerning the birth, death, marriages and other information concerning Schaghticoke Indians that should be within the possession of the Schaghticoke Tribal Nation based upon its own research and submissions to the Bureau of Indian Affairs. In order to comply fully with the subpoena, the

deponent will have to expend considerable time and effort to search through all of her research and records, including that research and those records that are not specifically related to the Schaghticoke Indians but deal more generally with the history of non-Indians and with the history of the Town of Kent.  To some extent she will have to make judgments as to who qualifies as the unnamed "Scahghticoke indians", unnamed "persons of any Schaghticoke ancestry" and unnamed "indians residing in Kent" in order to meet the document production demand set forth in paragraphs 1, 2 and 3 of the subpoena.  As such, the subpoena serve only to harass the deponent and cause an unreasonable burden to her.

    10.  The document production request is made in violation of Rule 26(b)(1) in that the documents to be produced are not reasonably calculated to lead to the discovery of admissible evidence.  The cases pending in federal court are land claim matters.  The document production request, however, relates broadly to the personal history and genealogies of the Indians at Schaghticoke.  The subpoena is directed not to the land claims matters, but rather to the discovery of information that may be pertinent to the Schaghticoke Tribal Nation's ancillary petition for federal acknowledgment now pending before the Bureau of

Indian Affairs.  The evidentiary record in that administrative proceeding, however, is closed and no further evidence will be accepted by the Office of Federal Acknowledgement.  See this Court's <u>Order on Motion to Amend Scheduling Order</u>, dated July 23, 2005, page 6, attached hereto as Exhibit B.

    11.  The Schaghticoke Tribal Nation has previously sought to compel the deponent to testify and produce her research and other documents in the case of <u>Eastlander Group, LLC v. Schaghticoke Tribal Nation</u>, Connecticut Superior Court, Judicial District of Hartford, Docket # CV 03-0829544 S.  That action was brought to confirm an arbitration award arising from a dispute between the Eastlander Group and the Schaghticoke Tribal Nation concerning a joint venture agreement to provide funding for Schaghticoke Tribal Nation's efforts to achieve federal recognition and concerning future Schaghticoke/Eastlander gaming activities.  Judgment affirming the arbitration award was entered on November 24, 2003.  In a post judgment notice of deposition, the Schaghticoke Tribal Nation sought to compel the deponent to testify and to produce her research concerning the Indians at Schaghticoke without any notice to the parties in these federal proceedings.

12. In an effort to resolve the testimonial and document production dispute in the <u>Eastlander</u> case, counsel for the deponent offered to provide the parties in this litigation with certain research and materials concerning the Indians at Schaghticoke. See Attachment 2 in the Notice of Deposition attached to the subpoena duces tecum. That offer was as follows:

> On the basis hereafter described, Mrs. Johnson is willing to provide the following materials to the parties in the federal litigation involving the Schaghticoke Tribal Nation now pending before Judge Dorsey. Her proposal is intended to provide a level playing field for all parties.
>
> The materials to be provided appear to be a "primary compilation" (my term) of Mrs. Johnson's research and material concerning the Indians at Schaghticoke. The materials appear to include original research and notes; partial genealogies and notes; notes and/or materials obtained from others; newspaper clippings, writings, genealogical research and notes, all collected by Mrs. Johnson. Some of the material is organized; some is not. Simply by size, I estimate the package to contain 200 to maybe 500 pages. Mrs. Johnson does not represent that the collection represents all of her research and documentation in her possession. Rather, the collection is simply her primary package of material that is readily accessible and available.
>
> Mrs. Johnson is willing to provide the material in response to a <u>limited</u> Notice of Deposition or other discovery request that requests her to provide this "primary compilation" collection on not less than fourteen (14) days prior notice to all parties. Upon receipt of that notice I will arrange for the materials

>   to be copied by a commercial service (I believe 10
>   copies are necessary) and the firm requesting the
>   production (presumably McCarter & English) must agree
>   to reimburse me for the copying costs.
>
>   Assuming no objection is made to the production of the
>   documents by others, copies of the documents will be
>   provided to all parties on the appropriate date
>   together with Mrs. Johnson's affidavit indicating the
>   nature of the documents produced.  She will not appear
>   physically to testify.
>
>   Assuming the discovery request is limited to the
>   specific materials described above and the other
>   conditions of this proposal are satisfied, Mrs. Johnson
>   will not object to the production of the material.  In
>   addition, in my capacity as counsel for the Town of
>   Kent, I will not object to the production of the
>   material made in compliance with this proposal.

13. Although the deponent remains willing to provide her "primary compilation" documents to the parties on the terms and conditions set forth in Paragraph 11 above, the subpoena duces tecum is completely inconsistent with the deponent's proposal; and the deponent and the Schaghticoke Tribal Nation are unable to resolve their disagreements concerning the demands of the subpoena duces tecum.

14. In issuing the subpoena duces tecum, counsel for the Schaghticoke Tribal Nation has failed to take reasonable steps to avoid imposing an undue burden or expense upon the deponent in violation of Rule 45(c)

10

WHEREFORE, the non party deponent, FRANCELIA JOHNSON, objects to the document production request contained in the subpoena duces tecum.

                                RESPECTFULLY SUBMITTED,
                                FRANCELIA JOHNSON


                          By _s/ Jeffrey B. Sienkiewicz
                             Jeffrey B. Sienkiewicz
                             Fed. Bar No. CT 06371
                             Sienkiewicz & McKenna, P.C.
                             9 South Main St., P.O. Box 786
                             New Milford, CT 06776
                             Tel.(860)354-1583
                             Telefax:  (860) 355-4439
                             E-mail:   nm4jds@aol.com

MCH-C\Kent\Schaghticoke\Johnson Motion to Quash

## CERTIFICATION

This is to certify that on August 4, 2005, a copy of the foregoing was sent via First Class United States Mail, postage prepaid, to:

Eric Watt Wiechmann, Esq.
Salvatore N. Fornaciari, Esq.
David Reif, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

David J. Elliott, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

James R. Fogarty, Esq.
Leland C. Selby, Esq.
Fogarty, Cohen, Selby & Neimeroff, LLC
88 Field Point Road
P. O. Box 2508
Greenwich, CT 06836-2508

Richard L. Street, Esq.
Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110

Mark S. Kohler, Esq.
Susan Quinn Cobb, Esq.
Office of the Attorney General
55 Elm Street,
P. O. Box 120
Hartford, CT 06161

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy. P.C.
One State Street
Hartford, CT 06123

```
John B. Hughes, Esq.
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street
P. O. Box 1824
New Haven, CT  06510

Robert A. Slavitt, Esq.
Slavitt, Connery & Vardamis
618 West Avenue,
Norwalk, CT  06850

Michael J. Burns, Esq.
57 Pratt Street #604
Hartford, CT  06103

Thomas W. Beecher, Rsq.
Collins, Hannafin, Garamella,
  Jaber & Tuozzolo, P.C
148 Deer Hill Avenue
Danbury, CT  06810
```

                                              _s/ Jeffrey B. Sienkiewicz
                                              Jeffrey B. Sienkiewicz

MCH-C\Kent\Schaghticoke\Johnson Motion to Quash