```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,              : CIVIL ACTION NO.
          Plaintiff                    : H-85-1078(PCD)
                                       :
     v.                                :
                                       :
43.47 ACRES OF LAND, MORE OR LESS,     :
SITUATED IN THE COUNTY OF LITCHFIELD,  :
TOWN OF KENT, ET AL                    :
          Defendants                   :
                                       :
_____

SCHAGHTICOKE TRIBAL NATION             : CIVIL ACTION NO.
          Plaintiff                    : 3-98-CV01113(PJD)
                                       :
     v.                                :
                                       :
KENT SCHOOL CORPORATION, INC.; ET AL.  :
          Defendants                   :
                                       :
_____

SCHAGHTICOKE TRIBAL NATION             : CIVIL ACTION NO.
          Plaintiff                    : 3-00-CV-00820 (PJD)
                                       :
     v.                                :
                                       :
UNITED STATES OF AMERICA AND THE       :
CONNECTICUT LIGHT AND POWER COMPANY    :
          Defendants                   : August 5, 2005
                                       :
_____
```

**MOTION FOR PROTECTIVE ORDER
FILED BY TOWN OF KENT**

Pursuant to Federal Rules of Civil Procedure, Rule 26(c)

the Defendant, Town of Kent, moves for an order of protection prohibiting the deposition of Francelia Johnson which has been noticed by the Schahgticoke Tribal Nation for August 8, 2005 pursuant to the Notice of Deposition dated July 29, 2005 attached hereto as Exhibit B.

The Town of Kent supports and endorses the <u>Motion to Quash and Motion For Protective Order</u>, dated August 4, 2005, filed by the deponent, Francelia Johnson, and incorporates herein the reasoning which she cites for quashing the subpoena and for issuance of a protective order.

The Town of Kent also supports and endorses the <u>Motion for Protective Order of The Connecticut Light And Power Company and Kent School Corporation, Inc.</u>, dated August 5, 2005. The Town of Kent incorporates herein the reasoning which those defendants cite for issuance of a protective order.

In further support of those motions, the Town of Kent attaches the <u>Declaration of Jeffrey B. Sienkiewicz</u> which describes recent events and dealings with counsel for the Schaghticoke Tribal Nation with respect to the deposition of Mrs. Johnson and the discovery of her research and records.

Pursuant to Rule 26(c), the undersigned, Jeffrey B. Sienkiewicz, conferred with Eric W. Wiechmann, counsel for the Schaghticoke Tribal Nation in these procedings, on August 2 and August 3, 2005 in an good faith effort to resolve the objections to the Notice of Deposition raised by the Town of Kent. The parties were unable to come to an agreement resolving those objections.

WHEREFORE, the Town of Kent requests the court to enter a protective order prohibiting the deposition of Francelia Johnson.

                        RESPECTFULLY SUBMITTED,
                        TOWN OF KENT

By __s/ Jeffrey B. Sienkiewicz
   Jeffrey B. Sienkiewicz
   Fed. Bar No. CT 06371
   Sienkiewicz & McKenna, P.C.
   9 South Main St., P.O. Box 786
   New Milford, CT 06776
   Tel.(860)354-1583
   Telefax:  (860) 355-4439
   E-mail:  nm4jds@aol.com

CERTIFICATION

This is to certify that on August 5, 2005, a copy of the foregoing was sent via First Class United States Mail, postage prepaid, to:

Eric Watt Wiechmann, Esq.
Salvatore N. Fornaciari, Esq.
David Reif, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

David J. Elliott, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

James R. Fogarty, Esq.
Leland C. Selby, Esq.
Fogarty, Cohen, Selby & Neimeroff, LLC
88 Field Point Road
P. O. Box 2508
Greenwich, CT  06836-2508

Richard L. Street, Esq.
Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT  06721-1110

Mark S. Kohler, Esq.
Susan Quinn Cobb, Esq.
Office of the Attorney General
55 Elm Street,
P. O. Box 120
Hartford, CT  06161

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy. P.C.
One State Street
Hartford, CT  06123

John B. Hughes, Esq.
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street
P. O. Box 1824
New Haven, CT  06510

Robert A. Slavitt, Esq.
Slavitt, Connery & Vardamis
618 West Avenue,
Norwalk, CT  06850

Michael J. Burns, Esq.
57 Pratt Street #604
Hartford, CT  06103

Thomas W. Beecher, Rsq.
Collins, Hannafin, Garamella,
  Jaber & Tuozzolo, P.C
148 Deer Hill Avenue
Danbury, CT  06810

                                              __s/ Jeffrey B. Sienkiewicz
                                              Jeffrey B. Sienkiewicz

MCH-C\Kent\Schaghticoke\Johnson Motion to For Protective Order

**Exhibit A**

Case 2:85-cv-01078-PCD    Document 267    Filed 08/08/2005    Page 6 of 13

**DECLARATION OF JEFFREY B. SIENKIEWICZ**

STATE OF CONNECTICUT   )
                       )  ss: New Milford  August 5, 2005
COUNTY OF LITCHFIELD   )

Jeffrey B. Sienkiewicz, having a place of business at 9 South Main Street, New Milford, Connecticut, having first been cautioned and sworn, does depose and say:

1. I am an attorney at law and represent the Defendant, Town of Kent, in the District Court for the District of Connecticut in the case entitled <u>Schaghticoke Tribal Nation v. Kent School Corporation, et al.</u>, Case No. 3-98-CV01113 (PJD). I also represent the Town of Kent as an "interested party" in proceedings concerning the petition for federal acknowledgment filed by the Schaghticoke Tribal Nation before the United States Department of Interior, Bureau of Indian Affairs.

2. I have also filed an Appearance for the non party deponent, Francelia Johnson, in these federal court proceedings.

3. I also represent the non party deponent, Francelia Johnson, in a matter entitled <u>Eastlander Group, LLC v. Schaghticoke Tribal Nation</u>, Docket # CV 03-0829544 S, filed in Connecticut Superior Court, Judicial District of Hartford, at Hartford. In said matter, the Schaghticoke Tribal Nation, on July 16, 2005, noticed the deposition of Francelia Johnson to be held on July 21, 2005. The Notice of Deposition directed

1

Francelia Johnson to produce the following documents:

> Any and all books, records, notebooks, loose-leaf notebooks, notes, ledgers, birth certificates, cemetery sketches, obituaries, genealogical trees, marriage licenses or other references to marriages, whether endogamous or exogamous, and any and all other writings or documents or historical, genealogical or other information in your possession or custody or under your control (whether originals or copies) relative to any Schaghticoke indian or any person of any Schaghticoke ancestry alive or dead.
>
> Including without limitation notebooks containing genealogical information relative to the Kilson, Harris, and Coggswell families and any other Schaghticoke indians or persons of Schaghticoke ancestry.

4. On behalf of Mrs. Johnson, I filed a <u>Motion for Protective Order</u>, dated July 18, 2005, in the state court action.

5. On or about July 19, 2005, I telephoned Attorney Benjamin Engel, counsel to the Schaghticoke Tribal Nation in the state court proceedings, to advise him that I had filed the <u>Motion for Protective Order</u>. During that conversation, we discussed whether it was improper in the state court proceedings for the Schaghticoke Tribal Nation to notice the deposition of Francelia Johnson and to seek production of her research, records and documents pertaining to the Indians at Schaghticoke, including her research relating to genealogy and marriages issues as those issues were not before the state court.

6. The state court action had been brought to affirm an

arbitration award rendered against the Schaghticoke Tribal Nation with respect to its joint venture agreement with the Eastlander Group, LLC concerning funding for the Schaghticoke Tribal Nation's efforts to achieve federal recognition and concerning future Schaghticoke/Eastlander gaming activities.

7.  During our conversation, Mr. Engel stated that the purpose for the deposition and document production request was to enable the Schaghticoke Tribal Nation to justify to the Eastlander Group, LLC the need for additional funding of the Schaghticoke Tribal Nation's research efforts.  Mr. Engel indicated that it was not the purpose of the deposition and the document production request to secure Mrs. Johnson's research for filing in connection with the Schaghticoke Tribal Nation's petition for federal acknowledgment.

8.  On July 20, 2005, the Schaghticoke Tribal Nation filed its <u>Opposition to Motion For Protective Order</u> in state court. In paragraph 5 of that pleading, the Schaghticoke Tribal Nation asserted that it was necessary for the Schaghticoke Tribal Nation to take Mrs. Johnson's deposition and to review her records for the following reason:

> 5.  Defendant [Schaghticoke Tribal Nation] requires the ability to review these records because they may help the Defendant comply with its Agreement with the Plaintiff [Eastlander Group, LLC] by helping demonstrate Defendant's entitlement to federal recognition as a Native American tribe.  Also, the information is potentially relevant to current issues

3

>between Defendant and Plaintiff under the Agreement
>relative to demonstrating the compensability of
>professional work requested by Defendant.  Plaintiff
>has advised Defendant it has no objection to this
>deposition occurring.

A copy of the Schaghgticoke Tribal Nation's <u>Opposition to Motion For Protective Order</u> (without exhibits) is attached hereto as Exhibit C.

    9.  In an article appearing in the <u>Hartford Currant</u> on July 21, 2005, Mr. Engel was quoted as stating:

>We have to make sure our investor understands the need
>to pursue this information[.]  We have to show our
>investor the need for this historical research.

This statement is entirely consistent with the statements that Mr. Engel made to me on July 19th to the effect that the information was needed to persuade the investor to fund additional research, not for submission to the Bureau of Indian Affairs in connection with the petition for federal acknowledgment.  A copy of the Hartford Currant article from its web site is attached hereto as Exhibit D.

    10.  As a result of subsequent discussions between the undersigned and Mr. Engel aimed at <u>limiting</u> the scope of the Schaghticoke Tribal Nation's discovery request in state court, Mr. Engel submitted a list of 87 "marriage" relationships involving 154 individuals, some identified as "unknown" or "Schagh." for whom the Schaghticoke Tribal Nation sought Mrs. Johnson's research and records.  This list subsequently was

4

incorporated as document production request #3 in the subpoena duces tecum served upon Francelia Johnson in these federal court proceedings.  See paragraph 12, post and Exhibit B, Attachment 1.

    11.  On July 22, 2005, I telephoned Mr. Engel and advised him: a) that it would be too burdensome for Mrs. Johnson to cull through her all of her research and records to try to locate specific information concerning the 154 individuals involved in the 87 marriage relationships; b) that Mrs. Johnson was unwilling to provide her research and records on an ex-parte basis to the Schaghticoke Tribal Nation in the state court proceedings; and c) that Mrs. Johnson was conditionally willing to provide copies of her "primary compilation" of research and materials simultaneously to all the parties in these federal court proceedings upon payment of costs, adequate notice and absent objection by other parties.  I confirmed the essential substance of this conversation by letter to Mr. Engel, dated July 22, 2005.  That letter is now incorporated as document production request #4 in the subpoena duces tecum served upon Francelia Johnson in these federal court proceedings. See paragraph 12, post and Exhibit B, Attachment 2.

    12.  On August 2, 2005, Mrs. Johnson was served with a subpoena duces tecum, dated July 29, 2005, indicating that the Schaghticoke Tribal Nation intended to take her deposition on

August 8, 2005. The subpoena duces tecum directed Mrs. Johnson to produce:

> 1. Any and all documents, including but not limited to, records, books, notebooks, loose-leaf notebooks, notes, ledgers, birth certificates, cemetery sketches, obituaries, genealogical trees, marriage licenses or other references to marriages and any and all other writings or documents or historical, genealogical or other information in your possession or custody or under your control concerning any Schaghticoke indian or any person of any Schaghticoke ancestry alive or dead, including without limitation notebooks containing genealogical information relative to the Kilson, Harris, and Coggswell families and any other Schaghticoke indian or any person of Schaghticoke ancestry.
>
> 2. Any and all documents or material concerning marriages involving any Schaghticoke indian or any person of any Schaghticoke ancestry during the first half of the 19th century.
>
> 3. Any and all documents or material concerning marriages, births, burial locations, death, children, divorces, church affiliations for any indian residing in Kent, Connecticut or neighboring towns, including those names listed in attachment 1.[1]
>
> 4. Any and all documents or material referencing names of Schaghticoke tribal leaders or spokesmen for the first half of the 19th century.
>
> 5. All documents and material comprising the Preliminary Compilation, as defined herein and in attachment 2.

A copy of that subpoena duces tecum is attached hereto as Exhibit B.

    13. The document production request set forth in the subpoena, paragraphs 1, 3 and 5, are substantially identical to

---

[1] Attachment 1 contains the list of 87 "marriages" involving 154

the document production request made or discussed in the context of the state court proceeding. Document production request, paragraph 2, although worded differently, also falls within the scope of the document production request made or discussed in the context of the state court proceeding. In the state court proceeding, however, counsel for the Schaghticoke Tribal Nation had asserted that the documents were not sought with respect to the issue of federal acknowledgment or the proceedings pending in federal court, but was sought to convince the Eastlander Group, LLC that it needed to continue funding the Schaghticoke Tribal Nation's own research efforts.

Dated at New Milford, Connecticut, this 5th day of August, 2005.

>__s/ Jeffrey B. Sienkiewicz_
>Jeffrey B. Sienkiewicz

Subscribed and sworn before me this 5th day of August, 2005.

>__s/ Michael S. McKenna_
>Michael S. McKenna
>Commissioner of the Superior Court

---

individuals, some of whom are identified as "unknown" or "Schagh."

7