UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |
| | : |
| PLAINTIFF, | : CIVIL NO. 3:98CV01113(PCD) |
| | : |
| V. | : |
| | : |
| KENT SCHOOL, | : |
| | : |
| DEFENDANTS. | : |

********

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |
| | : |
| PLAINTIFF, | : CIVIL NO. 3:00CV0820 (PCD) |
| | : |
| V. | : |
| | : |
| THE UNITED STATES OF AMERICA AND THE CONNECTICUT LIGHT AND POWER COMPANY, ET AL | : |
| | : |
| DEFENDANTS | : |

********

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| PLAINTIFF, | : CIVIL NO. H-85-1078(PCD) |
| | : |
| V. | : |
| | : |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL., | : AUGUST 5, 2005 |
| | : |
| DEFENDANTS. | : |

**MOTION FOR PROTECTIVE ORDER OF THE CONNECTICUT LIGHT AND POWER COMPANY AND KENT SCHOOL CORPORATION, INC.**

I.  **INTRODUCTION.**

The defendants, The Connecticut Light and Power Company ("CL&P") and Kent School Corporation, Inc. ("Kent School"), move the court, pursuant to Federal Rules of Civil Procedure 26(c) for an order of protection with respect to the deposition of Francelia Johnson noticed for Monday, August 8, 2005. The reason for the motion is that this discovery should not be allowed under the present Scheduling Orders issued by this court and is beyond the time that new evidence can lawfully be submitted to the Bureau of Indian Affairs ("BIA"). For those reasons, and as explained further below, the moving parties request that the discovery not be had. Pursuant to F.R.C.P. 26(c), on August 4, 2005, Attorney David J. Elliott, who represents Kent School, had a conference with Attorney Eric W. Wiechman, who represents Schaghticoke Tribal Nation ("STN"). They discussed the issues raised by this Motion, but were unable to come to an agreement.

II. **RELEVANT PROCEDURAL BACKGROUND.**

By deposition notice dated July 29, 2005, the plaintiff STN seeks to take the deposition of a non-party to this litigation, Francelia Johnson, on August 8, 2005. A substantial document request was appended to the deposition notice. The document request seeks volumes of documents that appear to be related to tribal acknowledgement issues. A copy of the deposition notice and document request are attached hereto as Exhibit A.

The deposition notice for Francelia Johnson follows the May 12, 2005 decision by the Interior Board of Indian Appeals ("IBIA") to vacate and remand the Final Decision of the BIA and two recent rulings by this Court further modifying the May 8, 2001 stipulated Scheduling Order ("Scheduling Order"). On May 20, 2005, this Court granted STN's Motion for Permission

2

to Conduct Discovery for the sole purpose of determining whether the Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior was violated. The Court ordered that any such depositions take place by October 1, 2005. Most recently, the Court further modified the Scheduling Order in response to a Motion by STN that followed the remand by the IBIA to the BIA and the subsequent decision by the BIA that it would not accept or consider new evidence during the remand because it was not provided for under the regulations. The Court's July 23 order that partially granted STN's Motion allowed the Office of Federal Acknowledgement ("OFA") to provide technical assistance to the parties on the issue of marriage rates by July 15, 2005, allowed the parties to submit any additional evidence on the marriage rate issue by July 25, 2005, and allows the parties to submit argument and analysis to the BIA by August 12, 2005. The court specifically ordered that no new evidence would be allowed with the submission of briefs on August 12, 2005. Thus, this deposition notice comes at a time when the evidentiary record before the BIA has been finally and formally closed and no new evidence can be taken by the BIA or submitted to the BIA under the Agency's own interpretation of its regulations and the order of this Court.

### III.   ARGUMENT.

There are three reasons why this court should not allow this deposition to go forward: First, it is not authorized under the Court's present orders; second, it is for an illegitimate and abusive purpose in that it seeks to gather additional evidence at a time when the evidentiary record has been closed; and third, it is the continuation of discovery abuses by the STN that seek to expand the scope of discovery beyond that authorized by the Court.

First, the discovery that is sought in the deposition of Francelia Johnson is not authorized

3

by the present Scheduling Order, as modified by the Court. While the May 8, 2001 Scheduling Order entered by the court did allow for discovery related to the issue of tribal recognition against non-parties at any time, the most recent rulings by this court make it clear that unlimited, wide-ranging discovery on a wide variety of issues related to tribal recognition should not be allowed at this very late date. The purpose of the original scheduling order was to establish an orderly, fair, timely process that would allow the parties to gather and submit what evidence they had and to allow the BIA to issue an expeditious Final Decision on tribal acknowledgement and, at the BIA's insistence, obtain a definite date upon which the record would be closed. The evidentiary record closed before the Final Decision, and with the exception of the Court's recent ruling allowing limited additional evidence to be submitted on a specific issue, that record has remained closed. Because the evidentiary record is closed, it defies common sense to allow evidence gathering discovery to proceed in the face of a closed record. Indeed, if STN were allowed to continue seeking and submitting evidence at this late stage after the evidentiary record is closed, it would lead to the types of delays in the administrative process that STN feared when it sought to lift the stay in these cases. It is clear that, at least as of February 2005, STN shared this interpretation of the Scheduling Order and understood that it was necessary to seek leave of the Court to conduct additional discovery against parties and non-parties alike.

Following the IBIA remand to the BIA in May 2005, and the subsequent BIA decision that it would not allow new evidence to be submitted on remand because the evidentiary record was closed, STN submitted another motion to amend the Scheduling Order to require the BIA to provide technical assistance and to allow new evidence. In its ruling on that motion, the Court adopted the compromise suggestion of the BIA and allowed for the limited submission of new

4

evidence on the issue of marriage rates by July 25, 2005, but made clear in its ruling that in all other respects, the agency's decision that no new evidence would be allowed would not be disrupted. The court also made it clear that despite the decision to allow new evidence on the marriage rate issue, no evidence was to be submitted after July 25, 2005. Further, STN has made no representation or showing that the documents sought are newly discovered, or that they were hidden by fraudulent means. There is no jusitifcation for this late discovery, and because of the Court's orders on submitting evidence, it cannot lead to the discovery of admissible evidence.

Second, because the request for documents attached to the deposition notice of Francelia Johnson makes it clear that STN seeks information and documents that are well beyond the scope of discovery that is presently allowed under the Scheduling Order, i.e. inquiry into *ex parte* contacts by parties with the Department of the Interior, this discovery should not be had. It would be a waste of the parties' time and expense and an abuse of the discovery process to participate in this deposition when the stated purpose of the deposition on its face is to gather evidence that the BIA has stated it would not consider and that this Court has ordered cannot be submitted to the BIA at this time.

Third, moreover, if the deposition of Francelia Johnson is being taken under the guise that STN's only intended purpose is to inquire into *ex parte* contacts, there is an ample record that STN intends to venture far beyond that limited scope. In a series of depositions and deposition notices that have been issued in the last several weeks, STN has gone far beyond the allowable scope of questioning and sought the production of documents wholly unrelated to the issue of *ex parte* contacts. Even in depositions that have been noticed, but have not yet taken place, STN has made it clear in its broad document requests that it intends to ask questions and seek

documents that are not within the narrow allowable scope. Motions concerning the allowable scope of STN's document requests are presently pending before this Court and the United States District Court for the District of Columbia. As recently as last week, STN attempted to submit documents to the BIA that do not appear to be within the scope of the Court's order on allowable new evidence. (see letter from Attorney Barbara Coen attached as Exhibit B) Even with respect to the deposition of Francelia Johnson, STN has shown a willingness to try to circumvent the established Scheduling Order and rules of proper notice to the parties in this case. The deposition of Francelia Johnson was first noticed several weeks ago in a state court action brought against STN by Eastlander Group, the STN's major investor, to confirm an arbitration award. Eastlander Group v. Schaghticoke Tribal Nation, Docket No. CV03-0829544-S (Judicial District of Hartford). Despite the fact that the clear intent of that deposition notice and subpoena for Johnson in the Eastlander case was intended to obtain information unrelated to that contract action and related instead to the tribal acknowledgment proceedings, STN did not provide notice of the deposition to the defendants or amici in this case. Only when the effort failed did the Tribe seek to take this discovery.

    Given this record of extending the discovery beyond the permissible scope, the Tribe should not be allowed to go forward with this deposition at this time, absent some offer of proof showing what relevant evidence Francelia Johnson may have to the issue of impermissible *ex parte* contacts between the parties and the Department of Interior. The document request that is attached to the deposition notice makes it abundantly clear that the STN does not intend to limit itself to the permissible issue of *ex parte* contacts in conducting this deposition and that the primary purpose of the deposition is an intentional attempt to abuse discovery and the evidence

6

gathering process by seeking evidence that this Court has already ruled should not be considered by the BIA prior to issuing its decision on remand.

## IV. CONCLUSION.

For all of the foregoing reasons, the defendants CL&P and Kent School move that a protective order issue and that the deposition of Francelia Johnson scheduled for August 8, 2005 not be had.

RESPECTFULLY SUBMITTED,

THE CONNECTICUT LIGHT
AND POWER COMPANY

By: /s/ Richard L. Street
RICHARD L. STREET
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
203-573-1200
Federal Bar No. ct13658
rstreet@carmodylaw.com

DEFENDANT,
KENT SCHOOL CORPORATION

By: /s/ David J. Elliott
David J. Elliott (ct04301)
Day, Berry & Howard LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499
(860) 275-0196
djelliott@cbh.com

7

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

Eric W. Weichmann
McCarter & English LLC
CityPlace I
185 Asylum Street
Hartford, CT 06103

Judith Shapiro
6856 Eastern Avenue, NW
Washington, DC 20012

Jerry C. Strauss
Hobbs, Straus, Dean & Walker
2120 L Street, NW
Washington, DC 20037

Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Thomas Gugliotti
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

John B. Hughes
United States Attorney's Office
157 Church Street
P. O. Box 1824
New Haven, CT 06510

Richard Blumenthal
Attorney General
55 Elm Street
P. O. Box 120
Hartford, CT 06141-0120

James Fogarty
Fogarty, Cohen, Selby & Nemiroff
88 Field Point Road
P. O. Box 2508
Greenwich, CT 06386-2508

Robert A. Slavitt
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, CT 06850

Loretta E. Bonos
594 Bend View Drive
Charleston, WV 25314

Renita Ford
General Litigation Section
Environmental & Natural Resources Division
U.S. Department of Justice
P. O. Box 663
Washington, DC 20004-0663

Jeffrey B. Sienkiewicz
Sienkiewicz & McKenna, PC
9 South Main Street
P. O. Box 786
New Milford, CT 06676-0786

Barbara N. Coen
Division of Indian Affairs
Office of the Solicitor
U.S. Department of Interior
1849 C Street, NW
Washington, DC 20240

                                                        Richard L. Street