# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. H-85-1078(PCD) |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, | ) | |
| SITUATED IN THE COUNTY OF | ) | |
| LITCHFIELD, TOWN OF KENT, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-98-CV 01113 (PCD) |
| v. | ) | |
| | ) | |
| KENT SCHOOL CORPORATION, INC., et | ) | |
| al | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-00-CV 0820 (PCD) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA AND | ) | |
| THE CONNECTICUT LIGHT AND | ) | |
| POWER COMPANY, et al | ) | |
| Defendants. | ) | JULY 1, 2005 |

## NOTICE OF VIDEOTAPED DEPOSITION OF
## BARBOUR, GRIFFITH & ROGERS, LLC

PLEASE TAKE NOTICE that Plaintiff Schaghticoke Tribal Nation ("STN") will take the deposition of a representative of Barbour, Griffith & Rogers, LLC, pursuant to Rules 30(b)(6) and 30(b)(2) of the Federal Rules of Civil Procedure on **Monday, July 25, 2005, at 8:30 a.m**. before a notary public or other officer authorized to administer oaths by law, at the offices of Hobbs, Straus, Dean & Walker, LLP, 2120 L Street, NW Washington, D.C. 20037. The deposition will be conducted upon oral examination and will be recorded stenographically.

The deponent is also requested to produce and permit for inspection at the deposition copies of the documents specified in Schedule A, attached hereto.

Pursuant to the provisions of Fed. R. Civ. P. 30(b)(6), Barbour Griffith & Rogers, LLC ("BG&R") shall identify a person or persons to testify on its behalf as to the following matters:

1.      All communications, since June 14, 2004, by any officer, director, partner or employee of or consultant to BR&G with any official or employee of the United States Department of the Interior relating to proceedings for the recognition of the STN as a federal tribe.

2.      All communications, since June 14, 2004, by any officer, director, partner or employee of or consultant to BR&G with any United States Senator or Representative, any employee of the United States Senate or House of Representatives or of any committee thereof, relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

3.      All communications, since June 14, 2004, by any officer, director, partner or employee of or consultant to BR&G with any employee or official of the State of Connecticut relating to proceedings for the recognition of the STN as a federal tribe, since June 14, 2004.

4.      All communications, since June 14, 2004, by any officer, director, partner or employee of or consultant to BR&G with any other person or entity relating to proceedings for the recognition of the STN as a federal tribe.

5.      All communications, or relationship of any type, since June 14, 2004, between any officer, director, partner or employee of or consultant to BR&G and any officer, director, partner or employee of or consultant to Town Action to Save Kent, Inc. ("TASK"), including, but not limited to:

A.      the attendees at any conference, telephone conference, meeting or presentation attended by BR&G;

B.      all documents presented at or prepared for of or as a result of such conference, telephone conference, meeting or presentation;

C.      all correspondence or memoranda related to the topics of any such conference, telephone conference, meeting or presentation;

D.      all presentations made at any telephone conference, conference, presentation or meeting;

E.      all discussions held at any conference, meeting, presentation, or telephone conference;

F.      all actions taken by BR&G as a result of decisions made at or discussions held at any conference, meeting or presentation; and

G.    all actions known to BR&G to have been taken by or which it was anticipated that any person would take as a result of discussions held at such conference, meeting or presentation.

6.    All strategy or plans of actions designed or intended to affect or influence or to attempt to affect or influence any decision of or other action by the Department of Interior in connection with the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

7.    All communications or actions in connection with the design or implementation of decisions or strategy set forth in paragraphs 5 and 6 hereof.

8.    All meetings or communications between BR&G and any person which related to or resulted in the retention of BR&G by TASK.

9.    The role of BR&G in preparation for and presentation of any information or material, whether presented orally or in writing, at any public meeting, private meeting, conference, or telephone conference related to proceedings for the recognition of the STN as a federal tribe, since June 14, 2004.

10.    The role of each officer, director or employee of or consultant to BR&G in connection with all communications or activities set forth above

11.    Identification of all employees or partners of BR&G or consultants to BR&G who participated in or performed any services in connection with the matters set forth above and a description, in detail, of the role played by and the services rendered by each such person.

12.    The purpose and nature of all documents set forth in the request to produce documents attached hereto and the business purpose of each such document.

-4-

13.    The procedures employed in connection with the search for, selection of, and assembly of documents produced in response to the request to produce documents attached hereto.

All counsel are invited to be present and cross-examine on behalf of their client.

THE PLAINTIFF,
SCHAGHTICOKE TRIBAL NATION
BY MCCARTER & ENGLISH LLP
ITS ATTORNEYS

By _____
Eric W. Wiechmann (CT 04331)
David Reif (CT 0024)
Salvatore N. Fornaciari (CT 22684)
185 Asylum Street
Hartford, CT 06103
(860) 275-6700 (phone)
(860) 724-3397 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing NOTICE OF DEPOSITION OF BARBOUR GRIFFITH & ROGERS, LLC has been mailed, postage prepaid this 1st of July, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Robert A. Slavitt, Esq.
Slavitt, Connery, & Vardamis
618 West Avenue
Norwalk, CT 06850

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

Renita Ford, Esq.
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
Post Office Box 663
Washington, DC 20004-0663

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Mailstop 6456
Washington, D.C. 20240

David A. Reif (CT 0024)

## SCHEDULE "A"

## INSTRUCTIONS AND DEFINITIONS

1.      This request to produce shall be continuing to the full extent permitted by law.
Accordingly, if subsequent to serving a response to this request to produce, or any part thereof,
you obtain or become aware of additional documents or information responsive to this request to
produce, you are required to provide a supplemental response which will augment or otherwise
modify the previous response.  Such supplemental responses are to be made and served upon
plaintiff within thirty (30) days after you receive or become aware of such additional documents
or information.

2.      Clear and exact copies of the documents specified below may be produced in lieu of
originals provided that you maintain such originals in an accessible place.

3.      These requests for production of documents should be read, interpreted, and responded to
in accordance with the definitions, instructions and detail required by the Connecticut Rules of
Federal Procedure.

4.      "Communication" means any oral, written, or electronic transmission of information in
the form of facts, opinions, belief, ideas, inquiries, or statements, including any correspondence,
electronic mail, notes, memoranda, telephone calls, facsimiles, seminars, conferences, messages,
conversations, meetings or discussions.

5.      "You" or "Barbour, Griffith & Rogers, LLC" means Barbour, Griffith & Rogers, LLC;
its personnel; affiliates; predecessors; successors; officers; directors; attorneys; agents;
employees; consultants; and representatives acting on its behalf.

6.    "TASK" means Town Action to Save Kent, Inc. ("TASK"); its affiliates; predecessors; whether formally incorporated, unincorporated, or ad hoc; successors; officers; directors; attorneys; agents; employees; consultants; and representatives.

7.    "Plaintiff" means Schaghticoke Tribal Nation and its attorneys, agents, employees and representatives acting on their behalf.

8.    "And/or" should always be construed in the manner that would include, rather than exclude, a document.

9.    "Document" or "documents" means any written, recorded, filmed or graphic matter, whether produced, reproduced on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations which are in your possession, custody or control, or in the possession, custody or control of your present or former agents, employees, officers, directors, representatives, attorneys, or any and all persons acting on their or your behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by you to exist. All copies which are different in any way from the original by metadata, addressee, interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and all drafts shall be deemed different documents. This request shall specifically include, but not be limited to, (i) the electronic data stored on any computer, whether maintained at your office or home or maintained on any laptop or other portable computer; (ii) any PDA, Blackberry, or other device which stores appointments,

memoranda, tasks, "to do" lists, and/or addresses and telephone numbers; (iii) any voicemail;

and (iv) any instant message storage.  Electronic data shall be produced in native format,

together with a hard copy thereof, which hard copy shall be created after preparation of media

producing such material in native format.

10.    "Concerning" means consisting of, relating to, referring to, describing, evidencing, or

constituting, in whole or in part.

11.    This request to produce calls for documents that were created, sent, or received during the

period of June 14, 2004 to the present or which relate to activities performed or to be performed

during that time period.

12.    If Deponent claims that any requested document is protected from disclosure by any

privilege, Deponent shall provide a log setting forth the information required by the Federal Rule

of Civil Procedure 26(b)(5).  Any such claim of privilege shall not excuse the production of non-

privileged information.

## DOCUMENTS TO BE PRODUCED

1.    Any and all documents, including, but not limited to, correspondence, reports, memoranda and e-mail, concerning any communication concerning TASK and/or the Plaintiff between or among any of the following: your officers, directors, members, employees, agents, or consultants; TASK; Kent town officials; any official or employee in the United States Department of the Interior; any United States Representative or Senator, his or her staff; and/or of any Committee of the United States Congress or its employees; any officials of the State of Connecticut; or any other person.

2.    Any and all time records, billing invoices or other documents prepared by you concerning services rendered to TASK or which otherwise concern TASK and/or the Plaintiff.

3.    Any and all documents prepared by you or at your direction or request concerning meetings, presentations, discussions or other communications concerning TASK and/or the Plaintiff.

4.    Any and all testimony or statements concerning TASK or the Plaintiff which were prepared wholly or in part by you or at your direction or in the preparation of which you participated in any way, whether presented orally or submitted in writing, to TASK; the Town of Kent or any official, employee or meeting thereof; any United States Senator or Representative or his or her staff; any Committee of the United States Senate or House of Representatives; the State of Connecticut; the United States Department of the Interior; or any other person or entity.

5.    Any and all press releases or other public statements prepared in whole or in part by you, regardless of by whom such press release was issued or statement was made, concerning TASK and/or the Plaintiff.

6.    Any and all documents concerning your business telephone records concerning communications concerning TASK and/or the Plaintiff and the personal telephone records of any of your employees, officers, directors or representatives concerning telephone calls made and/or received concerning TASK and/or the Plaintiff.

7.    All minutes or notes or other documents taken at or prepared during, prior to, or after any meeting or public or private presentation concerning the Plaintiff, TASK and/or Barbour, Griffith & Rogers, LLC, including, but not limited to, agenda, attendance lists, and minutes.

8.    The calendar, agenda book, planner, or other document setting forth the date and/or time of any meeting, conference, telephone call or other communication or planned communication with any person or entity concerning TASK and/or the Plaintiff.

9.    All charts, graphs, Power Point presentations, videos, CD roms, or other presentations or materials prepared in whole or in party by or for you or TASK or at your request or the request of TASK concerning TASK's goals, objectives, strategy or purpose or the Plaintiff.

10.    Visual or audio reproductions of any meeting concerning TASK, Barbour, Griffith & Rogers, LLC, or the Plaintiff.

HARTFORD: 643309.03

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF ———————————

COLUMBIA

UNITED STATES OF AMERICA
### V.
**43.47 ACRES OF LAND, MORE OR LESS,**
**SITUATED IN THE COUNTY OF**
**LITCHFIELD, TOWN OF KENT, ET AL.,**
**(See Attached Caption Sheet)**

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]

H85-1078 (PCD)
3:98-CV-01113 (PCD)
3:00-CV-0820 (PCD)
(District of Connecticut)

TO:  Barbour, Griffith & Rogers, LLC
1275 Pennsylvania Ave., NW, 10th Fl., Washington, D.C. 20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hobbs, Straus, Dean & Walker, LLP<br>2120 L Street, NW, Washington, DC 20037 | July 25, 2005<br>8:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attached Notice of Deposition**

| PLACE | DATE AND TIME |
|---|---|
| Hobbs, Straus, Dean & Walker, LLP<br>2120 L Street, NW, Washington, DC 20037 | July 25, 2005<br>8:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    **Attorney for Plaintiff**<br>**Schaghticoke Tribal Nation** | 7/1/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David A. Reif, McCarter & English, LLP
CityPlace I, 185 Asylum Street, Hartford, CT 06103      860/275-6700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1  If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. H-85-1078(PCD) |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, | ) | |
| SITUATED IN THE COUNTY OF | ) | |
| LITCHFIELD, TOWN OF KENT, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-98-CV 01113 (PCD) |
| v. | ) | |
| | ) | |
| KENT SCHOOL CORPORATION, INC., et | ) | |
| al | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-00-CV 0820 (PCD) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA AND | ) | |
| THE CONNECTICUT LIGHT AND | ) | |
| POWER COMPANY, et al | ) | |
| Defendants. | ) | JULY 1, 2005 |

## <u>NOTICE OF VIDEOTAPED DEPOSITION OF BRADLEY BLAKEMAN</u>

PLEASE TAKE NOTICE that Plaintiff Schaghticoke Tribal Nation will take the videotaped deposition of Bradley Blakeman of Barbour Griffith & Rogers, LLC pursuant to Rule 30 of the Federal Rules of Civil Procedure on **Monday, July 25, 2005, at 1:00 p.m.** before a notary public or other officer authorized to administer oaths by law, at the offices of Hobbs, Straus, Dean & Walker, LLP, 2120 L Street, NW, Washington, D.C. 20037. The deposition will be conducted upon oral examination and will be recorded stenographically.

PLEASE TAKE FURTHER NOTICE that Deponent will be directed to produce and permit for inspection at the deposition, the documents specified in Schedule "A" attached hereto.

All counsel are invited to be present and cross-examine on behalf of their client.

THE PLAINTIFF,
SCHAGHTICOKE TRIBAL NATION
BY MCCARTER & ENGLISH LLP
ITS ATTORNEYS

By _____
Eric W. Wiechmann (CT 04331)
David Reif (CT 0024)
Salvatore N. Fornaciari (CT 22684)
185 Asylum Street
Hartford, CT 06103
(860) 275-6700 (phone)
(860) 724-3397 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing NOTICE OF VIDEOTAPED DEPOSITION OF BRADLEY BLAKEMAN has been mailed, postage prepaid this 1st of July, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Robert A. Slavitt, Esq.
Slavitt, Connery, & Vardamis
618 West Avenue
Norwalk, CT 06850

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

Renita Ford, Esq.
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
Post Office Box 663
Washington, DC 20004-0663

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Mailstop 6456
Washington, D.C. 20240

David A. Reif (CT 0024)

-3-

## SCHEDULE "A"
## INSTRUCTIONS AND DEFINITIONS

1.     This request to produce shall be continuing to the full extent permitted by law. Accordingly, if subsequent to serving a response to this request to produce, or any part thereof, you obtain or become aware of additional documents or information responsive to this request to produce, you are required to provide a supplemental response which will augment or otherwise modify the previous response. Such supplemental responses are to be made and served upon plaintiff within thirty (30) days after you receive or become aware of such additional documents or information.

2.     Clear and exact copies of the documents specified below may be produced in lieu of originals provided that you maintain such originals in an accessible place.

3.     These requests for production of documents should be read, interpreted, and responded to in accordance with the definitions, instructions and detail required by the Connecticut Rules of Federal Procedure.

4.     "Communication" means any oral, written, or electronic transmission of information in the form of facts, opinions, belief, ideas, inquiries, or statements, including any correspondence, electronic mail, notes, memoranda, telephone calls, facsimiles, seminars, conferences, messages, conversations, meetings or discussions.

5.     "Barbour, Griffith & Rogers, LLC, " means Barbour, Griffith & Rogers, LLC; its affiliates; predecessors, whether formally incorporated, unincorporated, or ad hoc; successors; officers; directors; attorneys; agents; employees; consultants; and representatives.

6.     "Plaintiff" means Schaghticoke Tribal Nation and its attorneys, agents, employees and representatives acting on their behalf.

-4-

7.    "And/or" should always be construed in the manner that would include, rather than exclude, a document.

8.    "Document" or "documents" means any written, recorded, filmed or graphic matter, whether produced, reproduced on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations which are in your possession, custody or control, or in the possession, custody or control of your present or former agents, employees, officers, directors, representatives, attorneys, or any and all persons acting on their or your behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by you to exist.  All copies which are different in any way from the original by metadata, addressee, interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and all drafts shall be deemed different documents.  This request shall specifically include, but not be limited to, (i) the electronic data stored on any computer, whether maintained at your office or home or maintained on any laptop or other portable computer; (ii) any PDA, Blackberry, or other device which stores appointments, memoranda, tasks, "to do" lists, and/or addresses and telephone numbers; (iii) any voicemail; and (iv) any instant message storage.  Electronic data shall be produced in native format, together with a hard copy thereof, which hard copy shall be created after preparation of media producing such material in native format.

9.      "Concerning" means consisting of, relating to, referring to, describing, evidencing, or constituting, in whole or in part.

10.     This request to produce calls for documents that were created, sent, or received during the period of June 14, 2004 to the present or which relate to activities performed or to be performed during that time period.

11.     "TASK" means "Town Action to Save Kent, Inc.", its personnel; affiliates; predecessors, whether formally incorporated, unincorporated, or ad hoc; successors; officers; directors; attorneys; agents; employees; consultants; and representatives.

12.     If Deponent claims that any requested document is protected from disclosure by any privilege, Deponent shall provide a log setting forth the information required by the Federal Rule of Civil Procedure 26(b)(5).  Any such claim of privilege shall not excuse the production of non-privileged information.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents, including, but not limited to, correspondence, reports, memoranda and e-mail, concerning any communication concerning TASK and/or the Plaintiff between or among any of the following:  Deponent; employees, agents, or consultants of Barbour, Griffith & Rogers, LLC; TASK; Kent town officials; any official or employee in the United States Department of the Interior; any United States Representative or Senator; any officials of the State of Connecticut; or any other person.

2.      Any and all time records, billing invoices or other documents prepared by Deponent concerning services rendered to TASK or which otherwise concern TASK and/or the Plaintiff.

3.      Any and all documents prepared by Deponent or at his direction or request concerning meetings, presentations, discussions or other communications concerning TASK and/or the Plaintiff.

4.      Any and all testimony or statements concerning TASK or the Plaintiff which were prepared wholly or in part by Deponent or at his direction or in the preparation of which he participated in any way, whether presented orally or submitted in writing, to TASK; the Town of Kent or any official, employee or meeting thereof; any United States Senator or Representative or his or her staff; any Committee of the United States Senate or House of Representatives; the State of Connecticut; the United States Department of the Interior; or any other person or entity.

5.      Any and all press releases or other public statements prepared in whole or in part by Deponent, regardless of by whom such press release was issued or statement was made, concerning TASK and/or the Plaintiff.

6.      Any and all documents concerning Deponent's personal and business telephone records concerning communications concerning TASK and/or the Plaintiff.

7.      All minutes or notes or other documents taken at or prepared during, prior to, or after any meeting or public or private presentation concerning the Plaintiff, TASK and/or Barbour, Griffith & Rogers, LLC, including, but not limited to, agenda, attendance lists, and minutes.

8.      Deponent's calendar, agenda book, planner, or other document setting forth the date and/or time of any meeting, conference, telephone call or other communication or planned communication with any person or entity concerning TASK and/or the Plaintiff.

9.      All charts, graphs, Power Point presentations, videos, CD roms, or other presentations or materials prepared in whole or in party by or for Deponent or TASK or at Deponent's request or the request of TASK concerning TASK's goals, objectives, strategy or purpose or the Plaintiff.

10.     Visual or audio reproductions of any meeting concerning TASK, Barbour, Griffith & Rogers, LLC, or the Plaintiff.

HARTFORD: 643338.02

-7-

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF
COLUMBIA

UNITED STATES OF AMERICA

V.

43.47 ACRES OF LAND, MORE OR LESS,
SITUATED IN THE COUNTY OF
LITCHFIELD, TOWN OF KENT, ET AL.,
(See Attached Caption Sheet)

TO:   Bradley Blakeman, Barbour, Griffith & Rogers, LLC
1275 Pennsylvania Ave., NM, 10th Floor, Washington, D.C. 20004

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]
H-85-1078 (PCD)
3:98-CV-01113 (PCD)
3:00-CV-0820 (PCD)
(District of Connecticut)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hobbs, Straus, Dean & Walker, LLP, 2120 L Street, NW, Washington, DC 20037 | July 25, 2005 1:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Notice of Deposition

| PLACE | DATE AND TIME |
|---|---|
| Hobbs, Straus Dean & Walker, LLP, 2120 L Street, NW, Washington, DC 20037 | July 25, 2005 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Schaghticoke Tribal Nation | 7/1/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Reif, McCarter & English, LLP
CityPlace I, 185 ASylum Street, Hartford, CT 06103    860/275-6700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.