UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |
| | : |
| PLAINTIFF, | : CIVIL NO. 3:98CV01113(PCD) |
| | : |
| V. | : |
| | : |
| KENT SCHOOL, | : |
| | : |
| DEFENDANTS. | : |

********

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |
| | : |
| PLAINTIFF, | : CIVIL NO. 3:00CV0820 (PCD) |
| | : |
| V. | : |
| | : |
| THE UNITED STATES OF AMERICA AND | : |
| THE CONNECTICUT LIGHT AND POWER | : |
| COMPANY, ET AL | : |
| | : |
| DEFENDANTS | : |

********

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| PLAINTIFF, | : CIVIL NO. H-85-1078(PCD) |
| | : |
| V. | : |
| | : |
| 43.47 ACRES OF LAND, MORE OR LESS, | : |
| SITUATED IN THE COUNTY OF | : |
| LITCHFIELD, TOWN OF KENT, ET AL., | : SEPTEMBER 20, 2005 |
| | : |
| DEFENDANTS. | : |

**OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME BY THE CONNECTICUT LIGHT AND POWER COMPANY , KENT SCHOOL CORPORATION, INC., THE TOWN OF KENT AND THE STATE OF CONNECTICUT**

1383858   1383858

I.  **INTRODUCTION.**

The defendants, The Connecticut Light and Power Company ("CL&P"), Kent School Corporation, Inc. ("Kent School"), the Town of Kent and the amicus, State of Connecticut, pursuant to L.R. C.P. 7(c), object to the Plaintiff's Motion for Extension of Time to Conduct Discovery dated September 12, 2005. The reasons for the objection are that: (1) the plaintiff has not shown good cause for the extension as required by the Rule, (2) the plaintiff's inability to meet the Court's deadline is self-imposed, caused by its own improper actions in seeking discovery that is beyond the scope of the Court's order; and (3) to grant the extension of time would unnecessarily extend the time for discovery on this issue long after the record in the administrative proceeding has been definitively closed, and the BIA's remand decision is rendered on October 12, 2005.

II.  **RELEVANT PROCEDURAL BACKGROUND.**

By motion dated September 12, 2005, the plaintiff Schaghticoke Tribal Nation ("STN") seeks a three-month extension of time to conduct discovery on the issue of whether the Court's prohibition on *ex parte* contacts by parties with the Department of Interior has been violated. On May 20, 2005, the Court ordered that any such discovery take place by October 1, 2005. In July, STN noticed a number of depositions that were primarily directed at elected state and town officials. None of those depositions demonstrated any material direct or indirect violations of the Court's order prohibiting *ex parte* contacts with the Department of Interior. At about the same time, STN sought discovery from several non-parties to this litigation, who objected to the scope of the discovery as being burdensome and beyond the scope of this Court's order, which limited

1383858

2

discovery to *ex parte* contacts with the Department of Interior. It is for the stated purpose of taking this broad and improper discovery from these non-parties that STN now seeks additional time.

On August 10th, 2005, all parties made their final submissions to the BIA for its reconsideration of the final determination following the Interior Board of Indian Appeals ("IBIA") decision to vacate and remand. The BIA has indicated that it will issue its decision on remand on October 12th, 2005. Thus, the Motion for Extension of Time comes at a time when the evidentiary record before the BIA has been finally and formally closed and no new evidence can be taken by, or submitted to the BIA.

Most recently, last week, after filing the Motion for Extension of Time and on the eve of the close of the discovery period, STN noticed the depositions of two parties to the litigation, the Preston Mountain Club and Kent School.

## III.   ARGUMENT.

There are two reasons why this Court should not grant the Motion for Extension of Time: First, the discovery that was allowed was for a limited scope and time, and this motion seeks to circumvent that order, and second, the plaintiff's inability to meet the Court's deadline could have been avoided had the plaintiff limited its discovery requests to the clear parameters of the Court's order. Moreover, discovery could have been had with far less burden on the parties' by simply seeking a declaration from the Department of Interior as to all contacts that might have been made with it.

The plaintiff's motion sought permission to conduct "limited" discovery, pertaining to

1383858

3

claimed violations of the Court's order prohibiting *ex parte* contacts with officials of the BIA. In granting that motion the Court expressly stated: the "motion for permission to Conduct Limited Discovery ... is granted for the purpose of determining whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department has been violated." The Court allowed slightly over four months for any discovery under that order to be completed.

Now, only a couple weeks before the expiration of that order, STN seeks another three months to conduct the same discovery. It bases that request on the fact that this court and the United States District Court for the District of Columbia have not yet ruled on the motions for protective order filed by nonparties. Those nonparties, have agreed to provide plaintiff with relevant information within the scope of the Court's discovery order but have objected to providing burdensome confidential information beyond the limited scope of the Court's order. Those parties have provided affidavits stating that they have had no improper contacts with the BIA.

Moreover, to date, with all the depositions that have been completed, STN has not discovered any evidence of any material contacts that are in violation of this Court's ex parte prohibition. In fact, STN appears to be conducting this discovery to attempt to support some tenuous claim that one person may have talked to another, who talked to another, who talked to someone that may have had a contact with the Department of Interior. To allow STN to continue this fishing expedition, seeking information beyond the Court's order and irrelevant to these proceedings, would only serve the purpose of creating additional burdens of time and expense for the parties and the Court. STN has had a fair chance to satisfy itself that there have been no

138385B

4

material improper contacts during the last four months, and it has not shown good cause for additional time to be allowed. Had it limited itself to permissible discovery, within the limits of the Court's May Order, it would not need this extension and its discovery would have been completed on time.

Second, STN's fishing expedition appears to be directed at some sort of extensive media campaign it has been conducting to improperly influence the BIA's decision, and unrelated to this litigation or the administrative proceedings and is attempting to use this Court to further that improper goal. Because the only issue on which discovery has been allowed is whether there have been improper contacts with the Department of Interior, STN does not need the kind of information it has sought from the nonparty witnesses (i.e. donor lists). Clearly, the STN could satisfy itself that no contacts occurred by asking limited questions or by simply seeking a declaration from the Department of Interior concerning any *ex parte* contacts that the Department of Interior may have had from the parties to the scheduling order, or their alleged representatives. This would save all the parties, including STN, and this court significant time and expense and bring this issue to a quick conclusion. The fact that STN has been unwilling to pursue this far less time consuming tactic, and instead, continues to seek burdensome discovery from parties and non-parties alike demonstrates that it is only attempting to broaden the scope of what is permitted under the Court's order. The administrative record before the BIA is closed, and any discovery must be narrowly tailored to meet the scope of the Court's order. By far, the most efficient method to accomplish those means would be to deny the Motion for Extension of Time, prohibit

138385B

any further discovery on this issue, and allow STN to seek a declaration from the Department of the Interior concerning any prohibited contacts.

## IV. CONCLUSION.

For all of the foregoing reasons, the defendants CL&P, Kent School, the Town of Kent and the *amicus* State object to the Motion for Extension of Time and request that it be denied.

RESPECTFULLY SUBMITTED,

DEFENDANT,
THE CONNECTICUT LIGHT
AND POWER COMPANY

By: /s/ Richard L. Street
Richard L. Street (ct01658)
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Tel. 203-573-1200
rstreet@carmodylaw.com


DEFENDANT,
KENT SCHOOL CORPORATION

By: /s/ David J. Elliott
David J. Elliott (ct04301)
Day, Berry & Howard LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499
Tel. (860) 275-0196
djelliott@dbh.com

1383858

DEFENDANT,
TOWN OF KENT

By: /s/ Jeffrey Sienkiewicz
Jeffrey B. Sienkiewicz (ct06371)
Sienkiewicz & McKenna, P.C.
9 South Main Street
P. O. Box 786
New Milford, CT  06776
Tel. (860) 354-1583
NM4JDS@aol.com

AMICUS CURIAE,
STATE OF CONNECTICUT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: /s/ Susan Cobb
Susan Q. Cobb (ct03850)
Assistant Attorney General
55 Elm Street
P. O. Box 120
Hartford, CT  06141-0120
Tel. (860) 808-5020
Fax. (860) 808-5389
susan.cobb@po.state.ct.us

138385B

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

Eric W. Weichmann
McCarter & English LLC
CityPlace I
185 Asylum Street
Hartford, CT 06103

Judith Shapiro
6856 Eastern Avenue, NW
Washington, DC 20012

Jerry C. Strauss
Hobbs, Straus, Dean & Walker
2120 L Street, NW
Washington, DC 20037

Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Thomas Gugliotti
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

John B. Hughes
United States Attorney's Office
157 Church Street
P. O. Box 1824
New Haven, CT 06510

James Fogarty
Fogarty, Cohen, Selby & Nemiroff
88 Field Point Road
P. O. Box 2508
Greenwich, CT 06386-2508

Loretta E. Bonos
594 Bend View Drive
Charleston, WV 25314

Barbara N. Coen
Division of Indian Affairs
Office of the Solicitor
U.S. Department of Interior
1849 C Street, NW
Washington, DC 20240

Renita Ford
General Litigation Section
Environmental & Natural Resources Division
U.S. Department of Justice
P. O. Box 663
Washington, DC 20004-0663

Jeffrey B. Sienkiewicz
Sienkiewicz & McKenna, PC
9 South Main Street
P. O. Box 786
New Milford, CT 06676-0786

_____
Richard L. Street

138385B