**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. H-85-1078(PCD) |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, | ) | |
| SITUATED IN THE COUNTY OF | ) | |
| LITCHFIELD, TOWN OF KENT School, et al, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-98-CV 01113 (PCD) |
| v. | ) | |
| | ) | |
| KENT SCHOOL CORPORATION, INC., et al | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-00-CV 0820 (PCD) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA AND | ) | |
| THE CONNECTICUT LIGHT AND POWER | ) | |
| COMPANY, et al | ) | |
| Defendants. | ) | September 22, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KENT SCHOOL CORPORATION, INC.'S MOTION FOR PROTECTIVE ORDER**

**I.   INTRODUCTION**

The defendant, Kent School Corporation, Inc. ("Kent School"), respectfully submits this

Memorandum of Law in Support of its Motion for Protective Order pursuant to Federal Rule of

Civil Procedure 26(c)(3) to preclude the deposition of Kent School's corporate representative.[1] The deposition is unnecessary because Kent School is prepared to submit an affidavit certifying that it has not violated this Court's Ruling on Motion to Amend Scheduling Order dated June 14, 2004. Specifically, Kent School is prepared to state in its affidavit that it has had no contact whatsoever with any officials in the immediate offices of: (1) the Secretary the Interior; (2) the Assistant Secretary of the Interior; or (3) the Deputy Commissioner of Indian Affairs, with respect to the STN's petition since entry of the Court's Scheduling Order dated May 9, 2001.

Even if this Court determines that the deposition of Kent School's corporate representative should proceed, Kent School seeks a protective order limiting the scope of inquiry to those subjects specified in the Court's Ruling on Motion for Permission to Conduct Discovery dated May 20, 2005 ("Ruling").[2] As currently phrased, plaintiff's deposition notice is overly broad and places an undue burden on Kent School. Specifically, the topics identified and documents requested in the deposition notice: (1) exceed the limited scope of inquiry permitted by the Court in its Ruling; and (2) seek information regarding communications and documents that is protected by the joint defense privilege and work product doctrine.

## II.    BACKGROUND

On May 9, 2001, this Court entered a scheduling order that stated, in pertinent part,

> No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior, or the Deputy

---

[1] Counsel for Kent School has contacted plaintiff's counsel in an effort to resolve Kent School's objection to the noticed deposition. The parties were unable to resolve this issue. In accordance with Local Rule of Civil Procedure 37(a)(2), an affidavit of Kent School's counsel is attached as Exhibit A.

[2] A copy of the Court's Ruling is attached as Exhibit B.

>Commissioner of Indian Affairs with respect to this petition, without notification to the other parties.[3]

On February 17, 2005, the STN requested this Court's permission to conduct discovery regarding: (1) "the extent of the parties' or *amici's* involvement in TASK, including formation of its policies, its decision to hire a lobbying firm and any donations of money or other supports;" and (2) "the extent of TASK's conduct in contacting employees and/or officials of the Department of Interior through lobbying firms or otherwise."[4] On May 20, 2005 the Court granted permission to conduct discovery, but solely "for the purpose of determining whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior has been violated." (Ruling at 1.)

In the months since the Court's Ruling, the STN has deposed several party and non-party representatives and has asked questions far outside the scope of the Ruling. On September 13, 2005 the STN served on Kent School a Notice of Videotaped Deposition of Kent School Corporation, Inc. ("deposition notice"). The deposition notice identifies nine deposition topics and makes six documents requests.[5] It focuses almost exclusively on questions relating to TASK, Kent School's involvement with TASK and Kent School's contact with various non-DOI

---

[3] On June 14, 2004, the Court amended the initial scheduling order. The Amended Scheduling Order contains language substantially identical to the original except that the phrase "without two business days prior notification of the other parties" was substituted for the original phrase "without notification to the other parties." A copy of the Amended Scheduling Order is attached as Exhibit C.

[4] Notably, nowhere in the STN's motion or supporting papers did it allege that Kent School engaged in any prohibited conduct.

[5] A copy of the deposition notice is attached as Exhibit D.

officials, including other defendants in this case with whom Kent School has entered into a Joint Defense Agreement.[6]

In light of Kent School's willingness to submit an affidavit in lieu of deposition testimony, this Court should preclude the deposition of Kent School's corporate representative. In the alternative, the Court should limit the scope of inquiry at the deposition to those subjects specified in the Court's May 20, 2005 Ruling.

**III.   ARGUMENT**

    **A.   Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure defines the permissible scope of discovery. A matter, not privileged, may be discovered if it is relevant to the claim or defense of the party seeking discovery. Fed. R. Civ. P. 26(b)(1). The right to discovery, however, is not unlimited. A plaintiff "ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 187 (1st Cir. 1989). In addition, discovery must be limited if "the discovery sought is . . . obtainable from some other source that is more convenient, [or] less burdensome." Fed. R. Civ. P. 26(b)(2); see also Ares-Serono, Inc. v. Organon, Int'l, B.V., 160 F.R.D. 1, 6 (D. Mass. 1994).

---

[6] The STN's focus on these issues is remarkable in light of the fact that the STN itself has hired a lobbying firm for the *express purpose of influencing the Bureau of Indian Affairs and DOI in connection with the STN's acknowledgement petition*. (See Lobbying Reports of Gardner, Carton & Douglas dated 2/23/05, 8/24/04 and 2/24/03 respectively, attached as Exhibit E.) The Reports filed by the STN's lobbyists expressly admit that they have contacted the Bureau of Indian Affairs, the DOI, the House of Representatives and the Senate regarding "Approval of Recognition" for the STN. (Id.) It is astonishing that the STN is openly engaged in the very conduct that it now claims is prohibited under the Court's Scheduling Order.

When a party's requests overstep the permissible boundaries of discovery, the opposing party may move for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) reads, in pertinent part, as follows:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

Fed. R. Civ. P. 26(c).

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co., v. Rhinehart, 467 U.S. 20, 36 (1984); see also Galella v. Onassi, 487 F.2d 986, 997 (2d Cir. 1973) ("The decision to issue a protective order 'is singularly within the discretion of the district court.'"). Rule 26(c) provides even broader protections than those afforded under the attorney work product rule, attorney-client privilege and other evidentiary privileges. Boughton v. Cotter Corp., 65 F.3d 823, 829-30 (10th Cir. 1995) (Rule 26(c) protection "designed to prevent discovery from causing annoyance, embarrassment, oppression, undue burden or expense not just to protect confidential communications"). The Court will thus exercise its discretion to protect a defendant from discovery which is "overly burdensome, irrelevant, or which invades privileged or confidential areas." Nat'l Org. of Women v. Sperry Rand Corp., 88 F.R.D. 272, 277 (D. Conn. 1980).

**B.    This Court Should Preclude the Deposition of Kent School Because All Relevant Information May Be Obtained Via Kent School's Affidavit.**

For the reasons set forth in section C, below, the vast majority of the STN's deposition notice seeks information that is beyond the scope of inquiry permitted by the Court's Ruling. In light of the time, burden, and expense accompanying a deposition and the fact that Kent School has not had any prohibited communications with the DOI, an affidavit to that effect is more than sufficient to allay any concerns about any such communications. An affidavit is also "more convenient, less burdensome, [and] less expensive" than the proposed deposition. Fed. R. Civ. P. 26(b)(2)(i). See also Olivieri v. Rodriguez, 122 F.3d 406, 410 (7th Cir. 1997) (district court properly disallowed deposition where a "written interrogatory would do just as well"); Ho-Chunk Nation v. J.C. Penney Company, Inc., 1999 WL 1068700, at *3-5 (N.D. Ill. 1999) (deposition disallowed where interrogatories would provide same information in a less burdensome and less expensive way);[7] Ares-Serano, Inc. v. Organon Int'l, 160 F.R.D. 1, 6 (D. Mass. 1994) (where plaintiffs sought to inspect certain materials on defendants' premises, court granted defendants' motion for protective order on the ground that plaintiffs could gain the same information "through less burdensome means"). Id. at 6.

As in Olivieri, plaintiff in this case can use less burdensome discovery methods to determine whether Kent School has violated the Court's Scheduling Order. Specifically, Kent School is prepared to provide an affidavit certifying that it has not had any communication with any official in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior, or the Deputy Commissioner of Indian Affairs with respect to the STN's petition. An affidavit of Kent School's representative could more than adequately address "whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the

---

[7] Copies of all unreported cases cited herein are attached as Exhibit F.

Interior has been violated," (Ruling at 1), and represents an alternative source of the information "that is more convenient, less burdensome, [and] less expensive" than a deposition. Fed. R. Civ. P. 26(b)(2)(i).

### C. Alternatively, the Court Should Limit the Scope of Kent School's Deposition to the Subject Matter Specified in the Court's Ruling.

If this Court determines that the deposition of Kent School's corporate representative should go forward, Kent School requests a protective order limiting the scope of inquiry to the subject matter specified in the Court's Ruling. An overbroad discovery request that seeks irrelevant or marginally relevant information, and that exceeds the court's limited scope of discovery, imposes an undue burden warranting a protective order. Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 - 51 (S.D.N.Y. 1996) (discovery that is facially overbroad falls within the prohibition of discovery that subjects a party to an undue burden);[8] Cobell v. Norton, 226 F.R.D. 67, 82 – 87 (D.D.C. 2005) (questions falling outside the court's limited discovery order are not permissible); Washington v. Thurgood Marshall Academy, No. 03-2570 (CKK/JMF), 2005 U.S. Dist. LEXIS 14384, *8 - *10 (D.D.C. July 20, 2005) (discovery demands without any limiting principle that ensures relevancy are improper and subject to court intervention).

---

[8] Concord Boat Corp. v. Brunswick Corp. specifically addresses the existence of an "undue burden" under Federal Rule of Civil Procedure 45(c), which addresses motions to quash non-party subpoenas. Both the Connecticut federal district court and the Federal Rules of Civil Procedure recognize, however, that the "undue burden" analysis is the same under Rule 26 as it is under Rule 45. See, e.g., In re Publication Paper Antitrust Litigation, No. 3:04 MD 1631(SRU), 2005 WL 1629633, *2 (D. Conn. July 5, 2005) (explicitly noting the parallel standards in Rules 26 and 45); In re PE Corp. Securities Litigation, No. 3:00 CV 705, 2005 WL 806719, *7 (D. Conn. April 8, 2005) (implicitly recognizing parallel standards via citation); Fed. R. Civ. P. 45(c)(3)Advisory Comm. Notes (stating that the language in Rule 45(c)(3) "tracks the provisions of Rule 26(c) and is "largely repetitious.").

Here, the Court's Ruling specifically limits discovery to the issue of "determining whether the Court's Scheduling Order prohibition on *meeting or contacting officials of the Department of the Interior* has been violated." (Ruling at 1 (emphasis added).) Plaintiff's deposition notice amounts to a fishing expedition that seeks information and documents well beyond the scope of the Court's Ruling, as well as information and documents shielded from discovery by the joint defense privilege and work product doctrine.

> 1.  **This Court Should Issue a Protective Order With Respect to Deposition Topics 3, 4, 5, 6 and 7.**

Deposition topics 3 through 7 call for information that far exceeds the limited scope of this Court's Ruling. (Deposition Notice at 2-4.) Topics 3, 4, 5 and 6 all call for testimony concerning communications between Kent School and various third parties *other than the Department of the Interior*, including members of Congress (Topic No. 3), employees or officials of the State of Connecticut (Topic No. 4), TASK (Topic No. 6) and any other person or entity (Topic No. 5), relating to the STN's tribal recognition. Nothing in the Court's Scheduling Order prohibits any such communications. The Scheduling Order only prohibits communications with officials in the immediate offices of: (1) the Secretary the Interior; (2) the Assistant Secretary of the Interior; or (3) the Deputy Commissioner of Indian Affairs, with respect to the STN's petition. Topics 3 through 6 are therefore beyond the scope of the Court's Ruling and Scheduling Order.

Deposition topics 4 and 5 are objectionable for the further reason that they improperly call for testimony concerning privileged communications between Kent School and other defendants and *amici* who are parties to this case. Specifically, Kent School, the Town of Kent, Connecticut Light & Power Company and the State of Connecticut have all entered into a Joint Defense Agreement. Accordingly, communications among these four entities are protected by

the joint defense privilege. United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989) ("joint defense privilege," or "common interest rule" extends the attorney-client privilege to confidential communications made between parties who have decided upon a joint defense strategy due to their common, ongoing interest in a legal matter).

Topic No. 7 improperly calls for testimony regarding "[a]ll strategy designed or intended to affect or influence or to attempt to affect or influence any decision of or other action by the Department of Interior" regarding the STN's petition. The Court's Scheduling Order does not prevent Kent School or any other party from formulating strategy, nor does the Court's Ruling permit the STN to inquire about the defendants' strategy. Indeed, Kent School's strategy is not discoverable in the first instance because it is protected by the work product doctrine. United States v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995) ("the purpose of the [work product] doctrine is to establish a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation").

Because topics 3 through 7 are objectionable, the Court should issue an order preventing the STN from inquiring into those issues.

### 2. This Court Should Issue a Protective Order With Respect to Plaintiff's Document Requests.

Plaintiff attached six document requests to its deposition notice. To the extent that requests 1 and 4 call for documents or testimony sent to or received from the Department of the Interior, Kent School has no objection to the requests.[9] With that caveat, Kent School objects to all of the plaintiff's document requests because they are beyond the scope of this Court's Ruling and because, in some cases, they call for information that is protected by the joint defense privilege.

---

[9] Kent School does not, however, have any responsive documents in this regard.

Request No. 1 calls for documents concerning communications about TASK and/or the STN between or among Kent School, TASK, officials of the Town of Kent, officials or employees in the Department of the Interior, Congress, the State of Connecticut or any other persons. Communications between Kent School and *anyone* other than the DOI fall outside the scope of the Court's Ruling and should therefore not be discoverable. Indeed, as explained in section C(1), above, communications among Kent School, the Town of Kent, Connecticut Light & Power Company and the State of Connecticut are protected by the joint defense privilege.

Request No. 2 seeks "[a]ll documents reflecting the names and/or addresses of KENT related parties since June 14, 2004." Names and addresses of Kent School's officers, administrators and trustees are not necessary for purposes of determining "whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior has been violated." (Ruling at 1.) Moreover, even if such information were relevant, the document request is vastly overbroad because it would call for any document, including any piece of correspondence since June 14, 2004, that contains the name and/or address of any of Kent School's officers, administrators or trustees, even if that document had nothing whatsoever to do with the issues in this lawsuit.[10]

Request No. 3 asks for all documents prepared in connection with any meeting concerning the STN or TASK. Similarly, Request No. 4 seeks all "statements or testimony" submitted by Kent School to the Town of Kent, TASK, members of Congress, the State of Connecticut or the DOI. Request No. 5 calls for any presentations or materials prepared by or for Kent School concerning the STN or concerning "TASK's goals, objectives, strategy or purpose." Finally, Request No. 6 seeks copies of any checks from Kent School to TASK or "any

---

[10] The request would also call for privileged communications containing names or addresses of Kent School's officers, administrators or trustees.

other person for services related to or as a donation, payment or contribution related to any issue related to the Plaintiff." All of these requests substantially exceed the scope of discovery permitted by the Court and reflect an effort by the STN to disregard the Court's Ruling and instead engage in a broad-based fishing expedition designed to uncover Kent School's legal strategy. The Court should reject these tactics.

## IV. CONCLUSION

In its May 20, 2005 Ruling, this Court established a limited and focused scope of further discovery in this case. The STN has disregarded the limits this Court has set, and seeks to engage in a fishing expedition by deposing Kent School's corporate representative about issues well beyond the scope of the Court's Ruling. In light of Kent School's willingness to submit an affidavit as described above, this Court should issue a protective order precluding the deposition of Kent School. In the alternative, the Court should issue a protective order that strictly limits permissible inquiries to those areas set forth in the Court's Ruling.

Respectfully submitted,

DEFENDANT, KENT SCHOOL
CORPORATION, INC.

By  /s/ Eric L. Sussman
    David J. Elliott (ct04301)
    Eric L. Sussman (ct19723)
    DAY, BERRY & HOWARD LLP
    CityPlace I
    Hartford, CT 06103-3499
    (860) 275-0100

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT KENT SCHOOL CORPORATION, INC.'S MOTION FOR PROTECTIVE ORDER was mailed on this date, postage prepaid, to:

Eric W. Wiechmannn
David Reif
Robert J. Gallo
185 Asylum Street
Hartford, CT  06103

John B. Hughes Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT  06510

Loretta Bonos
594 Bendview Drive
Charleston, WV  25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box. 786
New Milford, CT  06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT  06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street NW
Washington, D.C. 20037

Perry Zinn Rowthorn, Esq.
Assistant Attorney General
55 Elm Street
Hartford CT  06141-0120

Richard J. Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT  06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT  06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT  06123

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C. Street, NW
Mailstop 6456
Washington, D.C. 20240

Francis J. Collins, Esq.
Tom Beecher, Esq.
Collins Hannafin Garamella, et al.
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT  06810-0440

Ryan E. Bull, Esq.
Baker Botts, LLP
The Warner Building
1299 Pennsylvania Ave. NW
Washington, DC  20004

   /s/ Eric L. Sussman
Eric L. Sussman