**EXHIBIT D**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. H-85-1078(PCD) |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-98-CV 01113 (PCD) |
| v. | ) | |
| | ) | |
| KENT SCHOOL CORPORATION, INC., et al | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-00-CV 0820 (PCD) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA AND THE CONNECTICUT LIGHT AND POWER COMPANY, et al | ) | |
| | ) | |
| Defendants. | ) | SEPTEMBER 13, 2005 |

## NOTICE OF VIDEOTAPED DEPOSITION OF KENT SCHOOL CORPORATION, INC.

PLEASE TAKE NOTICE that Plaintiff Schaghticoke Tribal Nation ("STN") will take the videotaped deposition of a representative of Defendant Kent School Corporation, Inc. ("KENT"), pursuant to Rules 30(b)(6) and 30(b)(2) of the Federal Rules of Civil Procedure on **Monday, September 26, 2005, at 9:00 a.m.** before a notary public or other officer authorized to administer oaths by law, at the offices of McCarter & English, LLP, CityPlace I, 185 Asylum Street, 36th Floor, Hartford, CT 06103. The deposition will be conducted upon oral examination and will be recorded stenographically.

The deponent is also requested to produce and permit for inspection at the deposition, the documents specified in Schedule A, attached hereto.

Definitions set forth in Schedule A are incorporated within this notice.

Pursuant to the provisions of Fed. R. Civ. P. 30(b)(6), KENT shall identify a person or persons to testify on its behalf as to the following matters:

1. The identity of all officers, directors, administrators and members of any board of trustees of KENT.

2. All communications since June 14, 2004 by any officer, director, member of any board of trustees or administrators of KENT with any official or employee of the United States Department of the Interior relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

3. All communications since June 14, 2004 by any officer, director, member of any board of trustees or administrators of KENT with any United States Senator or Representative, any employee of the United States Senate or House of Representatives or of any

committee thereof, relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

4. All communications since June 14, 2004 by any officer, director, member of any board of trustees or administrator of KENT with any employee or official of the State of Connecticut, relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

5. All communications since June 14, 2004 by any officer, director, member of any board of trustees or administrator of KENT with any person or entity relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

6. Any communications since June 14, 2004 between any officer, director, member of any board of trustees or administrator of KENT with TASK, including, but not limited to,

    A. the attendees at any conference, meeting or presentation;

    B. all documents presented at or prepared for the purpose of or as a result of such conference, telephone conference, meeting or presentation;

    C. all correspondence, memoranda or e-mail related to the topics of any such conference, telephone conference, meeting or presentation;

    D. all presentations made at any telephone conference, conference or meeting;

    E. all discussions held at any telephone conference, conference, meeting, presentation or telephone conference;

F.  all actions taken by KENT or any person acting on its behalf as a result of decisions made at or discussions held at any conference, meeting or presentation; and

G.  all actions known to KENT to have been taken or which it was anticipated that any person would take as a result of discussions held at such conference, meeting or presentation.

7.  All strategy designed or intended to affect or influence or to attempt to affect or influence any decision of or other action by the Department of Interior in connection with the recognition of the STN as a federal tribe and/or Proceeding numbers IBIA No. 04-83-A, IBIA No. 04-94-A, IBIA No. 04-95-A, IBIA No. 04-96-A, and IBIA No. 04-97-A.

8.  The role of each officer, member, director, member of any board of trustees or administrator of KENT in connection with all communications or activities set forth above.

9.  The procedures employed in connection with the search for, selection of, and assembly of documents produced in response to the request to produce documents attached hereto.

All counsel are invited to be present and cross-examine on behalf of their client.

THE PLAINTIFF,
SCHAGHTICOKE TRIBAL NATION
BY MCCARTER & ENGLISH LLP
ITS ATTORNEYS

By *Robert Gallo*
Eric W. Wiechmann (CT 04331)
David Reif (CT 0024)
Robert J. Gallo (CT 19982)
185 Asylum Street
Hartford, CT 06103
(860) 275-6700 (phone)
(860) 724-3397 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing NOTICE OF DEPOSITION OF KENT SCHOOL CORPORATION, INC. has been mailed, postage prepaid this 13th of September, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

Perry Zinn Rowthorn, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT 06141-0120

Richard J. Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Mailstop 6456
Washington, D.C. 20240

Francis J. Collins, Esq.
Tom Beecher, Esq.
Collins Hannafin Garamella, et al.
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT 06810-0440

Ryan E. Bull, Esq.
Baker Botts, LLP
The Warner Building
1299 Pennsylvania Avenue, NW
Washington, DC 20004

_____
Robert J. Gallo (CT 19982)

## SCHEDULE "A"

## INSTRUCTIONS AND DEFINITIONS

1. This request to produce shall be continuing to the full extent permitted by law. Accordingly, if subsequent to serving a response to this request to produce, or any part thereof, you obtain or become aware of additional documents or information responsive to this request to produce, you are required to provide a supplemental response which will augment or otherwise modify the previous response. Such supplemental responses are to be made and served upon plaintiff within thirty (30) days after you receive or become aware of such additional documents or information.

2. Clear and exact copies of the documents specified below may be produced in lieu of originals provided that you maintain such originals in an accessible place.

3. These requests for production of documents should be read, interpreted, and responded to in accordance with the definitions, instructions and detail required by the Federal Rules of Civil Procedure and the Local Rules for the District of Connecticut.

4. "Communication" means any oral, written, or electronic transmission of information in the form of facts, opinions, belief, ideas, inquiries, or statements, including any correspondence, electronic mail, notes, memoranda, telephone calls, facsimiles, seminars, conferences, messages, conversations, meetings or discussions.

5. "You" or "KENT" means Kent School Corporation, Inc. ("KENT") and its employees and agents acting within the scope of their responsibility.

6. "KENT related Parties" means KENT's officers, administrators and members of its Board of Trustees.

7.      "TASK" means The Town Action to Save Kent, Inc. ("TASK"); its personnel; affiliates; predecessors; successors; officers; directors; attorneys; agents; employees; consultants; and representatives acting on its behalf.

8.      "Plaintiff" means Schaghticoke Tribal Nation ("STN"), its attorneys, agents, employees and representatives acting on their behalf.

9.      "And/or" should always be construed in the manner that would include, rather than exclude, a document.

10.     "Document" or "documents" means any written, recorded, filmed or graphic matter, however produced or reproduced on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations and all copies which are different in any way from the original by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in KENT's possession, custody or control, or in the possession, custody or control of KENT, or any persons acting on KENT's behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by KENT to exist.  This request shall specifically include, but not be limited to, (i) the electronic data stored on any computer, whether maintained at your office or home or maintained on any laptop or other portable computer; (ii) any PDA, Blackberry, or other device which stores appointments, memoranda, tasks, "to do" lists, and/or addresses and telephone numbers; (iii) any voicemail; and (iv) any instant message storage.

Electronic data shall be produced in native format, together with a hard copy thereof, which hard copy shall be created after preparation of media producing such material in native format.

11. "Board of Trustees" shall include any policymaking or governing body of KENT, regardless of the formal name or organization thereof. "Director" or "Member" of any "Board of Trustees" shall mean a member of any such body.

12. "Concerning" means consisting of, relating to, referring to, describing, evidencing, or constituting, in whole or in part.

13. This request to produce calls for documents that were created, sent, or received during the period of June 14, 2004 to the present or which relate to activities performed or to be performed during that time period.

14. If Deponent claims that any requested document is protected from disclosure by any privilege, Deponent shall provide a log setting forth the information required by the Federal Rule of Civil Procedure 26(b)(5). Any such claim of privilege shall not excuse the production of non-privileged information.

**DOCUMENTS TO BE PRODUCED**

1. Any and all documents, including, but not limited to, correspondence, reports, notes, memoranda and e-mail, concerning any communication, concerning TASK and/or the Plaintiff, between or among any of the following: you; KENT related parties; TASK; officials of the Town of Kent; any official or employee in the United States Department of the Interior; any United States Representative or Senator or his or her staff; any officials of the State of Connecticut; or any other person.

2. All documents reflecting the names and/or addresses of KENT related parties since June 14, 2004.

3. All minutes or notes or other documents taken at or prepared during, prior to, or after any meeting or public or private presentation attended by you or your employees in connection with the duties of any KENT related party concerning the Plaintiff and/or TASK, including, but not limited to, agenda, attendance lists, and minutes.

4. Any and all statements or testimony, whether presented orally or submitted in writing by you or KENT related parties on your behalf to the Town of Kent; said Town's Town Meetings or Selectmen's meetings; TASK; members of the United States House of Representatives or Senate; the State of Connecticut or any official thereof; or the United States Department of the Interior or any official or employee thereof.

5. All charts, graphs, Power Point presentations, audios, videos, CDs, DVDs, or other presentations or materials prepared by or for you concerning TASK's goals, objectives, strategy or purpose or the Plaintiff.

6. Copies of any checks from KENT or KENT related parties to (i) TASK for any purpose or, (ii) to any other person for services related to or as a donation, payment or contribution related to any issue related to the Plaintiff.

ME1\5197749.1