## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CIVIL NO. H-85-1078(PCD) |
| 43.47 ACRES OF LAND M/L, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL | : : : |
| SCHAGHTICOKE TRIBAL NATION | : |
| v. | : CIVIL NO. 3:98CV1113(PCD) |
| KENT SCHOOL CORPORATION, INC. ET AL. | : |
| SCHAGHTICOKE TRIBAL NATION | : |
| v. | : CIVIL NO. 3:00CV0820(PCD) |
| UNITED STATES OF AMERICA and the CONNECTICUT LIGHT & POWER CO. | : : |

### ORDER RE: PENDING MOTIONS

This Order will resolve the below noted motions which pertain to the Schaghticoke Tribal Nation's (STN) wish to obtain material and several non-party depositions and more time for discovery as to assertedly improper ex parte approaches to the administrative agency dealing with Indian tribe recognition of STN and the Schaghticoke Indian Tribe (SIT).

From filings in a Connecticut Superior Court case, <u>Eastlander Group v. STN</u>, Docket # CV 03-0829544 S, the material and testimony is, in part, sought to substantiate a request for funding further court procedures pursuant to an agreement which pertains to Eastland's attempt to parlay a recognition of STN as an Indian Tribe into an investment opportunity. In pleadings in

the three District Court cases, STN portrays its motivation as strengthening its attempt to obtain tribal recognition from the Bureau of Indian Affairs (BIA) of the United States Department of the Interior(DOI). The first motivation undercuts the second but like alternative pleadings the issue will be resolved here on its merits.

Francelia Johnson is a private citizen. She is not a party to any involved litigation. She is an amateur historian and genealogist. Her interest in genealogical history of citizens of the Town of Kent prompted her substantial effort to trace Kent residents from early times. Kent is, and has been, the home of persons whose history may have a bearing on the asserted entitlement to tribal recognition which is before the BIA (for what must seem to many as time immemorial) and is an essential element to the resolution of disputes which give rise to the three cases above captioned. Ms. Johnson has accessed apparently publicly maintained records. Her endeavors engendered an expertise. She has assimilated fruits of her research into various material and a book which purports to report her efforts and findings. STN has a copy of her book.

STN's request for production by Ms. Johnson discloses the purpose of the subpoena, her testimony and access to her materials. It is to harvest the benefit of her inquiries, accumulation of perusals of public records and opinions on the significance of the information she has unearthed. These efforts might point toward evidence which might have a bearing on the question of tribal recognition. However, for several reasons the further inquiry proposed is not warranted.

The depositions of those related to or involved in the group known as Town Action to Save Kent (TASK) and its records pertain to claims of impropriety in ex parte approaches to the BIA and/or DOI. The improper communication thereto by the Attorney General has been reflected on. That is a tangential issue related to the processing of the STN and SIT applications and should be raised in the Administrative Procedures Act proceedings and not before this court.

The status of STN, and SIT, as an asserted Indian Tribe, has been the subject of many years of controversy. The litigation in this court started over 20 years ago and obviously post-dated a prior period during which the competing claims stewed. While parties should have a reasonable time to gather information to support their positions, there comes a time when, if reasonably pursued, the opportunity is properly regarded as passed. The need to substantiate tribal status has been, must have been and should have been apparent to those seeking its benefits for well over 20 years. The effort to be so recognized has intensified with the prospect of converting tribal recognition into a gambling enterprise and in turn to an investment opportunity to third parties and profit realization and income production for tribe members. While those factors are apparent, they do not disqualify the quest. Neither do they excuse the protraction beyond what is a reasonable time to unearth the facts which bear on an asserted entitlement to recognition. In fact they point to the need for prompt attention to acquisition of information on which recognition would depend. No showing is made by STN as to why its belated awareness of Johnson's work warrants access to it. Her search was for the same information for which STN could and should have long since searched. STN's stress on the relevance of what she has culled from the public records emphasizes the lack a search which STN could readily have undertaken or arranged. What Johnson went looking for had an obvious relevance to STN's claim. She looked, STN did not and is not therefor entitled, at this late date, to access Johnson's work to overcome what it could have learned from the same records.

The record suggests, without contradiction, that Johnson's knowledge and what materials she has authored was gleaned from public records. It was not original but was derived from publicly available records. Since it is there available, in original public record form, acquiring it second hand from Johnson, accompanied by any reflection of her views, is unwarranted. To the

extent that the material reflects her insight into the information she has gleaned, in the form of her views and the material she has authored would reflect her expertise but she has not been designated as such nor has STN suggested an amenability to compensating her as such. Absent same, and agreeable to her, would unfairly tap her expertise. See Fed. R. Civ. P 45(c)(3)(A)(iii) and (B)( i) and (ii).

The request for production is not limited in time and thus could cover a great many years. The burden on Ms. Johnson, who, without contradiction, suggests that substantial culling would be required, is excessive and unwarranted. It is overly broad in scope, reaching for information as to unnamed "Schaghticoke Indians" and unnamed "Indians residing in Kent."

The BIA proceeding appears to be closed and it appears that further evidence will not be accepted. That is a matter for the BIA, the proceedings of which will not be dictated by this court.

Ample time for inquiry as to ex parte communications with the DOI has been provided. Attacks on that process is more properly left to the BIA and appeals authorized by the APA.

For the foregoing reasons, Johnson's Objection to the Notice of and Subpoena for her deposition is **sustained** and her Motions to Quash and for Protective Order [Doc. Nos. 101, 188 and 267] are **granted**. The Town of Kent's Motions for a Protective Order [Doc. Nos. 104, 192 and 267] are granted. STN's Motions for Extension of Time [Doc. Nos. 112, 200, and 275] are **denied**. C.L. & P.'s Motion for Protective Order [Doc. Nos. 105, 190 and 268] are **granted**. TASK's, Cooper's and Perkins' Motions to Quash [Doc. Nos. 99, 186 and 262] are **granted**, with the additional reason being the irrelevance of the discovery sought as to them. The Motions to file Late of SIT are **granted**. STN's request for oral argument is **denied**. The issues have been adequately briefed (the stack of documents filed in relation to these matters stand 16" high).

SO ORDERED.

Dated at New Haven Connecticut this 30th day of September, 2005.

                                                                    _____
                                                                    PETER C. DORSEY
                                                                    UNITED STATES DISTRICT JUDGE