UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 2:85-cv-1078 (PCD) |
| | ) | |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, et al, | ) | |
| | ) | |
| Defendants. | ) | DECEMBER 12, 2005 |
| | ) | |

**SCHAGHTICOKE TRIBAL NATION MOTION FOR
CLARIFICATION OF MAY 8, 2001 SCHEDULING ORDER
AND MOTION FOR EXPEDITED CONSIDERATION**

By this motion, the Schaghticoke Tribal Nation ("STN") respectfully moves the

Court for an order clarifying and/or modifying its May 8, 2001 Scheduling Order ("the

Scheduling Order"). Because of the impending deadline for STN to file its petition for review

under the Administrative Procedure Act ("APA"), which is due on or before January 12, 2006,

STN also moves for expedited consideration of this motion.

STN seeks clarification of its rights under the Scheduling Order to receive an

updated copy of the FAIR (Federal Acknowledgment Information Resource System) database

maintained by the Bureau of Indian Affairs ("BIA") relating to its petition for federal

acknowledgment. STN requested an updated copy of the FAIR database after the BIA issued its

Reconsidered Final Determination Declining Federal Acknowledgment on October 12, 2005.

However, the BIA refused this request and has taken the position that STN is not entitled to an

updated copy of the FAIR database until after it files a petition for review of the Final

Determination under the APA with the Court.

**ORAL ARGUMENT REQUESTED**

STN now moves to clarify the Court's Scheduling Order. STN seeks an order that would require the BIA to provide an updated copy of the FAIR database as soon as possible and extend the time period for STN to file its petition for review until 90 days after it receives the database. Such an order is necessary in order to avoid prejudice to STN. Indeed, if STN cannot review the updated FAIR database before it files its petition for review, it will be unable to raise all of the potential issues for APA review raised by the Final Determination. The BIA should not be permitted to negatively impact STN's right to APA review by limiting its access to the administrative record. In the alternative, even if the Court agrees with the BIA that STN is not entitled to an updated copy of the FAIR database until after it files its petition for review, STN requests that the Court modify the Scheduling Order to allow STN sufficient time to examine the updated FAIR database and if necessary amend its petition for review to add any additional issues for review by the Court under the APA.

In support of this motion, the undersigned counsel for STN state the following:

1.      On May 8, 2001, the Court entered a Scheduling Order in these consolidated cases. (See Exhibit A) That order was the product of months of intensive negotiations between representatives of the BIA, its lawyers from the Department of Interior's Office of the Solicitor, the U.S. Attorney for the District of Connecticut, Connecticut Attorney General Richard Blumenthal and representatives of his office, counsel for STN, all other parties and the Court.

2.      The Scheduling Order sets forth in great detail the procedures that all parties and the Court agreed would apply to the determination of STN's petition for federal acknowledgment and any subsequent review of that determination by the Court. This order was unique in that it allowed the Department of the Interior ("DOI") to determine the merits of the

STN petition on a schedule other than that set forth in the applicable regulations, 25 C.F.R. Part

83 and allowed any petition for review of the Final Determination under the APA to be filed with

this Court. It was also unique in that it provided unprecedented access to the *amici* and

interested parties opposing STN's petition for federal acknowledgment to the administrative

record. Effectively, the Scheduling Order placed the *amici* and interested parties on equal

footing with STN.

        3.      Given the large number of documents expected to be submitted, the

Scheduling Order specifically provided for the creation of an electronic database by the BIA.

The BIA accordingly developed the FAIR database which included all materials submitted by

the parties and *amici* relating to STN's petition and memos and other material reflecting the

decisional process undertaken by the BIA staff.

        4.      The Scheduling Order also provided that the BIA would serve a copy of

the initial FAIR database on CD-ROM to the parties and *amici* and update this database at

various points during the recognition process. Specifically, the order provided as follows:

> d)      The BIA will serve notice of its entry of the data…into the initial database and serve copies of it on CD-ROM to the parties and *amici*, within five business days. Upon service of such notice, the BIA shall commence development of a proposed finding to be completed within 6 months. All parties and *amici* may provide comments on the initial database for 30 days following service of the database. No new factual documentation will be accepted. <u>Notwithstanding the prior creation of the initial database, it is contemplated that the BIA may alter or add to the database during the decisional process.</u>
>
> e)      <u>Upon issuance of the proposed finding</u>, including the summary of the evidence under the criteria…. <u>The databases as supplemented by BIA staff and any supplemental documents considered by the Assistant Secretary – Indian Affairs in the formulation of the proposed finding, not previously provided to the parties and *amici*, shall be served on all parties and *amici* within 30 days, subject to the assertion of any privileges by DOI.</u>

f)      The parties and *amici* shall submit all comments, information, documents, analysis or argument on the proposed finding, including the summary of the evidence under the criteria, within 6 months of its service.

h)      Notice of the <u>final determination</u> shall be published in the Federal Register, and the BIA shall serve copies of the final determination...on the parties and *amici* within 5 business days of issuance of the final determination. <u>The database as supplemented by BIA staff and any supplemental documents considered by the Assistant Secretary – Indian Affairs in the formulation of the final determination, not previously provided to the parties and *amici*, shall be served within 30 days of service of the final determination on all parties and *amici* subject to the assertion of any privileges....</u>

k)      Any petition for review of the final determination under the Administrative Procedure Act by any party to these cases shall be filed within 90 days of the date that notice of the final determination was served and shall be filed in this court as a case related to the above-captioned cases.[1]

(<u>See</u> Exhibit A at pp. 4-9 (emphasis added))

5.      The obvious effect of the above negotiated provisions is to allow the parties and *amici* to have access to all of the documents considered by the BIA at each step during the recognition process.

6.      On February 5, 2004, in accordance with Paragraph (h) of the Scheduling Order, the BIA published its Final Determination. That Final Determination announced the BIA's intent that STN be acknowledged as an Indian Tribe under federal law.

---

[1] Upon the joint request of the parties and *amici*, the Court amended Paragraph (k) of the Scheduling Order on February 27, 2004 to read as follows:

> (k) Any request for judicial review of the final decision under the [APA] by any party or *amici* to these cases shall be filed within 90 days of its effective date and shall be filed in this Court as a case related to the above captioned case.

(<u>See</u> Exhibit B) This amended language was intended to clarify that an action seeking APA review with the Court must be filed within 90 days of the effective date of the "final decision" as opposed to within 90 days of the date that notice of the "final determination." The amended language precluded the possibility of an APA action before the administrative process was complete.

and letter of the negotiated Scheduling Order. The order requires the BIA to update the FAIR database throughout the recognition process. Specifically, Paragraph (h) requires the BIA to provide the parties and *amici* with any supplemental documents considered but not previously provided within 30 days after the Final Determination.

14.    The BIA refused to comply with this request. On December 2, 2005, counsel for the BIA, Assistant U.S. Attorney John B. Hughes, informed counsel for STN, Attorney Eric Wiechmann, that it is the BIA's position that STN is not entitled to an updated copy of the FAIR database until after it exercises its rights under Paragraph (k) of the Scheduling Order to file a petition for review under the APA with this Court.

15.    The BIA's refusal to comply with STN's request is inconsistent with Paragraph (h) of the Scheduling Order and the other provisions of the order which require the BIA to update the FAIR database at various points during the recognition process. More importantly, the BIA's refusal to provide STN with the updated FAIR database effectively denies STN's access to the complete administrative record and therefore its ability to frame the issues for the Court to consider as part of the APA review provided under Paragraph (k) of the Scheduling Order. This amounts to a denial of due process and undercuts the whole philosophy behind the negotiated Scheduling Order which was to provide full access to the recognition process by all parties. The very same access that all of the other parties were provided in connection with their appeal of the BIA's initial Final Determination.

16.    Therefore, STN requests that the Court enter an immediate order preventing the BIA from modifying, amending or deleting any part of the FAIR database as it currently exists without prior permission from the Court. STN also requests that the Court clarify the Scheduling Order to require the BIA to provide the parties with a copy of the updated

7.    On March 1, 2004, the BIA released the FAIR database to all parties, *amici* and interested parties.

8.    Several parties both in these consolidated cases and interested parties in the recognition process subsequently filed Requests for Reconsideration with the Interior Board of Indian Appeals ("IBIA") based in large part on documents submitted by the parties and memos pertaining to the decision process as revealed in the FAIR database. STN opposed these Requests for Reconsideration.

9.    On May 12, 2005, the IBIA issued a decision to vacate and remand the original positive Final Determination.

10.    On July 23, 2005, the Court entered an order that amended the Scheduling Order and permitted the parties and *amici* to submit additional evidence and briefs to the BIA in connection with the remand. The parties took advantage of this opportunity and submitted additional documents and briefs on the issues raised by the IBIA in its decision to vacate.

11.    On October 12, 2005, the BIA announced its Reconsidered Final Determination which was then published in the Federal Register on October 14th. The Reconsidered Final Determination denied STN's petition for federal acknowledgment.

12.    Following this decision, STN requested an updated copy of the FAIR database which would add all documents submitted by the parties and *amici* and all documents created by the BIA in connection with the Reconsidered Final Determination.

13.    An updated copy of the FAIR database is necessary for STN to exercise its right under Paragraph (k) of the Scheduling Order to seek judicial review under the APA from this Court of the Reconsidered Final Determination. STN cannot file an effective appeal without access to the updated FAIR database. Moreover, STN's request is consistent with both the spirit

FAIR database as soon as possible and extend the time period for STN to file its petition for review until 90 days after it receives the database.

17.    In the alternative, STN requests that the Court modify the Scheduling Order to allow STN sufficient time after it files its petition for review to examine the updated FAIR database and amend its petition to identify any additional issues for the Court to consider under the APA.

18.    STN also moves for expedited consideration of this Motion because of the approaching January 12, 2006 deadline for filing its petition for review under the APA with the Court.  STN requests that the Court modify Local Rule 7(a)(1) to require all memoranda in opposition to this Motion to be filed within seven days.  Further, STN requests that the Court rule on this motion on or before December 29, 2005.  In this regard, it may be useful for the Court to order an expedited hearing within the next week to ten days to ascertain the position of the various parties and order appropriate relief.

WHEREFORE, STN respectfully requests that the Court clarify or modify the May 8, 2001 Scheduling Order and expedite its consideration of this Motion because of the impending January 12, 2006 deadline for STN to file its petition for review.

THE PLAINTIFF,
SCHAGHTICOKE TRIBAL NATION
BY MCCARTER & ENGLISH LLP
ITS ATTORNEYS

By ___Robert Gallo___

Eric W. Wiechmann (CT 04331)
Robert J. Gallo (CT 19982)
185 Asylum Street
Hartford, CT  06103
(860) 275-6700 (phone)
(860) 724-3397 (fax)

- 7 -

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing been mailed, postage prepaid this ⁱ⁴ᵗʰ of December, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT  06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT  06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT  06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT  06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC  20037

Perry Zinn Rowthorn, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT 06141-0120

Richard J. Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT  06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT  06123

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Mailstop 6456
Washington, D.C. 20240

Francis J. Collins, Esq.
Tom Beecher, Esq.
Collins Hannafin Garamella, et al.
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT 06810-0440


_____
Robert J. Gallo (CT 19982)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT    NEW HAVEN

Kevin F. Rowe, Clerk

Deputy Clerk

UNITED STATES OF AMERICA,            :
                                     :
          PLAINTIFF,                 :
                                     :
     V.                              :
                                     :
43.47 ACRES OF LAND, MORE OR LESS,   : CIVIL NO. H-85-1078(PCD)
SITUATED IN THE COUNTY OF            :
LITCHFIELD, TOWN OF KENT, ET AL.,    :
                                     :
          DEFENDANTS.                :

* * * * * * * *

                                     :
SCHAGHTICOKE TRIBAL NATION,          :
                                     :
          PLAINTIFF,                 :
                                     :
     V.                              :
                                     :
KENT SCHOOL,                         : CIVIL NO. 3:98CV01113(PCD)
                                     :
          DEFENDANTS.                :

* * * * * * * * *

                                     :
SCHAGHTICOKE TRIBAL NATION,          :
                                     :
          PLAINTIFF,                 :
                                     :
     V.                              :
                                     :
CONNECTICUT LIGHT & POWER,           : CIVIL NO. 3:00CV00820(PCD)
                                     :
          DEFENDANTS.                :

MAY 1 1 2001

## MOTION FOR ENTRY OF STIPULATED ORDER

The parties in the above-referenced cases, after several

conferences with the Court and after detailed negotiations, have

agreed to stipulate to the entry of the attached order governing

further proceedings to be conducted before the Department of the

## ORDER

The following order is entered to permit, and establish a framework for, the determination by the Department of the Interior ("DOI") on the petition for tribal acknowledgment submitted by the Schaghticoke Tribal Nation.    This Order is meant to serve the rights and interests of all parties to the captioned litigation, and allow the DOI to determine the merits of the petition on a schedule other than that set forth in the applicable regulations, 25 C.F.R. Part 83, except as otherwise provided herein.    For purposes of the Order, the terms "party" or "parties" include the United States, the petitioner Schaghticoke Tribal Nation ("peitioner"), the defendants in these cases and any *amicus curiae* parties ("*amici*").

Based upon negotiations conducted among all the parties and *amici* in the above-captioned cases the Court orders the following:

a)    The    Documented    Petition    and    the    administrative correspondence file as of January 19, 2001, have been provided by the Bureau of Indian Affairs ("BIA"), on CD-ROM, to each party and *amici*.    The genealogical information from the petition in the Family Tree Maker format, has also been provided to each party and *amici* on computer disks.

b) The design of a database in progress.    The design of the database will be finalized and a copy provided to the parties

2

and *amici* by September 1, 2001.  All parties and *amici* may, and shall to the extent they have information which permits their doing so, comment on a proposed design by May 1, 2001. Assistant U.S. Attorney John B. Hughes will schedule, in New Haven on June 1 or 4, 2001 a conference to include members of the BIA staff and/or consultants, to permit a detailed discussion with parties, *amici* and counsel of the status of the design and providing details sufficient to permit the parties and *amici* to comment meaningfully on the design.  The parties and *amici* shall comment within 14 days.  Further comment will only be accepted by BIA on a showing that despite due diligence, the basis for the comment was not reasonably known or available within the time limits set forth herein, and modifications will be made only to the extent feasible and appropriate.  The BIA will report, to the court, the parties and *amici*, the status of the design development on June 20, 2001.

c) On or before December 17, 2001, the parties and *amici* shall provide an initial submission of any information or documents deemed appropriate to the determination of the petition for inclusion in the administrative record and database.  By February* 15, 2002, the parties and *amici* shall submit comments, information, documents, analysis or argument, for

3

inclusion in the administrative record and database. The actual creation of the initial database, after finalization of its design, including any modifications, shall be completed by March 15, 2002. The time period for completion of the database may be extended by the court depending on the nature and extent of the comments received.

d) The BIA will serve notice of its entry of the data in paragraph (c) into the initial database and serve copies of it on CD-ROM to the parties and amici, within five business days. Upon service of such notice, the BIA shall commence development of a proposed finding to be completed within 6 months. All parties and amici may provide comments on the initial database for 30 days following service of the database. No new factual documentation will be accepted. Notwithstanding the prior creation of the initial database, it is contemplated that the BIA may alter or add to the database during the decisional process.

e) Upon issuance of the proposed finding, including the summary of the evidence under the criteria, the BIA shall serve it, including, if any, charts and technical reports, on all parties and amici within 10 days. The databases as supplemented by BIA staff and any supplemental documents

4

considered by the Assistant Secretary - Indian Affairs in the formulation of the proposed finding, not previously provided to the parties and *amici*, shall be served on all parties and *amici* within 30 days, subject to the assertion of any privileges by DOI. A log identifying the documents and the asserted privileges will be provided.

f) The parties and *amici* shall submit all comments, information, documents, analysis or argument on the proposed finding, including the summary of the evidence under the criteria, within 6 months of its service. Parties and *amici* may request the court for an extension of the comment period on a showing of good cause which shall mean any cause which could not in the exercise of due diligence be reasonably avoided. Any reply by petitioner shall be filed with the BIA within 30 days of the close of the comment period.

g) Any party or *amici* to these cases wishing technical assistance, as provided in 25 C.F.R. 83.10(j)(2), shall request the same from the Assistant Secretary - Indian Affairs not later than 30 days after service of the proposed finding. Any such request shall be in writing and contain a detailed statement of the questions for which technical assistance is requested. A formal technical assistance meeting compliant

with such request(s) and 25 C.F.R. 83.10(j)(2) shall be held
in Washington, D.C., within 60 days of the first such request.
The BIA will develop an agenda for the formal technical
assistance meeting which would permit the BIA staff to cover
all of the subject matter areas raised. The parties shall use
their best efforts to complete the agenda in two days or less,
but in no event shall the meeting last more than three days.

h) The final determination, including the summary of the
evidence under the criteria, of the petition shall be issued
by the Assistant Secretary - Indian Affairs within 4 months of
the end of petitioner's reply period. Notice of the final
determination shall be published in the Federal Register, and
the BIA shall serve copies of the final determination,
including the summary of the evidence under the criteria, on
the parties and *amici* within 5 business days of issuance of
the final determination. The database as supplemented by BIA
staff and any supplemental documents considered by the
Assistant Secretary - Indian Affairs in the formulation of the
final determination, not previously provided to the parties
and *amici*, shall be served within 30 days of service of the
final determination on all parties and *amici* subject to the
assertion of any privileges which shall be set forth in a log
identifying the documents and the asserted privileges.

6.

i) The final determination shall be effective 90 days from the date notice is published in the Federal Register unless independent review and reconsideration is requested under 25 C.F.R. § 83.11 or unless any party or *amici* files a petition for district court review as set forth in paragraph (j)below. The final determination shall have no probative effect or value for purposes of the land claim issues remaining for the court's consideration in these cases until such time as a final judgment is entered on any review of the final determination under the Administrative Procedure Act ("APA") and all further rights of appeal have been exhausted. Nothing herein shall prevent any party or *amici* from seeking a court order staying or enjoining the effectiveness of the final determination for any other purposes.

j) The parties and *amici* agree to defer further negotiation of the question of whether, for purposes of this case, an appeal of the final determination to the Interior Board of Indian Appeals (IBIA) may be filed. The negotiation period shall commence three months after the end of the petitioner's reply period as set forth in paragraph (f) above and conclude no later than thirty days after the final determination is issued by the Assistant Secretary - Indian Affairs. The parties shall report to the court, through Assistant United States

7

Attorney John B. Hughes, within five days of the conclusion of the negotiation period. Participation in such negotiations shall not be construed as a waiver of any right to seek independent review and reconsideration under 25 C.F.R. §83.11 nor shall any party, *amici*, or interested party be compelled to forego such right. The negotiations among the parties shall be limited to the question of whether, for purposes of this case, the appeal of the final determination for independent review and reconsideration under 25 C.F.R. § 83.11 is to be made to the IBIA or shall be a part of a petition for review filed in the District Court under the Administrative Procedure Act. If a party requests independent review and reconsideration under 25 C.F.R. § 83.11(a)(1) and the Interior Board of Indian Appeals (IBIA) determines to take the appeal under § 83.11(c)(2), any party may request the Interior Board of Indian Appeals (IBIA) to expedite its consideration of and decision in such proceedings and represent in such request that the other parties who are subject to this Order give their consent thereto, except the Department of the Interior which agrees not oppose the request. If as a result of the negotiations, however, the parties agree that the issues for review set forth in 25 C.F.R. § 83.11 may be included in any petition for review filed with the District Court under the Administrative Procedure Act, such issues shall be decided by

8

the Court as part of such review under the standards identified in 25 C.F.R. § 83.11.   Upon any such combined petition for review  the Court shall determine the effective date of the final determination from which the petition for review has been taken.

k) Any petition for review of the final determination under the Administrative Procedure Act by any party to these cases shall be filed within 90 days of the date that notice of the final determination was served and shall be filed in this court as a case related to the above-captioned cases.

l) Nothing in this order shall prohibit any party or *amici* from requesting informal technical assistance from BIA staff nor prohibit the BIA Branch of Acknowledgment and Research ("BAR") staff from providing technical assistance in response to such requests pursuant to 25 C.F.R. §83.10(j)(1).  No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary - Indian Affairs or the Deputy Commissioner of Indian Affairs with respect to this petition, without notification to the other parties.

m)  The parties shall be permitted to conduct discovery as

9

provided for in the Federal and Local Rules of Civil Procedure, and in accordance with the previously entered Confidentiality Order, except that no discovery shall be directed against the United States Department of the Interior. Such discovery shall be relevant to the issue of tribal acknowledgment of the petitioner, unless the petitioner and a requesting party otherwise agree. Written discovery directed against a party to these proceedings shall be propounded not later than December 1, 2001. Discovery directed to or against persons or entities who are not parties to these proceedings may be made at any time. Discovery requests and responses shall be provided to all parties to this agreement. Copies of deposition transcripts shall be made available to all parties and *amici* as provided in the Federal Rules of Civil Procedure. Such responses and transcripts will not be included in the database or administrative record unless specifically submitted for inclusion.

n) Extensions of time may be allowed by the court for good cause which shall mean any cause which could not in the exercise of due diligence be reasonably avoided.

o) Except as otherwise provided in this Order the regulations set forth in 25 C.F.R. Part 83 are applicable to the BIA's

10

consideration of the Schaghticoke Tribal Nation's petition.

p) Any pleadings, documents, correspondence or other materials filed with this Court or with DOI, BIA, or BAR by any party or *amici* shall be served on all parties and amici in accordance with Rule 5, Federal Rules of Civil Procedure.

q) All proceedings in this court on these cases shall be stayed except as otherwise provided herein or unless leave of court is granted or all the parties agree.

SO ORDERED.

Dated at New Haven, Connecticut, May 8 , 2001.

_____
Peter C. Dorsey
Senior United States District Judge