# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| V. | : |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL., | : CIVIL NO. H-85-1078(PCD) |

### UNITED STATES' RESPONSE TO SCHAGHTICOKE TRIBAL NATION'S MOTION FOR CLARIFICATION OF MAY 8, 2001 SCHEDULING ORDER

The United States opposes the Schaghticoke Tribal Nation's (STN) motion for clarification of the May 8, 2001 Scheduling Order previously entered in this litigation. The purpose of STN's motion is to have the court order the preparation of an updated version of the Federal Acknowledgment Information Resource System ("FAIR") database maintained by the Office of Federal Acknowledgment ("OFA") which was created in connection with STN's petition for federal acknowledgment.[1]  The United States does not disagree with STN's representation that after the Associate Deputy Secretary ("ADS") issued the Reconsidered Final Determination Declining Federal Acknowledgment on October 12, 2005, that STN requested an updated version of the FAIR database, which would include materials additional to those in the revised database provided on or about March 1, 2004 as required by Paragraph (h) of the

---

[1] Pursuant to Departmental reorganization in April 2003, the Branch of Acknowledgment and Research within the Bureau of Indian Affairs became the Office of Federal Acknowledgement within the Office of the Assistant Secretary-Indian Affairs.

1

Scheduling Order.

The issuance of the Final Determination in February 2004 and the provision of the revised database was followed by the filing of several Requests for Reconsideration with the Interior Board of Indian Appeals ("IBIA"). Under the scheduling order all documents filed with IBIA were served on all parties. The IBIA issued a decision on May 12, 2005, vacating and remanding the Final Determination. On July 23, 2005, this court amended the Scheduling Order to permit the filing of additional briefs and evidence to the OFA. Such additional documents were prepared and submitted by the parties and served on all parties. During the agency's review of these submissions additional documents were created by OFA.

On October 12, 2005, the ADS announced the Reconsidered Final Determination which denied STN's petition for federal acknowledgment and published notice of it in the Federal Register. Under the negotiated Scheduling Order, the next step is for STN to file a complaint with this court under the Administrative Procedure Act ("APA") within 90 days of the Federal Register publication in accordance with Paragraph (k) of the Scheduling Order (as amended). *See STN Motion for Clarification at 5, ¶13.*

STN argues that it needs an updated copy of the FAIR database in order to seek review under the APA. In support of this contention STN claims that OFA's refusal to provide another updated FAIR database now is inconsistent with Paragraph (h) of the Scheduling Order and creates an inability to frame the issues for the court to consider as part of the APA review. STN is incorrect on both assertions. The Scheduling Order quite simply did not provide for the current contingency. At the time the original Scheduling Order was negotiated the parties could not agree on whether reconsideration before the IBIA would be filed. Pursuant to Paragraph (j)

of the Scheduling Order there was to be a subsequent period of negotiation on that issue. *See Scheduling Order, attached as Exhibit A to STN Motion for Clarification.* Such negotiations did take place and led to the filing of the *Report and Joint Motion on Consent to Amend Scheduling Order,* a copy of which is attached as Exhibit B to the *STN Motion for Clarification*.

The parties reported to the Court that the review procedures with the IBIA, pursuant to 25 C.F.R. § 83.11, would be available, followed by additional review in the District Court under the APA, and that Paragraph (k) should be amended to allow for a flexible deadline for filing such an APA review keyed into the effective date of the final decision. Although there was a brief mention of the FAIR database in paragraph 2 of the Joint Report concerning ways to expedite the IBIA process, there was no mention, nor were there any negotiations on the issue, of updating the FAIR database to include documents created or submitted as a part of or as a result of that process and providing such an update prior to filing a complaint under the APA.

It is not inconsistent to provide updated versions of the FAIR database during the various stages of administrative review but to wait for the filing of an APA action in District Court to create the final update to the FAIR database that is essentially the creation of the administrative record. It is well settled administrative law that the preparation of an Administrative Record takes place *after* an APA challenge is filed. 5 U.S.C. § 706 , *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419-420 (1971); *Florida Power and Light Co. v. Lorion*, 470 U.S. 729, 743-744 (1985). There are quite obvious reasons for this, particularly in a matter such as the instant federal acknowledgment proceeding. The Administrative Record will be quite extensive and its preparation necessarily time consuming and costly. While much of the record is to be found on the last updated version of FAIR (March 2004), the addition of documents created or

submitted subsequent to that date will require many hours of document scanning and creation of CD-ROMs for each party. There is no statute that requires the agency to prepare an administrative record other than APA, and the agency did not commit to preparing one prior to the filing of a complaint under the APA.

STN is no different then any other party seeking an APA review of an administrative decision. The preparation of a Complaint raising issues for the Court's consideration under the APA does not require access to the complete administrative record. STN was an active participant in all of the administrative proceedings. It has all of the additional documents it submitted as well as all of the documents submitted by the other parties. Having them in an electronic format on FAIR is not necessary to prepare a complaint. As for the limited number of documents prepared by the agency subsequent to the March 2004 version of FAIR, STN either already has copies or they are sufficiently referenced in the Reconsidered Final Determination to allow STN to frame an issue for review. In addition, these are the type of documents which may be subject to an assertion of the deliberative process privilege or attorney-client privilege by the agency. That type of review has not yet taken place.

Of course, as the court and the parties are well aware, the STN petition for acknowledgment is not the only matter presently making demands upon the OFA staff. There are numerous other petitions at various stages that have priority status. Those who perform the scanning and other tasks associated with the creation and update of the FAIR database are fully engaged in other matters. It may be several months before any update to the FAIR database could be created in the STN matter.

It would appear that the STN's alternative suggestion is the better approach. *See STN*

*Motion for Clarification at 7, ¶ 17*. STN should be required to file an APA complaint within the time frame called for by the Scheduling Order (as amended). Thereafter, the agency will prepare a complete administrative record which will include any updates to the FAIR database, subject to any assertions of privilege which may be applicable. If STN then believes, after reviewing the administrative record, that an amendment to its APA complaint is necessary, the amendment provisions of Rule 15, Federal Rules of Civil Procedure would govern.

The other suggestion made by STN that the Court enter an order preventing the agency from modifying, amending or deleting any part of the FAIR database as it currently exists without prior permission of the court is both unnecessary and unworkable. *See STN Motion for Clarification at 6, ¶ 16*. First of all, the OFA has no reason or intent to delete anything from the existing database, nor does STN provide any indication that such action is even being contemplated. While certain items to be added may be subject to an assertion of privilege they would be included at least by designation in FAIR. *See Miami Nation of Indians of Indiana v. Babbit,* 979 F. Supp. 771, 775, 778 (N.D. Ind. 1996). Second, anything which is added as an update to FAIR, as requested by STN, would by definition, be "modifying" or "amending" the database. To require a court order before any such additions could be made is not only inconsistent with STN's own request for an immediate update to FAIR but also inserts the court into the preparation of the administrative record, an unnecessary burden on the court. This is not the court's function or role in an APA review case. It is the agency whose actions are under review which must create the record which is entitled to a presumption of administrative regularity. *Bar MK Ranches v. Yuetter*, 994 F. 2d 735, 740 (10th Cir. 1993).

CONCLUSION

The Court should deny the STN motion for clarification. The agency will update the FAIR database and create the Administrative Record in due course, following STN filing its APA complaint. STN has the ability to amend the complaint thereafter, if necessary, as provided in the Federal Rules of Civil Procedure.

Respectfully submitted,

JOHN H. DURHAM
ACTING UNITED STATES ATTORNEY

_____

JOHN B. HUGHES
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR #ct05289
157 CHURCH STREET
NEW HAVEN, CT 06510

CERTIFICATION
---

This is to certify that a copy of the within and foregoing United States' Response to Schaghticoke Tribal Nation's Motion for Clarification of Scheduling Order was mailed, postage prepaid, this 22 day of December, 2005 to:

Eric Watt Wiechmann, Esq.
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495


Jeffrey Sienkiewicz, Esq.
Sienkiewicz & McKenna
P.O. Box 786
New Milford, CT 06776

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Sue Quinn Cobb, Esq.
Office of the Attorney General
55 Elm Street
Hartford, CT 06776

Richard Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Loretta E. Bonos
594 Bendview Drive
Charleston, WV 25314-1547

David Elliott, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

James R. Fogarty, Esq.
Fogarty, Cohen, Selby & Nemiroff LLC
88 Field Point Road
P.O. Box 2508
Greenwich, CT 06836-2508

Jerry Strauss, Esq.
Hobbs, Strauss, Dean & Walker
2120 L Street, NW
Washington, DC 20037

Judith Shapiro, Esq.
6856 Eastern Avenue, NW
Suite 206
Washington, D.C. 20021

Michael J. Burns, Esq.
57 Pratt Street, Suite 604
Hartford, CT 06103

Scott Keep, Esq.
Barbara Coen, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW - Mailstop 6456
Washington, D.C. 20240

                                              JOHN B. HUGHES
                                              ASSISTANT U.S. ATTORNEY