UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff | : CIVIL ACTION NO.<br>: H-85-1078(PCD)<br>: |
| v. | :<br>: |
| 43.47 ACRES OF LAND, MORE OR LESS,<br>SITUATED IN THE COUNTY OF LITCHFIELD,<br>TOWN OF KENT, ET AL<br>        Defendants | :<br>:<br>:<br>: December 22, 2005<br>: |

**MEMORANDUM IN OPPOSITION
TO SCHAGHTICOKE TRIBAL NATION'S MOTION FOR
CLARIFICATION OF MAY 8, 2001 SCHEDULING ORDER**

    The Town of Kent submits this memorandum in opposition to the <u>Schaghticoke Tribal Nation's Motion for Clarification of May 8, 2001 Scheduling Order</u>.  The Town of Kent objects to the Schaghticoke Tribal Nation's request that the 90 day appeal period be extended.  It further objects to the Schaghticoke Tribal Nation's request that the BIA be ordered to submit an updated electronic database prior to the filing of its appeal.

    On May 8, 2001, by stipulation of the parties and the State of Connecticut, as *amicus curiae*, this Court entered a Scheduling Order establishing a framework and an expedited timetable for the determination of the Schaghticoke Tribal Nation's (STN) petition for federal acknowledgement by the Department of the Interior,

1

Bureau of Indian Affairs.  The Scheduling Order is attached as Exhibit A to the STN's Motion for Clarification.

Paragraph (k) of the Scheduling Order provided:

> (k)  Any petition for review of the final determination under the Administrative Procedure Act by any party to these cases shall be filed within 90 days of the date that notice of final determination was served and shall be filed in this court as a case related to the above captioned case.

The Scheduling Order, paragraph (j), left unresolved the question of whether independent review and reconsideration before the Interior Board of Indian Appeals (IBIA), pursuant to 25 C.F.R. §83.11, would be available to the parties.  That matter was left open to further negotiation.  Once those negotiations were concluded, however, the parties filed their Report and Joint Motion on Consent to Amend Scheduling Order, attached to STN's Motion for Clarification as Exhibit B.  Pursuant to this Report and Joint Motion, the Court, on February 24, 2004, issued an Amended Order modifying paragraph (k) of the Scheduling Order to read as follows:

> (k)  Any request for judicial review of the final decision under the Administrative Procedure Act by any party or *amici* shall be filed within 90 days of its effective date and shall be filed in this court as a case related to the above captioned case.

The Court's Amended Order is attached hereto as Exhibit A.

The Schaghticoke Tribal Nation now seeks to avoid both its

stipulated agreement and this Court's order establishing a 90 day appeal period. It relies on the theory that it is entitled to the full administrative record *in electronic format* prior to the preparation and filing of its appeal.

Nothing in the original Scheduling Order or in the Amended Order establishes such an entitlement. Moreover, except for possible internal documents created during the Acting Assistant Secretary's decision on reconsideration, the Schaghticoke Tribal Nation has received copies of all documents constituting the administrative record.

In accordance with the original Scheduling Order, the BIA provided the parties at various stages of the administrative proceedings with a database (the FAIR database) that contained in electronic format the documents that had been submitted as part of the administrative record. The Scheduling Order, paragraph (h) required the BIA to provide the parties with the final database within thirty (30) days after service of the Final Determination. The Final Determination was served on the parties on or about February 5, 2004. The BIA provided the parties with the final database on or about March 1, 2004.

Thereafter, several appeals were taken from the Final Determination to the Interior Board of Indian Appeals. The

Schaghticoke Tribal Nation was a party to those appeals. All parties were required to serve all pleadings and evidence upon all other parties. When the Interior Board of Indian Appeals issued its decision vacating the Final Determination and remanding the application for federal acknowledgment back to the Assistant Secretary for reconsideration, a copy of that decision was also served on all parties. Thereafter, while the matter was under reconsideration, the STN sought additional technical assistance and the right to submit additional evidence and briefs to the BIA. This Court, by <u>Order on Motion to Amend Scheduling Order</u> (attached hereto as Exhibit B), allowed limited additional submissions to the record. All such documents, however, were required to be served upon all parties. As such, the STN already possesses all of the documentary evidence and argument upon which the Reconsidered Final Determination is based. Finally, the Reconsidered Final Determination issued on October 12, 2005 was also served upon all parties. That decision contains 86 pages of detailed analysis and discussion of the issues before the Assistant Secretary on reconsideration. Given all of the foregoing, the STN is fully able to prepare a complaint identifying and articulating the issues that it wishes the Court to consider on appeal.

The STN has provided no evidence to justify why it is unable to prepare and file its appeal based upon the existing administrative record, the subsequent submissions of the parties and the October 12, 2005 Reconsidered Final Determination.  It is in possession of all of these documents.  Good cause for modification of the Scheduling Order has not been demonstrated, and the request for extension of the 90 day appeal period should be denied.

The STN also requests that the BIA be ordered to submit an updated copy of the Fair database prior to the filing of its appeal.  This request should also be denied.  As previously noted by this Court with respect to a prior motion, the Court's jurisdiction to modify the Scheduling Order is limited to compelling agency action that is unlawfully withheld or unreasonably delayed.  The Court does not have power to compel agency action unless that action is legally required under the APA.  <u>Order on Motion to Amend Scheduling Order</u> (attached hereto as Exhibit B), page 3, citing <u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55, 124 S.Ct 2373, 159 L.Ed.2d 137 (2004). Since the APA does not require the BIA to prepare and submit the administrative record to the parties prior to the filing of an appeal, no legal basis exists to support the STN's Motion.

The Town of Kent is in receipt of the <u>United States' Response to Schaghticoke Tribal Nation's Motion for Clarification of May 8, 2001 Scheduling Order</u>, filed December 22, 2005. The Town fully supports the position taken by the United States in opposition to the STN's <u>Motion for Clarification</u>.

For all of the foregoing reasons, the Town of Kent requests the Court to deny the <u>Schaghticoke Tribal Nation's Motion for Clarification of May 8, 2001 Scheduling Order</u>.

                RESPECTFULLY SUBMITTED,
                TOWN OF KENT

          By     s/ Jeffrey B. Sienkiewicz
                Jeffrey B. Sienkiewicz
                Fed. Bar No. CT 06371
                Sienkiewicz & McKenna, P.C.
                9 South Main St., P.O. Box 786
                New Milford, CT 06776
                Tel.(860)354-1583
                Telefax:  (860) 355-4439
                E-mail:  nm4jds@aol.com

MCH-C\Kent\Schaghticoke\04025-915K7E Objection