# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | : | |
| | : | |
| | : | Case No: H-85-1078 (PCD) |
|   v. | : | |
| | : | |
| 43.47 ACRES OF LAND, MORE OR<br>LESS, SITUATED IN THE COUNTY OF<br>LITCHFIELD, TOWN OF KENT, ET AL.,<br>        Defendants | : : : : | |
| -------------------------------------------------- | | |
| SCHAGHTICOKE TRIBAL NATION<br>        Plaintiff, | : : | |
| | : | Case No. 3:98cv1113 (PCD) |
|   v. | : | |
| | : | |
| KENT SCHOOL<br>        Defendant, | : : | |
| -------------------------------------------------- | | |
| SCHAGHTICOKE TRIBAL NATION<br>        Plaintiff, | : : | |
| | : | Case No. 3:00cv820 (PCD) |
|   v. | : | |
| | : | |
| UNITED STATES OF AMERICA AND<br>CONNECTICUT LIGHT AND POWER<br>COMPANY<br>        Defendants. | : : : : | |

## <u>ORDER ON MOTION TO AMEND SCHEDULING ORDER</u>

    The Schaghticoke Tribal Nation (STN) seeks to amend the Scheduling Order in order to

require technical assistance and the submission of evidence concerning the analysis of marriage

rates.  The basis for this request is that after the final determination to recognize the STN was

made, some of the parties filed requests for reconsideration before the Interior Board of Indian

Appeals ("IBIA"), raising, at least in part, the calculation of marriage rates used to meet the

1

community and political authority criteria during certain specified periods of time.   On

December 2, 2004, after the Office of Federal Acknowledgment ("OFA") had filed the

administrative record and provided technical assistance to the IBIA and the STN had responded

to the requests for reconsideration, the OFA filed a written Supplemental Transmittal calling into

question that analysis and the manner in which marriage rates were calculated.  The IBIA did not

request additional briefing on the issue nor additional assistance from the OFA.

On May 12, 2005, the IBIA vacated the determination on the STN and remanded to the

Assistant Secretary for further work and reconsideration, directing the Assistant Secretary to deal

with the matter on reconsideration.  The parties were then informed by the Assistant Secretary

that no unsolicited briefs, arguments, or evidence would be accepted.  The STN has requested,

but been denied, technical assistance on the issues raised in the Supplemental Transmittal and

now asks for the Court's intervention to amend the Scheduling Order and mandate technical

assistance meetings, set a schedule for the STN to submit comments, information, documents,

analysis, or argument regarding the matters raised in the technical assistance meetings, for the

other parties to respond to such a submission, and the STN allowed to reply to any such

responses.

Generally under the Administrative Procedure Act ("APA"), a reviewing Court only has

jurisdiction to review agency action pursuant to a statutory provision or once the agency's action

is finalized.  See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency

action for which there is no other adequate remedy in a court are subject to judicial review").

This provision applies universally except insofar as "(1) statutes preclude judicial review; or (2)

agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).  There is no dispute

that the agency action here is not final.  See Bennett v. Spear, 520 U.S. 154, 157, 117 S. Ct.

1154, 137 L. Ed. 2d 281 (1997) (to be final agency action must be the "consummation of the

agency's decisionmaking process" and "be one by which rights or obligations have been

determined") (citation omitted).  However, 5 U.S.C. § 706(1) also provides that a reviewing

Court may "compel agency action unlawfully withheld or unreasonably delayed."  Indeed, the

unreasonable delay provision was the basis for this Court's jurisdiction to enter the Scheduling

Order in the first place.  The Court therefore retains jurisdiction to modify the Scheduling Order

to compel agency action unlawfully withheld or unreasonably delayed.[1]

This is not a jurisdictional blank check, however, and "the only agency action that can be

compelled under the APA is action legally *required*."  Norton v. S. Utah Wilderness Alliance,

542 U.S. 55, 124 S. Ct. 2373; 159 L. Ed. 2d 137 (2004) (emphasis in original).  Discretionary

acts may not be compelled.  Id.  The STN argues that the Court should compel Interior

Department to adhere to its own regulations and guidelines and that failure to award the relief it

seeks would amount to a lack of "meaningful participation" and a due process violation.  STN

Mem. Supp. at 14-22.

With respect to the first argument and the OFA's Supplemental Transmittal, which the

STN suggests is contrary to Agency guidelines, STN Mem. Supp. at 17, the issue is not ripe for

determination.  The Agency action, namely reconsideration after IBIA review, has not yet taken

place.  Thus, even if the STN is correct that the Supplemental Transmittal is in violation of

---

[1] The STN's argument that the finality rule should not be employed inflexibly relies on cases standing for this proposition.  See Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 75 n. 27 (D.C. Cir. 1984) ("the finality requirement does not preclude us from reviewing claims of unreasonable agency delay"); Public Citizen Health Research Group v. Commissioner, Food & Drug Admin., 740 F.2d 21, 35 (D.C. Cir. 1984) (remanding for district court review of possible unreasonable agency delay).

Agency guidelines and action consistent with the guidelines is required by law, a issue on which this Court takes no position, it would be meaningless to compel the Agency to adhere to them as the Agency has not yet completed the reconsideration process by issuing a decision and thus has not yet violated the guidelines. At this point, the ultimate effect of the Supplemental Transmittal is unknown.[2] The same holds true for the due process argument. It remains unclear at this point what the ultimate outcome of the procedure will be and to speculate at this point what process is due or whether there is even a colorable argument that there has been a violation without a final agency action would be a waste of resources.

As to whether the Agency is required to provide technical assistance at this stage or allow the STN to respond with evidence or explanation to the Supplemental Transmittal, STN provides no support for the contention that this is legally mandated. The only regulation cited in support of the argument for the opportunity to respond with evidence is 25 C.F.R § 83.11(d) which allows for the IBIA authority to review requests for reconsideration on the basis that "there is new evidence that could affect the determination." STN Mem. Supp. at 16 (citing 25 C.F.R. § 83.11(d)). Such is not, however, the procedural posture at this point as the IBIA has already considered the motions for reconsideration and remanded to the Assistant Secretary for further consideration. Furthermore, the STN is not requesting reconsideration and makes no argument regarding what their new evidence is or how it might alter the outcome.[3] Accordingly, the STN has failed to point to a legally required action which the Agency has neglected to take and the

---

[2] Moreover, one assumes the Agency intends to act in a lawful manner and to issue such an order at this time would be purely advisory.

[3] Of course, the STN's point is at least in part that they do not know how to respond at this point and are requesting technical assistance on exactly what standard is going to be employed. Nevertheless, there is no clear obligation that the Agency has which the Court could compel.

Court has no jurisdiction to compel any Agency action.  See Norton, 542 U.S. 55.  Indeed, as the parties point out, the STN has had numerous opportunities to address the issues herein.

Nevertheless, none of the parties can point to a provision, regulation or otherwise, prohibiting the Agency action requested.  The only arguments made are that there is no provision specifically requiring the action.  See STN Mem. Supp. at 12 (regulations are silent on the petitioner's ability to obtain technical assistance during this phase); U.S. Resp. at 6 (regulations do not provide for (or preclude) technical assistance at the reconsideration stage); State Mem. Opp. at 14 (no provision for technical assistance or further assistance, but no citation to a regulation prohibiting it).  Thus, having already entered the Scheduling Order to prevent unreasonable delay, the Court can modify the deadlines set therein to allow for the action requested, to the extent that there is any conflict with existing deadlines, but there is no basis to compel it.  While opposing the STN's Motion, the United States has proposed a compromise solution that would allow for some of the STN's requests to be met and would minimize the overall delay caused as a consequence.  The delay proposed would not be unreasonable, causing only a minimal 30 day delay in issuing a decision on reconsideration.  Moreover, such assistance at this point would have the potential benefit of clarifying the issues at stake both at the administrative level and during any future judicial review before this Court, or any other, and perhaps ultimately shortening the time required to completely resolve this matter.  The United States' proposal is therefore deemed appropriate and ultimately in the interest of judicial efficiency.

Thus, STN's Motion to Amend [Doc. No. 250, 174, 87] is **granted** in part in the very limited sense that the Court will modify the Scheduling Order, if necessary, to allow for the

additional procedures to take place.  The Court **denies** the Motion to the extent that it is seeking a mandate that this process take place as, based on the record before the Court, no legally required action has been identified and there is no ground to compel Agency action.  Nevertheless, the Court approves of the United States proposal as set forth in the following terms:

- The OFA shall provide a technical assistance letter to the parties on or before July 14, 1005.

- On or before July 25, 2005, the parties may submit to the OFA historical documents or historical evidence concerning marriages of Schaghticoke members as well as any specific documents requested in the technical assistance letter. Copies must be submitted to all the partes at the same time.

- Parties may submit briefs on or before August 12, 2005, not to exceed 25 pages providing argument and analysis.  No new evidence may be submitted with the briefs.

- The Assistant Secretary shall extend the time frame for issuing the reconsidered decision on or before October 12, 2005.

SO ORDERED.

Dated at New Haven, Connecticut, July  23 , 2005.

_____/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court