THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
UNITED STATES OF AMERICA         :
                                 :
        PLAINTIFF,                :
                                 :
v.                               :    CIVIL NO. 2:85-cv-1078(PCD)
                                 :
43.37 ACRES OF LAND, MORE OR     :
LESS, SITUATED IN THE COUNTY OF  :
LITCHFIELD,TOWN OF KENT, ET AL., :
                                 :
        DEFENDANTS,               :    DECEMBER 27, 2005
```

**MOTION FOR EXPEDITED RULING ON
REQUEST TO WITHDRAW APPEARANCE
AND MEMORANDUM IN SUPPORT**


The undersigned counsel requests permission to withdraw his appearance in these matters and states as follows:

1. The undersigned counsel was initially retained on August 19, 1999, by written retainer agreement to represent the Schaghticoke Indian Tribe (SIT) in all tribal matters.

2. Due to the failure of the client to pay attorney's fees as agreed to, the undersigned counsel has accrued a large amount of debt.

3. By May of 2002, the client had a substantial arrearage due on the attorney fees, and after much discussion a revised retainer agreement was prepared and signed by all council members of the governing body of the Tribe, which committed to a minimum monthly payment on the attorney fees.

4. Since May of 2002, the undersigned counsel has expended a great deal of time and expense on aggressively advocating on behalf of the client in these complex matters, including extensive representation in the related matters before the Department of Interior.

5. The undersigned counsel has provided representation to the client in the participation of administrative proceedings on the Schaghticoke Tribal Nation (STN) petition for federal acknowledgment (petition # 79), as well as in the preparation and filing of the SIT petition (petition # 239) for federal acknowledgment currently still pending before the Department of Interior.

6. Despite the revised retainer and commitment to a minimum monthly payment, the client continued to make only promises to pay, and an occasional sparse, partial payment.

7. The client continued to fail to meet its part of the bargain, and by April of 2004, the client owed over $70,000.00 in attorney fees and costs to the undersigned counsel.

8. The undersigned counsel is a solo practitioner, and has incurred a great deal of financial expense in the representation of this client, can not afford to pay any staff, or adequately continue representation of the SIT in these matters.

9. In spite of many communications with the client, both written and telephonic, over many months, telling the client that without being paid, this counsel will have to withdraw his representation, the client has not paid the attorney fees.

10. Although recent statements have been made that there are funds to pay the attorney fees, the fees remain unpaid and counsel has inadequate resources to continue representation of this client.

11. The failure of the client to pay attorney fees and expenses has placed an unreasonable financial burden on the undersigned counsel, and any continued representation has been rendered unreasonably difficult.

12. The SIT currently has land claims before this court, brought pursuant to the "federal nonintercourse act" ( 25 U.S.C. §177), and has been an interested party in federal administrative proceedings involving an acknowledgment petition filed by the STN, which now has a January 12, 2006 deadline for filing any appeal in this court as a related case to these present matters.

13. The Reconsidered Final Determination on the STN petition referred to in the previous paragraph, may have a significant impact on both the land claims filed

by the SIT, in these proceedings before this court, as well as its petition for federal acknowledgment currently pending before the Department of Interior.

14. Continuing to represent the SIT in further stages of this litigation is next to impossible under the current circumstances, and would also be a severe economic burden in addition to the unreasonable financial debt already incurred by counsel in these matters.

15. To protect the SIT's interests in these matters, however, the current scheduling order entered on May 8, 2001, and subsequently modified, should be modified to allow the SIT an additional 90 days to secure replacement counsel and file any appropriate petition for review under the Administrative Procedures Act (APA) with this court, of the Reconsidered Final Determination of the STN petition for federal acknowledgment.

**WHEREFORE,** based on all of the above, the undersigned counsel requests this Honorable Court to make an expedited ruling on this motion to withdraw, in light of the current deadlines, and enter the following orders:

1. Grant the motion to withdraw the appearance of the Law Offices of Attorney Michael J. Burns from these matters.
2. Grant the SIT sufficient time to secure replacement counsel, and;
3. Grant the SIT an additional 90 days to file any APA appeal of the STN Reconsidered Final Determination, in order to protect its interests.

RESPECTFULLY SUBMITTED,

_____
Michael J. Burns (CT 22230)
Law Offices of
Attorney Michael J. Burns
57 Pratt Street, Suite 604
Hartford, CT 06103
Tel. (860) 246-6400