THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
UNITED STATES OF AMERICA        :
                                :
        PLAINTIFF,               :
                                :
v.                              :      CIVIL NO. 2:85-cv-1078(PCD)
                                :
43.37 ACRES OF LAND, MORE OR    :
LESS, SITUATED IN THE COUNTY OF :
LITCHFIELD,TOWN OF KENT, ET AL.,:
                                :
        DEFENDANTS,              :     DECEMBER 27, 2005
```

## MEMORANDUM IN SUPPORT OF
## MOTION TO WITHDRAW APPEARANCE

In cases where a party has not engaged other counsel or filed a pro se appearance, a motion to withdraw may be granted by the court where good cause exists for permitting the withdrawal by the appearing counsel (Connecticut District Court local rule 7(e)).  The client in this situation has failed to pay well over $70,000.00 in attorney fees to a solo practitioner.    Rule 1.16(b)(4) of the Rules of Professional Conduct provides that an attorney may withdraw where:  "*The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled*."  The SIT has been informed on many occasions that unless the fees were paid, counsel would be forced to withdraw (See par.9. of the motion to withdraw).  Reasonable warning has been provided many times, over many months.

A client's failure to pay counsel fees is sometimes considered to be an insufficient basis to grant a motion to withdraw.  However, in circumstances like these, where a solo practitioner cannot financially survive in such protracted litigation, and continue to provide aggressive or even adequate representation, a motion to withdraw is warranted (See, <u>Federal Home Loan Mortgage Corporation v. 41-50 78th St. Corp, et al.</u>, (1997 WL 177862 E.D. N.Y.)).

Continuing the representation of this client has resulted in, and will continue to cause an unreasonable financial burden on the lawyer. The client has rendered the representation in these cases, unreasonably difficult.  In addition to Rule 1.16(b)(4) of the Rules of Professional Conduct, referred to above, Rule 1.16(b)(5) provides that an attorney may withdraw where:   *"The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."*  The unreasonable financial burden has certainly been demonstrated in this situation, and, representation has been rendered unreasonably difficult by the client, as well.

There is no final hearing currently scheduled in these matters, and the client's interests in this matter can be protected by the court, by modifying the current scheduling to give the SIT an additional 90 days to secure replacement counsel and file any appropriate petition for review under the Administrative Procedures Act (APA) with

this court, of the Reconsidered Final Determination of the STN petition for federal acknowledgment.  In the scheme of things, the additional 90 days will not disrupt the prosecution of these cases, and good cause to allow counsel to withdraw representation is clearly demonstrated.

                                RESPECTFULLY SUBMITTED,

                                _____
                                Michael J. Burns (CT 22230)