UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 2:85-cv-1078 (PCD) |
| | ) | |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, et al., | ) | |
| | ) | |
| Defendants. | ) | DECEMBER 22, 2005 |

KENT SCHOOL'S OBJECTION TO
MOTION OF SCHAGHTICOKE TRIBAL NATION FOR
CLARIFICATION OF MAY 8, 2001 SCHEDULING ORDER
AND FOR EXPEDITED CONSIDERATION

The defendant, Kent School Corporation, ("Kent School") hereby objects to the Schaghticoke Tribal Nation's Motion for Clarification of May 8, 2001 Scheduling Order and Motion for Expedited Consideration dated December 12, 2005. Once again, See, Order re: Pending Motions, Civil No. H-85-1078 (PCD) (Sept. 30, 2005), the Schaghticoke Tribal Nation ("STN"), for reasons that are insufficient and plainly without merit, seeks a further delay of proceedings in this case, asserting that it us unable to follow the orderly procedures provided by the Administrative Procedures Act ("APA") in seeking review of the October 12, 2005 Decision of the Bureau of Indian Affairs ("BIA") denying STN's petition for federal acknowledgment, because the BIA will not release, prior to the filing of STN's petition for review, an updated copy of the FAIR (Federal Acknowledgement Information Resource System) database. STN's motion for clarification should be denied. Nothing in this court's May 8, 2001 Scheduling Order (the "Scheduling Order") nor accepted procedures regarding the judicial review of final agency action under the APA provides for, in effect, a release of the "record" pertaining to STN's appeal from the BIA's decision denying federal acknowledgment prior to the actual filing of the appeal.

41653771.1

I.       FACTUAL BACKGROUND

On May 8, 2001, the court entered the Scheduling Order, providing for the consideration by BIA of the STN's petition for federal acknowledgment and providing detailed procedures with respect to further administrative proceedings, culminating with the ability of a party to bring this matter back before this court following final agency action by the BIA.  It is beyond dispute that the terms of the Scheduling Order were intensively negotiated over a lengthy period of time.  The Scheduling Order provided for the BIA to create an electronic database of documents and information submitted by the parties in connection with the administrative proceedings relating to the STN's petition for federal acknowledgment.

Although the Scheduling Order provided for the release of the initial FAIR database on CD-ROM to the parties, and any updated database as of the issuance of the Proposed Finding and the Final Determination, nothing in the Scheduling Order provides for the release by BIA of yet another updated FAIR database <u>prior</u> to the appeal of a party from the final agency action of the BIA (Scheduling Order at subparagraph d) – h)).

Indeed, after the entry of the Scheduling Order, the parties engaged in further negotiations, which resulted in the filing of the Report and Joint Motion on Consent to Amend Scheduling Order in February, 2004.  The amendment to the Scheduling Order, which was reached by stipulation of the parties, dealt with further independent review and reconsideration before the Interior Board of Indian Appeals ("IBIA") pursuant to 25 C.F.R. § 83.11 and the procedures to be followed with respect to such independent review by the IBIA.  The stipulated amendment to the Scheduling Order provided that any additional review under the APA in this court would be filed only at the conclusion of the administrative proceedings when there is a final effective agency decision.  Tellingly, the stipulated amendment to the Scheduling Order did

not provide for the release of any updated FAIR database, either in connection with an IBIA appeal or in connection with final agency action by the BIA following an IBIA appeal.

II.     ARGUMENT

As set forth in STN's motion, the BIA has apparently refused STN's request for an updated copy of the FAIR database in advance of the filing of its petition for review in this court and has taken the position that STN is not entitled to an updated copy of the FAIR database until after STN files a petition for review of the Reconsidered Final Determination under the APA with this court. The BIA's position is fully supported by the terms of the Scheduling Order and amended scheduling order and with accepted practice regarding appeals under the APA.

First, as set forth above, nothing in the scheduling orders entered by this court requires that the BIA release an updated copy of the FAIR database prior to the filing by STN of its petition for review in this court. Given the history of contested and intensely negotiated proceedings by the parties with respect to the entry of scheduling orders by this court, it is clear that had any of the parties intended that STN should receive a copy of the updated FAIR database as a condition to the filing of a petition for review, such a provision would have been included in one of the scheduling orders. The scheduling orders do not so provide. Although, at various milestones with respect to the administrative proceedings, the release of an updated FAIR database was provided for, no provision in the Scheduling Orders supports STN's position that it is entitled to an updated copy of the FAIR database prior to the filing of its petition for review in this court.

Second, while an updated version of the FAIR databases has been released during the administrative proceedings, such has only occurred in a manner consistent with the acknowledgment regulations. The reason for doing so was to ensure that BIA had all of the evidence before it and provided all parties the opportunity to review existing documents in

developing their submissions. In fact, the regulations require that the petitioners receive the documents filed by other parties and that they have an opportunity to respond. 25 CFR 83.10(f)(2) (prior to proposed finding); 83.10(i) (proposed finding stage); and 83.11(b)(2) (at final determination stage when a request for reconsideration is filed with IBIA – applies to all parties). There is no regulation providing for such a record release after the revised final determination (final decision in the terminology of the Scheduling Order). Thus, the process described in the Scheduling Order basically tracks what the regulations provide for. STN is asking for something that goes beyond the regulations and that no other party on the losing side of a final determination has been able to obtain – an advance, pre-litigation copy of the record.

Third, accepted procedures under the APA do not provide for the administrative agency to submit the record on appeal prior to the time the petition for review of the administrative agency action is filed. This makes sense, as the issues delineated on a petition for review often focus the agency's action in preparing the record and may also help to narrow both the issues on appeal and the volume of the record to be filed in connection with the petition for review which, in this case is, to say the least, voluminous. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 419-420 (1971). Indeed, STN's motion cites no legal authority in support of its argument that BIA is required to release the updated FAIR database prior to the time STN files its petition for review, because none exists.

In light of the foregoing, STN's request that the time be extended for filing its petition for review until 90 days after it receives an updated FAIR database should be denied. Such an order is unwarranted and unnecessary. STN should be required to file its petition for review in a timely fashion, on or before January 12, 2006. Thereafter, within a reasonable time, the BIA should file the record on the STN's APA appeal. If STN, upon reviewing the record, believes

that issues in addition to those which it initially raises in its petition for review should be included, it may file a motion under Rule 15 of the Federal Rules of Civil Procedure to amend its petition for review.  Kent School takes no position on such a motion and must obviously reserve its position with respect to such a motion until it sees it.  The point, however, is that STN will not be prejudiced in proceeding as described above and in following the typical and accepted procedures that apply with respect to APA review.

WHEREFORE, Kent School respectfully requests that the court deny the Schaghticoke Tribal Nation's Motion for Clarification of May 8, 2001 Scheduling Order and Motion for Expedited Consideration.

                                                        Respectfully submitted,

                                                        DEFENDANT, KENT SCHOOL
                                                        CORPORATION, INC.

                                                     By____/s/ David J. Elliott____
                                                          David J. Elliott (ct04301)
                                                          Eric L. Sussman (ct19723)
                                                          DAY, BERRY & HOWARD LLP
                                                          CityPlace I
                                                          Hartford, CT 06103-3499
                                                          (860) 275-0100

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT Kent School SCHOOL CORPORATION, INC.'S MOTION FOR PROTECTIVE ORDER was mailed on this date, postage prepaid, to:

Eric W. Wiechmannn
David Reif
Robert J. Gallo
185 Asylum Street
Hartford, CT 06103

John B. Hughes Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box. 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street NW
Washington, D.C. 20037

Perry Zinn Rowthorn, Esq.
Assistant Attorney General
55 Elm Street
Hartford CT 06141-0120

Richard J. Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly * Spellacy
One State Street
Hartford, CT 06123

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C. Street, NW
Mailstop 6456
Washington, D.C. 20240

Francis J. Collins, Esq.
Tom Beecher, Esq.
Collins Hannafin Garamella, et al.
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT 06810-0440

Ryan E. Bull, Esq.
Baker Botts, LLP
The Warner Building
1299 Pennsylvania Ave. NW
Washington, DC 20004

    /s/ David J. Elliott        .
David J. Elliott (ct04301)