UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | :<br>:<br>: |
| -vs- | :    Civil No.  2:85cv1078 (PCD) |
| 43.47 ACRES OF LAND, et al.,<br>    Defendants. | :<br>:<br>: |

**RULING ON SCHAGHTICOKE TRIBAL NATION'S MOTION FOR CLARIFICATION OF MAY 8, 2001 SCHEDULING ORDER AND FOR EXPEDITED CONSIDERATION**

On May 8, 2001, this Court entered a Scheduling Order in these consolidated cases. This Scheduling Order was agreed to by all parties. Schaghticoke Tribal Nation's ("STN") Motion seeks clarification of STN's rights under the Scheduling Order to receive an updated copy of the FAIR (Federal Acknowledgment Information Resource System) Database maintained by the Bureau of Indian Affairs ("BIA") relating to its petition for federal acknowledgment. Specifically, STN seeks to receive an updated copy of the FAIR database prior to filing a petition for review of the Final Determination under the Administrative Procedure Act ("APA"). The government argues that "[i]t is not inconsistent to provide updated versions of the FAIR database during the various stages of administrative review but to wait for the filing of an APA action in District Court to create the final update to the FAIR database that is essentially the creation of the administrative record." U. S. Response at 3.

STN's Motion for Clarification of the May 8, 2001 Scheduling Order [Doc. No. 291]—which actually seeks modification of that Order—is **denied**. STN's Motion would unnecessarily delay the filing and processing of its APA appeal. Acquisition of an updated data base can be obtained, if merited, by several means. The BIA will update the FAIR database and

create the Administrative Record following STN's filing of the APA appeal. STN can seek to amend the grounds of its appeal, if necessary, after an appeal is filed. It would be premature to decide any such issues until they are properly raised and such relief is shown to be warranted by a proper motion and record. An order banning BIA from impairing the integrity of the data base is unnecessary as such would be improper and if done would be subject to sanctions after an appeal is filed.

    SO ORDERED.

    Dated at New Haven, Connecticut, January  10 , 2006.

    /s/
Peter C. Dorsey, U.S. District Judge
United States District Court